# EXHIBIT D

kennard
ATTORNEYS AT LAW

July 21, 2017

ALFONSO KENNARD, JR.
MANAGING SHAREHOLDER
DIRECT: 713.742.0906
ALFONSO.KENNARD@KENNARDLAW.COM

***Via Email to kim.askew@klgates.com***
***Via Certified Mail:7016 1370 0001 5555 5700***
Kim J. Askew
K&L Gates
1717 Main Street, Suite 2800
Dallas, TX 75201

Super Lawyers

BOARD CERTIFIED
Texas Board of Legal Specialization
LABOR AND EMPLOYMENT LAW

AV PREEMINENT
Martindale-Hubbell Lawyer Ratings

MILLION DOLLAR ADVOCATES FORUM

**Re: Amended Request for Retraction of Defamatory Statements Made About Cheryl Nelson Butler Before, During and After the Tenure Process at SMU**

Dear Ms. Askew:

Please accept this letter as a follow up to the letter sent on July 18, 2017 and response to our recent conversations regarding Mr. Butler's claims of defamation. We have come to conclusion that while Ms. Butler was indeed aware that defamatory statements were made about her character and personal health before, during and after the tenure process at SMU—there are claims of defamation that are not time-barred. Specifically, it was not until July 28, 2016, during her conversation with Professor Weaver that she learned, for the first time, that statements were made that she was "unfit to be an attorney", "unfit to be a professor", and "she is going crazy." As you know, these statements alone are per se defamatory. In addition, multiple statements regarding Ms. Butler's "truthfulness" that were re-published even after the tenure process—are not time-barred.

As you know, Texas recognizes defamation *per se*; or a statement that is defamatory "by itself." In Texas cases involving defamation per se, "our law presumes that statements that are defamatory per se injure the victim's reputation and entitle him to recover general damages, including damages for loss of reputation and mental anguish." *Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002). Categories of statements that the law considers defamatory per se include:

1. Statements that unambiguously charge a crime, dishonesty, fraud, rascality, or general depravity; or
2. Statements that are falsehoods that injure one in his office, business, profession, or occupation.

*Main v. Royall*, 348 S.W.3d 381, 390 (Tex. App.—Dallas 2011, no pet.).

The defamatory statements published by SMU, through its agents, charge Ms. Butler with dishonesty, fraud and general depravity. Additionally, the statements undoubtedly injured, and continue to injure, her profession and occupation.

Notably, the defamatory statements were known to be false or were made with reckless disregard as to whether they were true or false. These statements were communicated and published in an accusatory and defamatory context. Further, the statements made against Ms. Butler were made with ill will, actual malice and reckless disregard for their truth or falsity, and without legal excuse or privilege The allegations about Ms. Butler certainly tend to injury her reputation, profession and occupation, and have exposed her to financial injury and tended to impeach her honesty, integrity, virtue, and reputation, amounting to defamation per se.

Moreover, SMU, through its agents have committed fraud and have intentionally concealed defamatory statements, including those defamatory statements made in Ms. Butler's Tenure Letter. Such fraud is also actionable under state law. Upon information and belief, Ms. Butler has additional claims of defamation that have not been uncovered because of the actions of SMU and its agents.

It is Ms. Butler's intentions, if we are not able to reach an amicable solution to file suit in state court alleging defamation, defamation per se, negligence, breach of contract, negligent retention, fraud, fraudulent concealment as well as discrimination and retaliation under Section 1981. If we do not settle, we will amen our Complaint to add claims under Title VII, the ADA, FMLA, Title IX and VI. We will also file complaints with the American Bar Association (ABA), American Association of Law Schools (AALS), American Association of University Professors (AAUP) and any other interested licensing or governing agency.

Thus, this letter serves as a formal request for retraction of the false misrepresentations and statements made about Ms. Butler before, during and after the tenure process. Further, this letter constitutes Ms. Butler's compliance with Section 73.055 of the Texas Civil Practice and Remedies Code. Fraudulent concealment tolls the statute of limitations. We also look forward to hearing from you in response to Ms. Butler's settlement demand.

Very truly yours,

kennard richard P.C.

Alfonso Kennard, Jr.

cc: Client
Keenya R. Harrold, Senior Counsel [Firm]

**CERTIFICATE OF SERVICE**

The undersigned counsel of record certifies that on July 21, 2017, a true and correct copy of Butler's Request for Retraction was served on the following attorney of record by email and certified mail, as follows:

Kim J. Askew, Esq.
K&L GATES
1717 Main Street, Suite 2800
Dallas, TX 75201
Email: kim.askew@klgates.com

Alfonso Kennard, Jr