# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **CHERYL BUTLER** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JENNIFER P. COLLINS,** | § | |
| **STEVEN C. CURRALL, ROY R.** | § | **CIVIL ACTION NO. 3:18-CV-37-S** |
| **ANDERSON, ANTHONY** | § | |
| **COLANGELO, JULIE PATTERSON** | § | |
| **FORRESTER, ELIZABETH G.** | § | |
| **THORNBURG, SAMANTHA** | § | |
| **THOMAS, RHONDA ICE ADAMS,** | § | |
| **HAROLD STANLEY, PAUL J.** | § | |
| **WARD, AND SOUTHERN** | § | |
| **METHODIST UNIVERSITY** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS
## SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

## **TABLE OF CONTENTS**

I.   BACKGROUND ................................................................................................. 1

II.  LEGAL STANDARD FOR RULE 12(b)(6) DISMISSALS ................................... 2

III. ARGUMENTS AND AUTHORITIES ................................................................ 2

     A.   TCHRA Preempts Butler's Most Recently Amended Negligent
          Supervision Claim Against SMU. ............................................................... 2

     B.   TCHRA Preempts Butler's Defamation and Fraud Claims Against the
          Individual Defendants. ............................................................................... 3

     C.   Butler's Defamation Claims Are Barred by the Statute of Limitations
          and Because Butler Failed to Meet the Requirements of the Texas
          Defamation Mitigation Act. ....................................................................... 7

          1.   The One-Year Statute of Limitations Bars Butler's Defamation
               Claims. ............................................................................................... 7

          2.   Under No Legal Theory Can SMU's Privileged Statements in Its
               EEOC Position Statement Support a Defamation Claim. .................. 8

          3.   Alleged Republication to the Same Audience Does Not Extend the
               Statute of Limitations. ....................................................................... 9

          4.   Alleged Republication by a Nondefendant Does Not Extend the
               Statute of Limitations. ..................................................................... 10

          5.   The Defamation Mitigation Act Bars Butler's Claims Because She
               Failed to Timely Seek Retraction. .................................................... 10

     D.   Butler's Conspiracy to Defame Claim Is Properly Dismissed Because
          It is Derivative. .........................................................................................11

     E.   The Individual Defendants Are Not Proper Defendants Under 42
          U.S.C. § 1981 (Counts 10-12). ..................................................................12

     F.   The Individual Defendants are Not Butler's "Employer," so Butler's
          FMLA Claims Against Them (Counts 23-26) Are Properly Dismissed. .......13

     G.   After Two Amendments, Butler Still Fails to Plead Defamation. .................16

     H.   After Two Tries, Butler Fails to Plead Fraud Against Any Defendant. ..........18

IV.  CONCLUSION ................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ................................................................................. 2

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................... 3

*Berghorn v. Texas Workforce Comm'n*,
No. 3:17-CV-01345-L, 2017 WL 5479592 (N.D. Tex. Nov. 15, 2017) ........... 2

*Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*,
441 S.W.3d 345 (Tex. App.–Houston [1st Dist.] 2013, pet. denied).............17

*Burris v. Brazell*,
No. 306-CV-0814-K, 2008 WL 5220578
(N.D. Tex. Dec. 15, 2008), *aff'd*, 351 F. App'x 961 (5th Cir. 2009) ....................... 15, 16

*City of Waco v. Lopez*,
259 S.W.3d 147 (Tex. 2008) ......................................................................3, 4

*Davis v. Cmty. Educ. Centers, Inc.*,
No. W-12-CV-140, 2013 WL 12108601 (W.D. Tex. Jan. 17, 2013)............... 6

*Donovan v. Grim Hotel Co.*,
747 F.2d 966 (5th Cir.1984)..........................................................................15

*Exxon Mobil Corp. v. Rincones*,
520 S.W.3d 572 (Tex. 2017) ........................................................................17

*Falk v. Brennan*,
414 U.S. 190 (1973)......................................................................................16

*Gallegos v. Escalon*,
993 S.W.2d 422 (Tex. App. 1999)................................................................. 9

*Great Plains Trust Co. v. Morgan Stanley Dean Witter*,
313 F.3d 305 (5th Cir. 2002) ........................................................................ 2

*Harville v. Texas A & M Univ.*,
833 F. Supp. 2d 645 (S.D. Tex. 2011) ............................................... 14, 15, 16

*Hassell v. Axium Healthcare Pharmacy, Inc.*,
No. 4:13-cv-746-O, 2014 WL 1757207 (N.D. Tex. May 2, 2014) ................... 4

*Hillail v. Bushi Ban Int'l LLC*,
No. 01-15-00920-CV, 2016 WL 7368097 (Tex. App. Dec. 15, 2016) ...........................17

*Hoffmann–La Roche Inc. v. Zeltwanger*,
144 S.W.3d 438 (Tex. 2004) ...................................................................................... 3

*In re Kimball Hill Homes Tex., Inc.*,
969 S.W.2d 522 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding)................... 5

*In re Lipsky*,
460 S.W.3d 579 (Tex. 2015) ......................................................................................17

*James v. Brown*,
637 S.W.2d 914 (Tex.1982) ....................................................................................... 9

*Javery v. Lockheed Martin Corp.*,
No. CV 14-2644, 2018 WL 582329 (E.D. La. Jan. 29, 2018)........................................ 9

*Jenkins v. Guardian Indus. Corp.*,
16 S.W.3d 431 (Tex. App.—Waco 2000, pet. denied)................................................... 4

