# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| JENNIFER P. COLLINS, | § | |
| STEVEN C. CURRALL, ROY R. | § | |
| ANDERSON, ANTHONY | § | CIVIL ACTION NO. 3:18-CV-37-S |
| COLANGELO, JULIE PATTERSON | § | |
| FORRESTER, ELIZABETH G. | § | |
| THORNBURG, SAMANTHA | § | |
| THOMAS, RHONDA ICE ADAMS, | § | |
| HAROLD STANLEY, PAUL J. | § | |
| WARD, AND SOUTHERN | § | |
| METHODIST UNIVERSITY | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
<u>SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)</u>**

Defendants[1] file this reply to Plaintiff's Response and Memorandum of Law in Opposition to Motion to Dismiss [Doc. 21] ("Response"). Because the Response is replete with missing arguments and incomplete, missing, and erroneous citations, Defendants' reply follows the organization of the arguments presented in their Brief. Despite twice amending her initial pleading and responding to two motions to dismiss, Butler still fails to state claims for defamation; conspiracy to defame; fraud; Negligent Supervision; and violations of 42 U.S.C. § 1981 and the Family Medical Leave Act ("FMLA") by the individual defendants and these claims should be dismissed.

## LEGAL STANDARD FOR RULE 12(b)(6) DISMISSALS

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Body by Cook, Inc., v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (affirming dismissal of plaintiff's second amended complaint and refusal to permit third amended pleading). Dismissal of the claims is required.

## ARGUMENTS AND AUTHORITIES

**A.   TCHRA preempts the Negligent Supervision Claim Against SMU.**

The Response entirely fails to address Defendants' position that the Texas Commission on Human Rights Act ("TCHRA") preempts the Negligent Supervision claim against SMU (Count 8). By failing to respond, Butler has abandoned this claim and dismissal is proper. *See, e.g.*, *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (failure to respond to argument in motion to dismiss constituted abandonment).

**B.   TCHRA Preempts Butler's Defamation and Fraud Claims Against the Individual Defendants.**

---

[1] Capitalized defined terms in this reply have the same meaning assigned in Defendants' Brief in Support of Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6 ("Brief") [Doc. 16].

Butler argues that TCHRA is not a bar to the defamation and fraud claims against her individual co-workers,[2] primarily in reliance on *Patton v. Adesa, Inc.*, 985 F. Supp. 2d 818, 820 (2013), in which the court considered tort claims against individual coworkers in the context of an employee's motion to remand (where the issue was fraudulent joinder of the individual defendants) and determined they were not preempted under *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 802, 808 (Tex. 2010). Defendants discussed this case of limited application in their Brief, noting that even if the Court agreed with this conclusion, the fraud and defamation claims against the individual defendants fail on the other grounds set forth in Defendants' Brief. What Butler ignores, and the Court must consider because it is determinative of the issue, is Texas law following *Waffle House*, which does not allow duplicative common-law recoveries that "would undermine the limitations placed on the legislative remedy directed at the same conduct." As an example, Butler makes no mention of *Hassell v. Axium Healthcare Pharmacy, Inc.*, in which the court held that the plaintiff's defamation claim was preempted by the TCHRA because that claim and her sexual harassment claims stemmed "from the same boorish and objectionable conduct." No. 4:13-cv-746-O, 2014 WL 1757207 at *7 (N.D. Tex. May 2, 2014) (citing *Waffle House*, 313 S.W.3d at 799)[3].

Butler cites three cases along with *Patton* in footnote 9 of her Response for the proposition that TCHRA does not bar tort claims against individual defendants even when they intersect with TCHRA or Title VII claims. None of these cases support her proposition. In *Azadpour v. Blue Sky Sports,* No. 3:17-CV-1335-N-BK, 2018 WL 501521, at *4 (N.D. Tex.

---

[2] Butler did not include claims for defamation and fraud against SMU in her Second Amended Complaint, but inexplicably continues to argue in her Response (p. 13-15) that the TCHRA does not preempt all tort claims against SMU. Her live complaint does not contain claims for defamation and fraud against SMU and the argument is irrelevant.

[3] Ex. A-4

Jan. 5, 2018),[4] *report and recommendation adopted sub nom,* the court granted defendants' motion to dismiss Title VII and defamation claims against individual defendants with leave to amend the defamation claim. Significantly, *Azadpour* did not involve TCHRA claims or preemption arguments and therefore is irrelevant to the preemption analysis.