*Lubke v. City of Arlington*,
455 F.3d 489 (5th Cir. 2006) .....................................................................................16

*McLennan v. Oncor Elec. Delivery Co. LLC*,
No. 3:12-CV-00531-G BF, 2012 WL 3072340 (N.D. Tex. July 6, 2012),
report and recommendation adopted, No. 3:12-CV-0531-G BF, 2012 WL
3079063 (N.D. Tex. July 30, 2012) .............................................................................13

*McLennan v. Veitch*,
519 F. App'x 260 (5th Cir. 2013) ...............................................................................13

*Modica v. Taylor*,
465 F.3d 174 (5th Cir. 2006) ............................................................................... 14, 16

*Patton v. Adesa Texas, Inc.*,
985 F. Supp. 2d 818 (N.D. Tex. 2013) ........................................................................ 6

*Pruitt v. Intern Ass'n of Fire Fighters*,
366 S.W.3d 740 (Tex. App.—Texarkana 2012, no pet.)................................................. 4

*R2 Invs. LDC v. Phillips*,
401 F.3d 638 (5th Cir. 2005) ...................................................................................... 2

*Reagan v. Guardian Life Ins. Co.*,
140 Tex. 105, 166 S.W.2d 909 (1941).......................................................................... 9

*Reich v. Circle C. Invs., Inc.*,
    998 F.2d 324 (5th Cir. 1993) ...................................................................16

*Rose v. First Am. Title Ins. Co. of Texas*,
    907 S.W.2d 639 (Tex. App. 1995) .............................................................. 9

*Rudy v. Consolidated Rest. Co., Inc.*,
    No. 3:08–CV–0904–L, 2010 WL 3565418 (N.D. Tex. 2010).......................15

*Stone v. Lawyers Title Ins. Corp.*,
    554 S.W.2d 183 (Tex. 1977) ...................................................................19

*Tilton v. Marshall*,
    925 S.W.2d 672 (Tex. 1996) ...................................................................12

*Vendever LLC v. Intermatic Mfg. Ltd.*,
    No. 3:11-CV-201-B, 2011 WL 4346324 (N.D. Tex. Sept. 16, 2011)............12

*Waffle House, Inc. v. Williams*,
    313 S.W.3d 796 (Tex. 2010) ............................................................. 3, 4, 7

*Watson v. Graves*,
    909 F.2d 1549 (5th Cir.1990) ...................................................................14

*Winters v. Chubb & Sons, Inc.*,
    132 S.W.3d 568 (Tex. App.—Houston [14th Dist.] 2004, no pet.)................. 4

*Woods v. Communities in School Southeast Texas*,
    No. 09-14-00021-CV, 2015 WL 2414260 (Tex. App.—Beaumont May 21,
    2015, no pet.) .........................................................................................5, 6

*Young v. CompUSA*,
    No. 3:03-CV-0268-P, 2004 WL 992577 (N.D. Tex. Apr. 30, 2004) ............10

**Statutes**

20 U.S.C. § 1681 ........................................................................................ 2

29 U.S.C. § 2601 ........................................................................................ 2

29 U.S.C. § 2611(4)(A)(ii)(I) .................................................................. 14, 16

42 U.S.C. § 1981 ...............................................................................2, 13, 14, 21

42 U.S.C. § 2000e...................................................................................... 2

Tex. Civ. Prac. & Rem. Code § 16.002 ...................................................8, 11

Tex. Civ. Prac. & Rem. Code § 73.055 .......................................................................... 8, 11

Tex. Lab. Code § 21.001 et seq................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 2, 3, 20

Defendants Southern Methodist University ("SMU"), Roy Anderson, Jennifer M. Collins, Steven C. Currall, Julie Patterson Forrester, Harold Stanley, and Paul Ward (collectively "Defendants")[1] file this brief in support of their Motion to Dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure. Despite having amended her initial pleading twice, Butler fails to state claims upon which relief can be granted on the grounds discussed below, and the Court should grant Defendants' motion.

## I.   BACKGROUND

Plaintiff Cheryl Butler ("Butler") filed her Second Amended Complaint alleging thirty causes of action against SMU, various officers (Provost, Dean of the Law School, and General Counsel), law school faculty, and administrative staff arising out of her failure to achieve tenure in SMU's law school. Butler's Second Amended Complaint drops all claims against individual defendants Mary Spector, Linda Eads, C. Paul Rogers, Jessica Dixon Weaver, George A. Martinez, NDiva Kofele-Kale, John Lowe, and Gerald Turner. Butler also drops her negligent hiring, supervision, and retention ("Negligent Supervision") claim against individual defendants, but substitutes a Negligent Supervision claim solely against SMU, a claim that is also preempted.

Recognizing that her defamation and fraud claims against SMU are unequivocally preempted, Butler adds claims under Title VII, Title IX, the Texas Commission on Human Rights Act ("TCHRA"), and the Texas Labor Code. After seven months, Butler continues to maintain claims against several individual defendants (Roy P. Anderson, Anthony

---

[1] These five defendants are the only defendants served at this time and the only defendants joining SMU in filing this motion. Butler has dismissed the claims against Mary Spector—her name appears only in the opening paragraph and not in the caption, recitation of parties, or as defendants in connection with any specific count.

Colangelo, Elizabeth G. Thornburg, Samantha Thomas, and Rhonda Ice Adams) who have not been served.