In *Aguilar v. Asbury Automotive Group, Inc.*,[5] H-16-467, 2016 WL 3387176 (S.D. Tex. Jun. 20, 2016),[6] as in *Patton*, the context was a motion to remand examining fraudulent joinder of the individual defendants, and the court determined that a tortious interference claim against a former coworker was not preempted by the TCHRA. Finally, in *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 280 (Tex. 2017), the Texas Supreme court determined that the TCHRA did not preempt the plaintiff's tort claims because the gravamen of those claims was an unexpected assault, not harassment which is covered by TCHRA. Noting that the plaintiff did not allege that the restaurant was responsible for fostering or tolerating a hostile work environment that the TCHRA was intended to remedy, the Court permitted the assault claims to proceed against both the company and the individual defendant. *Id.* Of course, in this case, all of Butler's claims arise from the alleged discrimination and harassment she claims to have suffered during her employment at SMU.

Butler then argues that individuals can be sued for fraud even if they acted within the scope of their employment, citing two cases. Butler's cited cases in the fraud context have nothing to do with the preemption of tort claims under TCHRA. In the first, *Gore Scotland Golf, Inc.*, 136 S.W.3d 26 (Tex. App.—San Antonio 2003, pet. denied), there were no TCHRA or preemption arguments involved. Rather, that case examined piercing the

---

[4] Ex. A-12; the numbering for the Table of Attachments continues from Defendants Motion to Dismiss [Doc. 15]
[5] Defendants were unable to locate a case titled *Aguilar v. Ashbury Motive Group*, but did locate *Aguilar v. Asbury Automotive Group*, and assume this is the case Butler meant to cite.
[6] Ex.A-13

corporate veil. *Id.* at 32. Similarly, *Walker v. FDIC*, 970 F.2d 114, 116 (5th Cir. 1992), is even more irrelevant because it involved claims by customers against a bank for failure to provide a loan. *Walker* mentions neither pre-emption nor the TCHRA.

Most glaringly, the Response fails to discuss *Woods v. Communities in School Southeast Texas*, No. 09-14-00021-CV, 2015 WL 2414260 at *10 (Tex. App. Beaumont—May 21, 2015, no pet.),[7] which supports Defendants' position that the claims are preempted. The court in *Woods* affirmed dismissal of the fraud and breach of contract claims brought against the plaintiff's supervisor in her individual capacity as preempted by the TCHRA.

The Response cites several other cases, which do not raise or address any preemption arguments, for the proposition that *Waffle House* preempts negligence claims but not defamation claims. In *Moyer v. Jos. A. Bank Clothiers, Inc.*, No. 3:11-CV-3076-L, 2013 WL 4434901, at *14 (N.D. Tex. Aug. 19, 2013),[8] the court granted summary judgment on the defamation claim with no reference whatsoever to preemption. And, there were no individual defendants in *Moyer*.[9] In *Watkins v. Texas Dep't of Criminal Justice*, t. 269 F. App'x 457, 465 (5th Cir. 2008), the Fifth Circuit affirmed dismissal of a defamation claim with no reference whatsoever to a preemption argument. The court did address a preemption argument with respect to the plaintiff's intentional infliction of emotional distress claim, and found that claim was preempted by the TCHRA for the very reasons these tort claims are preempted. *Id.* (citing *Hoffmann–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447–48 (Tex.

---

[7] Ex. A-10
[8] Ex. A-14
[9] Several other cases cited on page 14 of the Response involved no individual defendants and do not discuss preemption arguments: *Kostic v. Texas A&M Commerce*, 3:10-cv-2263-M, 2015 WL 4775398 (N.D. Tex. Aug. 13, 2015) (Ex. A-15); *Garcia v. Randall's Food & Drugs LP*, No. 3:13-cv-2263-M, 2014 WL 2831841 (N.D. Tex. Jun. 30, 2014) (Ex. A-16); *Ehrhardt v. Electrical & Instrumental*, 220 F. Supp. 2d 649 (E.D. Tex. 2002); *Roark v. Kidder, Peabody & Co.*, 959 F. Supp. 379 (N.D. Tex. 1997); *Westfall v. GTE N. Inc.*, 956 F. Supp. 707 (N.D. Tex. 1996).