Although Butler's Second Amended Complaint spans some 873 paragraphs over 136 pages, she fails to state the following claims for the reasons discussed below: defamation; conspiracy to defame; fraud; Negligent Supervision; and violations of 42 U.S.C. § 1981 and the FMLA by individual defendants.

## II.   LEGAL STANDARD FOR RULE 12(b)(6) DISMISSALS

Despite having fully briefed a previous motion to dismiss, Butler still fails to meet the legal standard to survive a Rule 12(b)(6). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face. *Id.* Claims meet the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.   ARGUMENTS AND AUTHORITIES

### A.   TCHRA Preempts Butler's Most Recently Amended Negligent Supervision Claim Against SMU.

Butler attempts to resurrect her Negligent Supervision claim by bringing it against SMU, dropping the individual defendants she had sued and substituting SMU. This claim is preempted by the TCHRA. The Texas Supreme Court has repeatedly held that when a common law claim is based on the same course of conduct giving rise to discrimination or retaliation claims actionable under the Texas Commission on Human Rights Act

("TCHRA"), the TCHRA bars such claims. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 802–09 (Tex. 2010); *City of Waco v. Lopez*, 259 S.W.3d 147 (Tex. 2008); *Hoffmann–La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 441 (Tex. 2004). In *Waffle House*, the seminal case on preemption of common law claims, the Texas Supreme Court held that a plaintiff could not maintain a Negligent Supervision claim based on the same facts that supported her sexual harassment claim under the TCHRA. *Waffle House*, 313 S.W.3d at 811-812.

Barring common law claims prevents plaintiffs from avoiding the carefully crafted statutory administrative procedures and remedies contained in the TCHRA (including the requirement to first file a charge with the Texas Workforce Commission), the applicable damage caps, and affirmative defenses of investigation and remedial action available to employers. *Id.* at 807–08. In evaluating preemption, courts do not require perfect correlation of facts, but rather find that the TCHRA operates to bar common law claims when the common law causes of action are "inextricably intertwined" with the facts giving rise to violations of the TCHRA. *Pruitt v. Intern Ass'n of Fire Fighters*, 366 S.W.3d 740, 749–50 (Tex. App.—Texarkana 2012, no pet.). Like the Negligent Supervision claim brought by the plaintiff in *Waffle House*, Butler's Negligent Supervision claim is preempted and should be dismissed.

### B.   TCHRA Preempts Butler's Defamation and Fraud Claims Against the Individual Defendants.

Butler continues to maintain defamation and fraud claims against individual defendants, although she has dropped these claims against SMU. Texas law does not allow a duplicative common-law recovery that "would undermine the limitations placed on the legislative remedy directed at the same conduct. *Waffle House*, 313 S.W.3d at 808. Courts look to whether the gravamen of a common law cause of action is discrimination or

---

retaliation. *Waffle House*, 313 S.W.3d at 802; *see also Hassell v. Axium Healthcare Pharmacy, Inc.*, No. 4:13-cv-746-O, 2014 WL 1757207 at *7 (N.D. Tex. May 2, 2014) (O'Connor, J.)[2] (plaintiff's defamation claim was preempted by the TCHRA because that claim and her and sexual harassment claims stemmed "from the same boorish and objectionable conduct.").

Texas law is clear that TCHRA is the "specific and tailored remedy" for employees to bring discrimination and retaliation claims arising out of their employment. *City of Waco v. Lopez*, 259 S.W.3d 147, 156 (Tex. 2008). It is also well-settled that an individual cannot be held personally liable under the TCHRA. *Winters v. Chubb & Sons, Inc.*, 132 S.W.3d 568, 508 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (an individual cannot be held liable under the TCHRA); *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App.—Waco 2000, pet. denied) (supervisors and managers cannot be held liable in their individual capacities for alleged acts of discrimination under the TCHRA). Moreover, the nature of a claim dictates a cause of action rather than artful pleading. *Woods v. Communities in School Southeast Texas*, No. 09-14-00021-CV, 2015 WL 2414260, at *10 (Tex. App.—Beaumont May 21, 2015, no pet.)[3] ("[a] plaintiff may not recast her claim in the language of another cause of action to avoid limitations or compliance with mandatory statutes or to circumvent existing case law contrary to the plaintiff's position"); *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 526 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) (the nature of a claim controls the claim and artful pleading cannot be used to recast a claim in order to avoid the adverse effect of a statute). Accordingly, Butler cannot recast her discrimination and retaliation claims to avoid the application of case law detrimental to her position, *i.e.*, recast discrimination claims as common law claims in order to avoid the application of case law

---

[2] Ex. A-2.

[3] *See* Exhibit A.

stating that individual co-workers cannot be held liable in their individual capacities for alleged acts of discrimination and retaliation.

The Texas Supreme Court, in cases such as *Waffle House*, *City of Waco*, and *Hoffman-LaRoche*, specifically protected the carefully crafted statutory structure underlying the TCHRA by prohibiting employees from sidestepping the requirements using common law claims against their employers. The same reasoning applies to attempts to sidestep the TCHRA by lodging common law claims against individual co-workers for conduct made actionable by the TCHRA against employers. Butler has never alleged that any of the individual defendants took actions outside the scope of their employment duties in connection with their alleged fraud or negligent hiring, supervision, or retention. To the contrary, each of her allegations of defamatory or fraudulent conduct is framed in terms of discrimination and retaliation in the tenure and promotion process. *See, e.g.*, 2d Am. Compl. ¶¶ 631, 638, 645 (alleging defendants defamed Butler because they sought to retaliate against her).