2004)).[10]

In this case, Butler alleges a discriminatory and retaliatory scheme that took place over her entire tenure at SMU and involved many members of the faculty, not a single unexpected incident of attempted rape. Every allegation Butler raises of defamatory or fraudulent conduct by the individual defendants takes place within the scope of their employment in terms of discrimination and retaliation in the tenure and promotion process. *See, e.g.*, 2d Am. Compl. ¶¶ 631, 638, 645 (alleging defendants defamed Butler because they sought to retaliate against her). Butler's fraud claim is based on the same conduct as her discrimination and retaliation claims. The Second Amended Complaint directly and repeatedly links Butler's fraud allegations to discrimination and retaliation, explicitly alleging that withholding the tenure report was retaliatory for discrimination complaints. *See, e.g.*, 2d Am. Compl. ¶¶ 664-666, 670, 672-675, 678. 2d Am. Compl. ¶ 678. The gravamen of all Butler's claims in the Second Amended Complaint is discrimination and retaliation in connection with the tenure and promotion process. Accordingly, like the tort claims in *Waffle House, Hassell,* and *Woods*, Butler's tort claims are all preempted by the TCHRA.[11]

    **C.**    **Butler's Defamation Claims Are Barred by the Statute of Limitations.**

---

[10] Defendants were unable to locate *Jackal v. Affirmative Serv., Inc.* The case number cited, 3:13-cv-3954, is *Farmer v. Molly NLN*, which appears to be a prisoner civil rights case. The Response also cites to *Scribner v. Waffle House, Inc.*, 993 F. Supp. 976 (N.D. Tex. 1998), which was vacated due to a stipulation by the parties in *Scribner v. Waffle House, Inc.*, 62 F. Supp. 2d 1186 (N.D. Tex. 1999) and also predates *Hoffman-LaRoche Inc. v. Zeltwanger* (Tex. 2004), which explicitly held that intentional infliction of emotional distress claims were to be brought only as "gap-filler" torts for conduct not covered by the TCHRA.

[11] Butler asserts in a conclusory fashion that she has properly pleaded the fraud and defamation claims by suggesting that Defendants have referenced "only the Live Complaint" in their Motion and ignores the references to the retraction letters which are exhibits.  Of course, the Second Amended Complaint restates the factual assertions of the retraction letters and the pleading defects are still present. The Response fails to identify facts showing the persons who allegedly published the statements or the third parties who received them. After two tries she still fails to properly plead fraud and fails to address Defendants' arguments regarding the glaring defects in her fraud claim. This is another basis for dismissing the defamation and fraud claims.

While Butler raises inapplicable theories of tolling, nothing saves her time-barred defamation clams. Butler claims she did not know the exact defamatory words and that the statute of limitations should not begin to run until she had received the tenure report containing the alleged defamatory statements, but Butler's own allegations in her Second Amended Complaint show that she had knowledge of the statements forming the basis of her defamation claims as early as **January 2016.** 2d Am. Compl. ¶¶ 457, 462, 512. She knew what was allegedly said and could not wait to request retraction or sue until she had received the tenure report (which SMU maintains contains no defamatory statements). Despite having knowledge of minute details of her defamation claim in January 2016, even the "**exact**" (Butler's words) words allegedly used to defame her (2d Am. Compl. ¶ 462), Butler did not file suit until August 20, 2017, many months past the proper retraction period and after the date her lawsuit could have been timely filed in January 2017.[12]

### D.   EEOC Position Statements Cannot Support a Defamation Claim.

Although Butler argues that her defamation claim is not based on SMU's EEOC position statement and so stated in her 2017 retraction Letter, the Second Amended Complaint on its face shows that the alleged "publication" of SMU's written position to the EEOC in response to a discrimination charge is the basis for her defamation claim. The Second Amended Complaint itself lists eight "Counts" of statements that allegedly

---

[12] For these reasons, the Court must also reject Butler's tolling arguments based on the Emergency Order of Statute of Limitations related to Hurricane Harvey which commenced on August 29, 2017, a date after Butler filed. That she would rely on an Emergency Order that did not come into being until after her lawsuit was filed is preposterous and shows the lengths Butler will go to resurrect her barred claims. Similarly, the tolling provision of Section 16.063 of the Civil Practices & Remedies Code is inapplicable because the Second Amended Complaint contains no allegations whatsoever indicating that any defendant was temporarily absent from the state of Texas at any time from January 2016 to August 2017.