Rather, Butler's Second Amended Complaint continues to maintain that all of the actions underlying her claims against the individual defendants were conducted in connection with the tenure and promotion decision-making process at SMU by individuals participating in that process. Her fraud allegations and her Negligent Supervision allegations are all based on SMU's tenure and promotion process. They amount to transparent attempts to recast her discrimination and retaliation claims to avoid the TCHRA's requirements and limitations. Therefore, Butler's claims against the individual defendants are also preempted by the TCHRA. *Woods*, 2015 WL 2414260, at *10 (dismissing plaintiffs' fraud and breach of contract claims against plaintiff's supervisor in her individual capacity and stating, "[t]he

purposes and policies embodied in the TCHRA would be thwarted if [plaintiffs] could simply reframe their disputes as a fraud or breach of contract claim [against an individual] to sidestep the requirements of the TCHRA"); *see also Davis v. Cmty. Educ. Centers, Inc.,* No. W-12-CV-140, 2013 WL 12108601, at *2 (W.D. Tex. Jan. 17, 2013) (granting summary judgment on claims of negligence and intentional affliction of emotional distress against company and individual defendant because the claims were preempted by TCHRA).[4]

The gravamen of all Butler's claims in the Second Amended Complaint is discrimination and retaliation in connection with the tenure and promotion process. Her negligent retention, hiring and supervision claim is "entwined and inseparable" with the claims of discrimination and retaliation which are clearly covered by TCHRA. All of Butler's claims arise from related allegations that members of SMU's administration and law school faculty retaliated against her by defaming her in the tenure process because she had previously complained of discrimination and, as such, SMU did not want to grant her tenure and promote her. Count 8 explicitly states that Butler gave notice to SMU that the employees she alleges were negligently retained, hired, and supervised had engaged in **discrimination** and **retaliation**. *See, e.g.,* 2d Am. Compl. ¶¶ 691, 694, 695, 697.

The Second Amended Complaint repeatedly connects Butler's fraud allegations to discrimination and retaliation. *See, e.g.,* 2d Am. Compl. ¶¶ 664-666, 670, 672-675. The fraud claim centers on failure to provide Butler a copy of the tenure report and alleged misstatements about the contents of the report. *See* 2d Am. Compl. ¶¶ 663-680. The Second Amended Complaint explicitly alleges that withholding the "tenure report [was] part of a

---

[4] The court in *Patton v. Adesa Texas, Inc.*, 985 F. Supp. 2d 818, 822 (N.D. Tex. 2013) held that tort claims against individuals were not barred in the context of a motion to remand. Even if this court agrees with the reasoning of *Patton*, Butler's defamation and fraud claims against the individual defendants still fail for the other reasons identified in Defendants' Motion.

scheme to deny tenure in **retaliation** for complaints about **discrimination.**" 2d Am. Compl. ¶ 678.

Butler's fraud and Negligent Supervision claims are based on the same conduct as her discrimination and retaliation claims. These are the exact types of claims held to be specifically barred by the TCHRA because the conduct supporting such claims would support claims under the TCHRA. Discrimination and retaliation are also "gravamen" of the fraud defamation claim. *Waffle House*, 313 S.W.3d at 802. Accordingly, the fraud claim (count 7) and the Negligent Supervision claim (count 8) should be dismissed.

    **C.**    **Butler's Defamation Claims Are Barred by the Statute of Limitations and Because Butler Failed to Meet the Requirements of the Texas Defamation Mitigation Act.**

Even if the defamation claims are not preempted, they are barred by limitations and Butler's failure to seek a timely retraction of the defamatory statements under the Texas Defamation Mitigation Act. Tex. Civ. Prac. & Rem. Code § 73.055(b).

    **1.**    **The One-Year Statute of Limitations Bars Butler's Defamation Claims.**

Defamation actions are covered by the one-year statute of limitations under Texas law. Tex. Civ. Prac. & Rem. Code § 16.002. Butler's libel and slander claims are simply time-barred. Based on Butler's own pleadings, she knew of the alleged defamatory statements by January 2016, within days of the tenure meeting in which the faculty voted to recommend her tenure denial. *See* 2d Am. Compl. ¶¶ 462-463. Butler claims the defamatory statements were allegedly contained in a written tenure report and that faculty members had told her of statements she believed to be defamatory in January 2016. 2d Am. Compl. ¶ 457. Butler alleges that Professor Weaver told her the tenure report accused her of dishonesty. 2d Am. Compl. ¶ 463. In January 2016, SMU faculty allegedly told her of the

"exact words used to defame her. 2d Am. Compl. ¶ 462.   One faculty member said she was

called a "pathological liar. 2d Am. Compl. ¶ 460. Butler pleads that she surreptitiously taped

some of the calls and that these conversations began occurring in January 2016.

Thus, the Second Amended Complaint is replete with allegations showing that

Butler had knowledge of the statements forming the basis of her defamation claims as early

as January 2016. 2d Am. Compl. ¶¶ 457, 458, 462, 512. Despite having knowledge of

minute details of her defamation claim in January 2016, such as the even the "exact" words

allegedly used to defame her (2d Am. Compl. ¶ 462), Butler did not file suit until August 20,

2017, many months past the date her lawsuit could have been timely filed in January 2107.

All of the defamation claims in counts 1-6 are barred by the one-year statute of limitations.