constitute defamation. 2d Am. Compl. ¶¶ 564-606. Each of "Counts" 9-16[13] are quotations from SMU's EEOC position statement, which Butler argues are false and were made without supporting evidence. She begins these counts with the recitation "In the EEOC Position Statement," and then describes the defamatory "false statement." *Id.* at ¶¶ 564, 569, 575, 578, 585, 590, 593. Although the Response argues that the statements are not privileged if they were previously made in the workplace, the Second Amended Complaint does not allege any publication of Counts 9-16 apart from within the quasi-judicial EEOC proceeding. Therefore, Butler's defamation claims must be dismissed. *See* 2d Am. Compl. ¶¶ 564-606 and Ex. E.

### E. Republication to the Same Audience Does Not Toll Limitations.

Butler claims the defamatory statements were published at the January 2016 tenure meeting and then republished. For republication to extend the statute of limitations for defamation claims, a statement must be published to a new audience. *Young v. CompUSA*, No. 3:03-CV-0268-P, 2004 WL 992577, at *5 (N.D. Tex. Apr. 30, 2004) (granting summary judgment on time-barred defamation claim)[14]. Butler's Response failed to identify any allegations that the audience of the alleged "republication" was any different from the original audience. Remarkably, the Response indicates that Defendants' Brief ignores the attachments to the complaint, but in fact, the Brief directly addresses those attachments. *See* Brief, p. 9.

Butler argues that because publication can occur to other employees or managers in a

---

[13] This is where the Second Amended Complaint is again confusing, referring to the allegedly defamatory statements as "Counts." Those allegedly defamatory statements, "Counts" 9-16, are listed in the factual statement of the complaint at pages 89-98. These are not the counts which delineate Butler's causes of action. Those counts begin on page 98 at paragraph 622. The substantive defamation claims challenged in the pending motion to dismiss are Counts 1-6 at pages 98-102 of the live complaint. If the pending motion is granted, the Court would dismiss Counts 1-6.
[14] Ex. A-11

workplace, another publication to those same employees or managers constitutes republication. Neither case cited by Butler supports that contention. In *Smith v. Shred-It USA*, No. 3:10-CV-831-O-BK, 2010 WL 3733902, at *8 (N.D. Tex. Sept. 23, 2010)[15], the court examined whether alleged defamatory statements were made in the course and scope of employment. *Shred-It* does not analyze republication of the statements. Similarly, *Memorial Hermann Health System v. Khalil* did not involve "republication" allegations. No. 01-16-00512-CV, 2017 WL 3389645, at *11 (Tex. App. Aug. 8, 2017)[16], review denied (Dec. 1, 2017) (holding defamation claim should have been dismissed).

Further, while Butler correctly notes that one can be liable for republishing the defamatory statement of another, she cites no case law indicating that original publishers are liable for republication. In fact, the law in Texas, as cited by Butler is to the contrary: "A party is generally not liable for a republication of a defamatory statement by another [unless] a reasonable person would recognize that an act creates an unreasonable risk that the defamatory matter will be communicated to a third party." *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 639–40 (Tex. App. 2002) (citing *Marshall Field Stores, Inc. v. Gardiner*, 859 S.W.2d 391, 396 (Tex. App.-Houston [1st Dist.] 1993, writ dism'd w.o.j.). Butler identifies no allegations that the individual defendants should have recognized that there was an unreasonable risk their statements would be communicated to a third party.

### F.   Butler Failed to Timely Seek Retraction.

Butler does not allege when or if she ever provided any retraction letters within the limitations period to the individual Defendants against whom she attempts to maintain her defamation claims.  She seeks to avoid this important issue by stating in her Response,

---

[15] Ex. A-17
[16] Ex. A-18

without citation to any pleading or evidence whatsoever, that her prior counsel told her that her request for retraction had been timely served. Response, p. 18. This unsupported statement is both false and apropos of nothing. What her pleadings and the inclusion of the so-called retraction letters show is that they were sent well past the January 2017 time period (in July 2017 and February 2018), were time barred when sent, and were not directed to the individual defendants. *See* Exs. C-E to the 2d Am. Compl.