### 2. Under No Legal Theory Can SMU's Privileged Statements in Its EEOC Position Statement Support a Defamation Claim.

"Communications in the due course of a judicial proceeding will not serve as the

basis of a civil action for libel or slander, regardless of the negligence or malice with which

they are made. This privilege extends to any statement made by the judges, jurors, counsel,

parties or witnesses, and attaches to all aspects of the proceedings, including statements

made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or

other papers in the case. **The rule that communications uttered or published in the course

of a judicial proceeding are absolutely privileged, applies to proceedings before executive

officers, and boards and commissions which exercise quasi-judicial powers.**" *Rose v. First

Am. Title Ins. Co. of Texas*, 907 S.W.2d 639, 641 (Tex. App. 1995) (emphasis added) (citing

*James v. Brown*, 637 S.W.2d 914, 916-17 (Tex.1982); *Reagan v. Guardian Life Ins. Co.*, 140

Tex. 105, 166 S.W.2d 909 (1941)); *see also Gallegos v. Escalon*, 993 S.W.2d 422, 425 (Tex.

App. 1999) ("Judicial immunity extends to statements made in quasi-judicial proceedings

before governmental executive officers, boards, and commissions which exercise quasi-judicial powers."). Accordingly, publication to the Equal Employment Opportunity Commission cannot support a defamation claim. *See Javery v. Lockheed Martin Corp.,* No. CV 14-2644, 2018 WL 582329, at *5 (E.D. La. Jan. 29, 2018) (granting summary judgment as to defamation claim based on position statement to EEOC). Furthermore, Butler does not allege that the position statement was published by any of the defendants against whom she continues to attempt to maintain defamation claims. Therefore, Butler's defamation claims enumerated as Counts 9-16 must be dismissed. *See* 2d Am. Compl. ¶¶ 564-606 and Ex. E (setting out "counts" of defamation based on statements in EEOC position statement).

### 3. Alleged Republication to the Same Audience Does Not Extend the Statute of Limitations.

Butler repeatedly references re-publication of allegedly defamatory statements, but none of these allegations suggest that the audience of the alleged republication was any different from the original audience. To the contrary, all of her allegations about defamation center on the tenure process, and all were allegedly published either in the tenure report itself or in the context of discussing tenure or promotion within the tenure committee or faculty meetings. *See, e.g.,* 2d Am. Compl. ¶ 460 (alleging professors attending faculty meeting recommended denying tenure because Butler lied in her discrimination complaint); ¶¶ 463-464 (alleging the tenure report contained defamatory statements). In order for republication to extend the statute of limitations for defamation claims, it must be published to a new audience. *Young v. CompUSA*, No. 3:03-CV-0268-P, 2004 WL 992577, at *5 (N.D. Tex. Apr. 30, 2004) (granting summary judgment on time-barred defamation claim). *See* 2d Am. Compl., Ex. E, p. 19 of 39. Butler attempts to salvage her defamation claim by alleging two instances of republication: First, she alleges that the tenure report was published to the

entire faculty in January 2016, which she learned about in a conversation with Weaver in July 2016. Butler does not allege who allegedly republished the report to the faculty. She notes alleges that Colangelo and Anderson signed the report, but to the extent she is relying on republication, the proper defendant would not be the original authors but whoever allegedly republished the statement. Butler already knew the allegedly defamatory contents of the tenure report and that the faculty had voted to deny her tenure. She has not properly pleaded republication.

### 4.   Alleged Republication by a Nondefendant Does Not Extend the Statute of Limitations.

Second, Butler alleges that Professor Weaver herself, who Butler dropped from her Second Amended Complaint as a defendant in this lawsuit, allegedly publishing a defamatory statements to Butler's own family. *See, e.g.*, Exhibit E to 2d Am. Compl., p. 19 of 39. Accordingly, these allegations of republication in Second Amended Complaint do not extend the statute of limitations.

### 5.   The Defamation Mitigation Act Bars Butler's Claims Because She Failed to Timely Seek Retraction.

Before a person can maintain an action for defamation under Texas law, the Texas Defamation Mitigation Act ("Mitigation Act") requires a timely and sufficient request for a correction, clarification, or retraction from the defendant during the period of limitation for the commencement of an action for defamation or the defendant made a correction, clarification, or retraction. Tex. Civ. Prac. & Rem. Code § 73.055(a) and (b). Because the statute of limitations for defamation claims is one year under Texas law (*Id.* at § 16.002), Butler would have had to send her retraction request by January 2017. Butler attaches to her

Amended Petition, the July 21, 2017, amended retraction request in which she references the date of her original retraction request of July 18, 2017.[5]

Thus, Butler's own pleading make clear that she failed to serve a timely retraction request under the Mitigation Act. The July 18, 2017, original retraction request and the July 21, 2017, amended retraction request were sent months past the date her defamation claim expired in January 2017.[6]  Additionally, they were addressed solely to SMU (Exhibit C to 2d Am. Compl.) and its outside counsel at the time (Exhibit D to 2d Am. Compl.). Butler does not allege when or if she ever provided any retraction letters to the individual defendants against whom she attempts to maintain her defamation claims. So, even if Butler could argue that her claim not barred by limitations, the defamation claims still fail because Butler failed to sent a timely retraction request as required by Texas law. Thus, counts 1-6 are properly dismissed for failure to meet the Mitigation Act.