### G. The Individual Defendants Are Not Proper Defendants Under § 1981.

Butler cannot maintain her claims under § 1981 against the individual defendants. Butler argues that Defendants' reliance on *McLennan v. Oncor Elec. Delivery Co. LLC*[17] is misplaced and inexplicably states that the court *did not dismiss* claims against supervisors while dismissing them against supervisors. Response, p. 33. In fact, after noting that non-supervisors had no liability under § 1981, and that Section 1981 claims can be maintained only against supervisory employees who exercised sufficient control over employment sufficient to be considered "essentially the same" as the employer, the court dismissed "**all of Plaintiff's § 1981 claims against Individual Defendants.**" *Id.* at *5. (emphasis added).

As the court noted in *McLennan*, although the language of § 1981 suggests a cause of action only against contracting parties, the Fifth Circuit has recognized that in some circumstances a right of recovery against individual employees exists, where "an employee may be held individually liable under Section 1981 if he is 'essentially the same' as the employer with respect to an employment decision, and if in that capacity he intentionally discriminates against another employee." *McLennan*, 2012 WL 3072340 at *3. Apart from

---

[17] No. 3:12-CV-00531-G BF, 2012 WL 3072340, at *4 (N.D. Tex. July 6, 2012) (Ex. A-7), report and recommendation adopted, No. 3:12-CV-0531-G BF, 2012 WL 3079063 (N.D. Tex. July 30, 2012) (Ex. A-7) aff'd sub nom. *McLennan v. Veitch*, 519 F. App'x 260 (5th Cir. 2013) (granting summary judgment on 1981 claims against both nonsupervisory and supervisory individual defendants).

noting that Provost Currall admitted in his answer to the Second Amended Complaint (in the context of the tenure process) that he denied her tenure based on recommendation from the faculty and Dean of the law school, the Response identifies no pleaded facts establishing that any individual defendant was essentially the same as her employer, SMU. She also does not identify any allegation that Currall had discriminatory intent, and the cat's paw cases she cites do not impute discriminatory intent to individuals because of the allegedly discriminatory intent of those who had input into their decisions. Accordingly, the § 1981 claims against all individual defendants should be dismissed.

### H. Butler's FMLA Claims Against Individuals Are Properly Dismissed.

Butler's Response states in only the most conclusory way that she has met her pleading burden under the FMLA as to the individual Defendants. Her FMLA argument quotes many of the same cases Defendants quoted in their brief and fails to identify any pleaded facts in support of her contentions that the individual defendants had sufficient control to be held liable. The court must ultimately determine "whether the individual had 'supervisory authority over the complaining employee' and is 'responsible in whole or part for the alleged violation.'" *Id.* (*citing Rudy v. Consolidated Rest. Co., Inc.*, No. 3:08–CV–0904–L, 2010 WL 3565418, *6 (N.D. Tex. 2010)).[18]

Accordingly, these claims against all individual defendants should be dismissed.

### CONCLUSION

For the reasons set forth above and in Defendants' Motion to Dismiss Second Amended Complaint, Defendants respectfully request the Court dismiss Butler's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as follows: the defamation

---

[18] Ex.A-8.

(counts 1-6), fraud (count 7), and negligent retention, hiring and supervision (count 8) claims in their entirety, and the claims under 42 U.S. C. § 1981 (counts 10-12) and the FMLA (counts 23-26) against the individual defendants sued in those claims.

Dated: May 16, 2018

Respectfully submitted,

*/s/ Bridget A. Blinn-Spears*
Kim J. Askew
State Bar No. 01391550
kim.askew@klgates.com
Bridget Blinn-Spears
State Bar No. 24045510
bridget.blinn-spears@klgates.com

K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: (214) 939-5500
Facsimile: (214) 939-5849

**ATTORNEYS FOR DEFENDANTS SOUTHERN METHODIST UNIVERSITY, ROY ANDERSON, JENNIFER M. COLLINS, STEVEN C. CURRALL, HAROLD STANLEY, AND PAUL WARD**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that this document filed May 16, 2018, through the Electronic Case Files system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Bridget A. Blinn-Spears*
Bridget A. Blinn-Spears