### D. Butler's Conspiracy to Defame Claim Is Properly Dismissed Because It is Derivative.

Butler also sues for civil conspiracy to defame based on the underlying defamation claims in counts 1 through 5. Of course, civil conspiracy is a "'derivative tort' because 'a defendant's liability for conspiracy depends on participation in some underlying tort. *Vendever LLC v. Intermatic Mfg. Ltd.*, No. 3:11-CV-201-B, 2011 WL 4346324, at *7 (N.D. Tex. Sept. 16, 2011) (Boyle, J.)[7] (granting motion to dismiss defamation and civil

---

[5] *See* Exhibit A to the Amended Petition.

[6] Butler's retraction requests dated July 18, 2017 and July 21, 2017, were sent only to SMU and none of the other defendants she has sued in this lawsuit. She attaches as Exhibit B to the Amended Petition a copy of a letter that she purportedly sent to other defendants. This was not a proper retraction request to the individual defendants, but the date of October 18, 2017, alone shows that the so-called retraction request is long barred by the one year statute of limitations and also fails to meet the Texas Defamation Action. Thus, regardless of which Defendant the October 18, 2017 letter was sent to, it is untimely and the defamation claims are barred.

[7] Ex. A-3.

conspiracy claims) (*citing Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Dismissal of the defamation claims necessitates dismissal of the derivative claim for conspiracy to defame. The claim is preempted, but also subject to dismissal as derivative of the underlying defamation claims. Count 6 is properly dismissed.

E.   **The Individual Defendants Are Not Proper Defendants Under 42 U.S.C. § 1981 (Counts 10-12).**

Butler continues to assert claims under 42 U.S.C. § 1981 against individual defendants Collins, Currall, Anderson, Forrester, and Stanley (counts 10-12, but § 1981 creates individual liability only against employees with substantial control over a plaintiff with respect to employment decisions. *McLennan v. Oncor Elec. Delivery Co. LLC*, No. 3:12-CV-00531-G BF, 2012 WL 3072340, at *4 (N.D. Tex. July 6, 2012), report and recommendation adopted, No. 3:12-CV-0531-G BF, 2012 WL 3079063 (N.D. Tex. July 30, 2012) [8], aff'd sub nom. *McLennan v. Veitch*, 519 F. App'x 260 (5th Cir. 2013) (granting summary judgment on 1981 claims against both nonsupervisory and supervisory individual defendants). Section 1981 claims can be maintained only against defendants who exercised sufficient control over Butler's employment, sufficient to be considered "essentially the same" as her employer SMU. *Id.* In *McLennan*, the plaintiff established that both individual defendants were his superiors, one his supervisor and the other who had the authority to switch his supervisor to another person. *Id.* at *5. He did not allege either had the authority to fire him, give him raises, or affect his employment contract. *Id.*

Butler fails to state a claim under Section 1981. While the Amended Petition alleges that some of the individual defendants had limited or discrete roles to play in SMU's failure to give her tenure or promote her, she does not allege that any individual defendant could

---

[8] Ex. A-7.

have did or could have done so independently of her employer SMU (or of the other individual defendants in their respective limited roles). Although she alleges that Stanley and Currall have authority to grant or deny tenure in one paragraph (Am. Comp. ¶ 424), the entire complaint, including the very next paragraph, describes at length the tenure process and the numerous other employees involved in making the tenure decision. The tenure decision was made through a process at SMU; none of the individual defendants designed that process or had the authority to make those decisions. Accordingly, the Section 1981 claims against all individual defendants should be dismissed.

**F.    The Individual Defendants are Not Butler's "Employer," so Butler's FMLA Claims Against Them (Counts 23-26) Are Properly Dismissed.**

Counts 23-26 continue to maintain claims under the FMLA against not only SMU but also various combinations of individual defendants.[9]  None of the individual Defendants are employers under the FMLA.

The FMLA imposes liability upon employers, which it defines as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer. 29 U.S.C. § 2611(4)(A)(ii)(I). "This definition differs from a Title VII 'employer,' but it is substantially identical to an 'employer' under the Fair Labor Standards Act. *Harville v. Texas A & M Univ.*, 833 F. Supp. 2d 645, 654 (S.D. Tex. 2011) (granting summary judgment on plaintiff's FMLA claims against individual defendants who did not supervise the plaintiff's day-to-day activities or have authority to control the university's compliance with the FMLA) (*citing Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006)).

Assessing whether an individual is an employer under the FMLA, courts consider "whether the alleged employer (1) has the power to hire and fire the employees, (2)

---

[9] Defendant SMU reserves its arguments regarding the FMLA claims against it for later summary judgment or other appropriate disposition.

supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Harville v. Texas A & M Univ.*, 833 F. Supp. 2d 645, 654 (S.D. Tex. 2011) (*citing Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir.1990)). Courts also consider whether a purported employer "independently exercised control over the work situation," which requires "both a sufficient level of control and a nexus to the protected rights at issue as to each defendant. *Id.* (*citing Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir.1984)). Accordingly, the court must ultimately determine "whether the individual had 'supervisory authority over the complaining employee' and is 'responsible in whole or part for the alleged violation. *Id.* (*citing Rudy v. Consolidated Rest. Co., Inc.*, No. 3:08–CV–0904–L, 2010 WL 3565418, *6 (N.D. Tex. 2010)).[10]

Butler fails to plead any facts which show that the individual defendants sued had a sufficient level of control and a nexus to her protected rights. Several cases make this clear. In *Harville v. Texas A&M University*, 833 F. Supp.2d at 655, the plaintiff brought FMLA claims against the supervisor who requested her termination on the departments' behalf and the individual who determined her FMLA eligibility. *Id.* at 655. The court found that the sued defendants were not employers under the FMLA. They did not exercise independent control over whether the plaintiff could take leave, did not supervise her day-to-day activities, and did not have authority to control leave under the FMLA. Even though one supervisor had requested termination on the department's behalf, he did not have the authority to terminate the employee, acting alone or individually. The defendants did not

---

[10] Ex. A-8.

maintain employment records, did not control day to day work and did not have the power to act on behalf of the employer independently. *Id.*

Similarly, in *Burris v. Brazell*, the plaintiff claimed that individual defendants (an executive director, vice president of operations, and human resources director) knew of her request for leave and fired her because of it. No. 306-CV-0814-K, 2008 WL 5220578, at *1 (N.D. Tex. Dec. 15, 2008) (Kinkeade, J.), *aff'd*, 351 F. App'x 961 (5th Cir. 2009).[11] The court determined that the individual defendants were not employers under the FMLA where the plaintiff had alleged no facts that any individual defendant had actually made the decision to terminate her employment. *Burris*, 2008 WL 5220578 at *2.

Butler's Second Amended Complaint attempts to demonstrate indicators of sufficient control by the remaining individual defendants to be viewed as her employer, but the piecemeal nature of those allegations belie her unsupported conclusion. In fact, none of Butler's allegations indicate any individual defendant could grant Butler's tenure or promote her, terminate her employment, rehire her, or approve or deny FMLA leave on their own. These are officers and law faculty members sued—they are not individually making FMLA determinations. Only SMU, her employer, could engage in those acts and there were procedures for doing so. In fact, her Second Amended Complaint makes it clear that even those individual defendants she alleges played a role in SMU's FMLA process each had only parts of the overall process. Since the Amended Petition does not allege that individual defendants effectively dominated SMU's FMLA administration or otherwise act, or had the power to act independently, on behalf of SMU vis-à-vis Butler, it does not assert valid, plausible claims against them under the FMLA. *See Harville*, 833 F. Supp. 2d at 654 (*citing*

---

[11] Ex. A-9.

29 U.S.C. § 2611(4)(A)(ii)(I); *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006); *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993)); *see also Burris v. Brazell*, No. 3:06–CV–0814–K, 2008 WL 5220578, *2 (N.D. Tex. Dec. 15, 2008)[12] (*citing Lubke v. City of Arlington*, 455 F.3d 489, 494 (5th Cir. 2006)). Accordingly, these claims against all individual defendants should be dismissed.

### G.   After Two Amendments, Butler Still Fails to Plead Defamation.

Butler cannot maintain defamation claims against individual defendants based on generalized allegations. In order to maintain a defamation claim under Texas law, Butler must plead and prove, among other elements, that a "defendant published to a third party a false and defamatory statement concerning the plaintiff." *Hillail v. Bushi Ban Int'l LLC*, No. 01-15-00920-CV, 2016 WL 7368097, at *6 (Tex. App. Dec. 15, 2016) (reversing trial court's finding in favor of plaintiffs' defamation claims) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015), *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 358 (Tex. App.–Houston [1st Dist.] 2013, pet. denied)). Additionally, Butler must plead and prove that the allegedly defamatory statements were published to a third party. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017) (listing elements of defamation claims). Butler's Second Amended Complaint reduces her defamation claims to 16 counts enumerated in both the Second Amended Complaint itself and in Exhibit E to the Second Amended Complaint (her third attempt at seeking retraction as required by the Mitigation Act). *See* Am. Compl. Ex. C and D (retraction letters to SMU) and Am. Compl. E (retraction letter addressed to counsel for Defendants).

---

[12] Ex. A-9.

With regard to the other individual defendants, with few exceptions, Butler's Second Amended Complaint fails to identify the person who engaged in the alleged publication or the third party to whom the publication was allegedly made. For example, Butler alleges that Anderson published a statement that she "complained so much about discrimination that Dean Collins could no longer run the law school" but identifies no third party to whom the statement was published. *See* 2d Am. Compl. ¶ 484.[13] Similarly, Butler alleges that Forrester[14] claimed Butler's law review articles did not meet the standard for contract renewal because they were below SMU's minimum page requirement. *See* 2d Am. Compl. ¶ 228. Even if this statement could be otherwise considered defamatory, Butler identifies no third party to whom it was allegedly published. *See* 2d Am. Compl. ¶ 228. She alleges Thornburg "helped publish the defamatory rumor that [Butler] 'complained so much about discrimination' that she was unfit to be a law professor'" but does not allege to whom Thornburg helped publish this statement or what the help consisted of. *See* 2d Am. Compl. ¶ 426. Butler makes reference to Adams as an "original publisher" of the false statement that Butler "lied about FMLA" but does not identify to whom she allegedly published this statement.[15] *See* 2d Am. Compl. ¶¶ 499-500. Butler's Amended Complaint does not allege Currall, Colangelo, Thomas, Stanley, or Ward published any allegedly defamatory statements.

---

[13] The other allegedly defamatory statements Butler accuses Anderson of publishing were either in the tenure report or made in the tenure meeting, which occurred in January 2016. *See, e.g.*, 2d Am. Compl. ¶¶ 460, 464.

[14] Butler accuses Forrester of one other allegedly defamatory statement that she lied to students about something related to her work responsibilities. *See* 2d Am. Compl. ¶ 512. Butler knew of this alleged defamatory statement in January of 2016. *Id.*

[15] Butler also alleges that Spector "testified that Ms. Adams consulted with members of the tenure committee and told them that [Butler] 'lied' on her applications for FMLA." 2d Am. Compl. ¶ 660. Meetings consulting with members of the tenure committee were before the law faculty vote in January 2016 to deny Butler's application for tenure and promotion. *Id.* at ¶ 124.

With the exception of a few specific allegations regarding alleged statements by Collins, all of which fail to state a claim for the reasons set forth above, the remainder of Butler's defamation allegations consist of vague references to "Defendants" making statements as part of a discriminatory and retaliatory scheme. *See, e.g.*, 2d Am. Compl. ¶ 497 ("Count 2: Defendants accuse [Butler] of 'lying on her FMLA application' and or [*sic*] 'forging or conspiring to forge FMLA documents' or otherwise 'faking' the need for FMLA protection."). The Complaint does not identify which defendants allegedly made these statements or to whom they were published.

Accordingly, Butler's Amended Complaint fails to state a claim for defamation against any of the individual defendants, and all her defamation claims should be dismissed.

### H.    After Two Tries, Butler Fails to Plead Fraud Against Any Defendant.

Butler has attempted to improve her fraud claim by adding some additional facts, but even if the fraud claim was not preempted, the Second Amended Complaint fails to plead a cognizable fraud claim against any defendant. Under Texas law, the elements of actionable fraud are "(1) that a material representation was made; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; (6) that he thereby suffered injury. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex. 1977). Butler just fails to allege any facts that could support a fraud claim against any defendant.[16]

Butler maintains her allegation that she should have been told what was in the tenure report and provided a copy and that failure to do so somehow constitutes fraud. 2d Am.

---

[16] As noted above, the fraud claim is preempted, but Defendants raise this argument in the event the Court finds that the claim is not preempted.

Compl. ¶¶ 607-621. But, those are not fraud allegations under Texas law. Collins and Anderson allegedly "knew" the tenure report contained defamatory statements and did not tell her, but Butler alleges no basis for a duty on the part of Collins, Anderson, or any other faculty member to tell her anything. 2d Am. Compl. ¶¶ 676. The only defendants she even remotely mentions are Thornburg, Thomas, and Ward for not providing her a copy of her tenure report. That simply is not fraud. *See* 2d Am. Compl. ¶ 662-677.

Butler also attempts to prop up her fraud claim by maintaining that Thomas (and Hernandez, who is no longer a defendant) conducted fraudulent investigations, but represented to Butler that they had conducted fair and thorough investigations. She alleges she relied on these investigations in submitting her application for tenure; however, her complaint makes clear that she was preparing her application while Hernandez and Thomas conducted their investigation. Am. Comp. ¶ 42 (Butler prepared her application in October 2015); ¶ 255 (stating that Butler met with Hernandez and Thomas in September 2015); ¶ 283 (stating that Butler spoke with Hernandez regarding her allegations of ADA violations in December 2015); ¶ 450 (stating that Thomas purported to have evaluated Adams' actions[17] with respect to Butler's FMLA requests). Butler's Second Amended Complaint alleges no other reliance on alleged misrepresentations by Hernandez, Thomas, or Adams. To the contrary, Butler alleges that in one instance, she "warned Ms. Adams that she was committing fraud [in denying Butler had the right to take intermittent leave] and resolved to take the intermittent leave from work." 2d Am. Compl. ¶ 416. Lack of reliance is fatal to Butler's fraud claims which must be dismissed.

---

[17] Adams was processing Butler's FMLA requests in November 2015. *See* 2d Am. Compl. ¶¶ 291, 323.

Importantly, Butler does not even mention most of the defendants in the fraud allegations, including Currall, Colangelo, Forrester, Thornburg, Turner, or Ward. 2d Am. Compl. ¶¶ 662-686. So, even if the fraud claim is not preempted, it is properly dismissed as pleaded against the individual defendants.

## IV.   <u>CONCLUSION</u>

Accordingly, for the reasons set forth above and in Defendants' Motion to Dismiss Second Amended Complaint, Defendants respectfully request the Court dismiss Butler's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as follows: the defamation, fraud, respondeat superior, and negligent retention, hiring and supervision claims in their entirety, and the claims under 42 U.S.C. § 1981 and the FMLA against the individual defendants sued in those claims.

Dated: April 2, 2018                              Respectfully submitted,

                                                  /s/ Bridget A. Blinn-Spears
                                                  Kim J. Askew
                                                  State Bar No. 01391550
                                                  kim.askew@klgates.com
                                                  John M. Farrell
                                                  State Bar No. 24059735
                                                  john.farrell@klgates.com
                                                  Bridget Blinn-Spears
                                                  State Bar No. 24045510
                                                  bridget.blinn-spears@klgates.com

                                                  K&L GATES LLP
                                                  1717 Main Street, Suite 2800
                                                  Dallas, Texas 75201
                                                  Telephone: (214) 939-5500
                                                  Facsimile: (214) 939-5849

                                                  **ATTORNEYS FOR DEFENDANTS
                                                  SOUTHERN METHODIST
                                                  UNIVERSITY, ROY ANDERSON,
                                                  JENNIFER M. COLLINS, STEVEN C.
                                                  CURRALL, HAROLD STANLEY,
                                                  AND PAUL WARD**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that this document filed April 2, 2018, through the Electronic Case Files system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                  /s/ Bridget A. Blinn-Spears
                                                  Bridget A. Blinn-Spears