IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHERYL BUTLER,** § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | |
| § | Civil Action No. **3:18-CV-37-L** | |
| **JENNIFER P. COLLINS, *et al.*,** § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15), filed April 2, 2018. After considering the motion, response, and reply, the court **grants in part and denies in part** Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15).

### I.    Factual and Procedural Background

Plaintiff Cheryl Butler ("Plaintiff") brought this action against Southern Methodist University ("SMU") and a number of individuals. As a result of Plaintiff's Second Amended Complaint ("Complaint") and an order by the court dismissing claims against certain unserved defendants under Federal Rule of Civil Procedure 4(m), only SMU and Defendants Jennifer P. Collins, Steven C. Currall, Roy R. Anderson, Julie Forrester Rogers, Harold Stanley, Paul J. Ward remain ("Individual Defendants").[1] The court refers collectively to SMU and the Individual Defendants as "Defendants."

---

[1] On November 21, 2018, the court ordered as follows:

In its Order of October 17, 2018, the court directed Plaintiff Cheryl Butler ("Plaintiff" or "Butler") to effect service on **Defendants Anthony Colangelo; Elizabeth G. Thornburg; Samantha Thomas; and Rhonda Ice Adams** by November 16, 2018, and warned her that if service was not effected on these Defendants by this date, this action against these Defendants would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. As of this date, the

In her Complaint, Plaintiff alleges causes of action under state and federal law. Plaintiff's claims pertain to and arise from her employment as a "tenure track" Assistant Professor of Law at the SMU Dedman School of Law. In their Motion to Dismiss, Defendants move for dismissal of Plaintiff's negligent supervision claim against SMU. Defendants also move to dismiss Plaintiff's claims against the remaining Individual Defendants for fraud, defamation, conspiracy to defame, alleged violations of the Family Medical Leave Act ("FMLA"), and claims brought pursuant to 42 U.S.C. § 1981. For the reasons herein explained, the court **grants** Defendants' Motion to Dismiss Plaintiff's negligent supervision claim against SMU and Plaintiff's claims against the Individual Defendants for fraud, defamation, and conspiracy to defame, and **denies** Motion to Dismiss Plaintiff's FMLA claim and claims brought pursuant to § 1981 against the Individual Defendants.

## II.   Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

---

docket does not reflect that Defendants Anthony Colangelo; Elizabeth G. Thornburg; Samantha Thomas; and Rhonda Ice Adams have been served. Moreover, Butler has not requested an extension of the court's deadline, or shown good cause for her failure to effect service as ordered by the court. Accordingly, pursuant to Rule 4(m), this action against Defendants **Anthony Colangelo; Elizabeth G. Thornburg; Samantha Thomas; and Rhonda Ice Adams is dismissed without prejudice**.

Order (Doc. 40).

**Memorandum Opinion and Order - Page 2**

possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it

**Memorandum Opinion and Order - Page 3**

is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corporation*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.     Analysis**

    **A.     Negligent Supervision, Defamation, Fraud, Conspiracy to Defame**

Defendants contend that Plaintiff's negligent supervision claim against SMU and her defamation and fraud claims against the Individual Defendants are preempted by the Texas Commission on Human Rights Act ("TCHRA"). Defendants further assert that Plaintiff's conspiracy to defame claim against the Individual Defendants fails, as a matter of law, as it is derivative of her preempted defamation claim.

Plaintiff disagrees that the TCHRA preempts all of her tort claims against SMU, and also responds that the TCHRA does not preempt her defamation and other tort claims against the Individual Defendants.[2]

Defendants reply that the cases relied on by Plaintiff in response to their preemption argument regarding the defamation and fraud claims against the Individual Defendants are distinguishable. *See* Defs.' Reply (noting that they were unable to locate some of the cases relied on by Plaintiff because the citations included in her response were incorrect). Regarding the tort claims against the Individual Defendants, Defendants contend:

> In this case, Butler alleges a discriminatory and retaliatory scheme that took place over her entire tenure at SMU and involved many members of the faculty, not a single unexpected incident of attempted rape. Every allegation Butler raises of defamatory or fraudulent conduct by the individual defendants takes place within the scope of their employment in terms of discrimination and retaliation in the tenure and

---

[2] Plaintiff filed a twenty-four page response to Defendants' Motion to Dismiss. The response includes a table of contents and table of authorities as required by this district's Local Civil Rule 7.2, but the table of contents simply outlines the sections included in Plaintiff's response without providing any corresponding page references as required by Local Civil Rule 7.2(d)(1), making it totally useless and unhelpful in locating the various arguments made by Plaintiff in her response. Plaintiff's response is missing citations to legal authority and her pleadings and, thus, does not comply with Local Civil Rules 7.1(d) or 7.2(d)(2). *Failure in the future of Plaintiff to comply with this district's Local Civil Rules will result in the noncompliant filing being stricken without further notice or other sanctions.*

> promotion process. *See, e.g.*, 2d Am. Compl. ¶¶ 631, 638, 645 (alleging defendants defamed Butler because they sought to retaliate against her). Butler's fraud claim is based on the same conduct as her discrimination and retaliation claims. The Second Amended Complaint directly and repeatedly links Butler's fraud allegations to discrimination and retaliation, explicitly alleging that withholding the tenure report was retaliatory for discrimination complaints. *See, e.g.*, 2d Am. Compl. ¶¶ 664-666, 670, 672-675, 678. 2d Am. Compl. ¶ 678. The gravamen of all Butler's claims in the Second Amended Complaint is discrimination and retaliation in connection with the tenure and promotion process. Accordingly, like the tort claims in *Waffle House*, *Hassell*, and *Woods*, Butler's tort claims are all preempted by the TCHRA.

Defs.' Reply 5 (footnote omitted) (citing *Hassell v. Axium Healthcare Pharmacy, Inc.*, No. 4:13-CV-746-O, 2014 WL 1757207 at *7 (N.D. Tex. May 2, 2014); *Woods v. Communities in School Se. Tex.,* No. 09-14-00021-CV, 2015 WL 2414260 at *10 (Tex. App. Beaumont May 21, 2015, no pet.); *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 802, 808 (Tex. 2010)). Defendants maintain that Plaintiff abandoned her negligent supervision claim against SMU by not addressing it. Defendants also note:

> Butler did not include claims for defamation and fraud against SMU in her Second Amended Complaint, but inexplicably continues to argue in her Response (p. 13-15) that the TCHRA does not preempt all tort claims against SMU. Her live complaint does not contain claims for defamation and fraud against SMU and the argument is irrelevant.

Defs.' Reply 2.

The court has reviewed the cases cited by the parties, to the extent it was able to locate them using the citations provided, and agrees with Defendants that Plaintiff's defamation and fraud claims are preempted by the TCHRA, as the gravamen of these claims is, as Defendants argue, for unlawful employment discrimination and retaliation, wrongs that the TCHRA is specifically designed to address. *See Waffle House, Inc.*, 313 S.W.3d at 808-09 (concluding that the plaintiff's common law tort claims were preempted by her claim under the TCHRA because the gravamen of these claims

was the type of wrong that the TCHRA was meant to remedy). Because Plaintiff's conspiracy to defame is derivative of her preempted defamation claim, it also fails as a matter of law. *Vendever LLC v. Intermatic Mfg. Ltd.*, No. 3:11-CV-201-B, 2011 WL 4346324, at *7 (N.D. Tex. Sept. 16, 2011) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)).

Further, as Plaintiff did not respond to Defendants' Motion to Dismiss and argument that her negligent supervision claim against SMU is also preempted by the TCHRA, the court concludes that Plaintiff abandoned this claim, which will be dismissed with prejudice. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983) (explaining that a plaintiff, "in his opposition to a motion for summary judgment cannot abandon an issue and then . . . by drawing on the pleadings resurrect the abandoned issue").

Finally, as Defendants correctly note, Plaintiff's live pleading does not include claims for defamation or fraud against SMU. As a result, the claims are not before the court. As these claims are not part of this action, the court need not address Plaintiff's contentions regarding them or the parties' other contentions that are mooted by the court's rulings.

Because Plaintiff's claims for defamation, conspiracy to commit defamation, and fraud against the Individual Defendants fail as a matter of law, and Plaintiff has abandoned her negligent supervision claim against SMU, the court will not allow her to further amend her pleadings as to these claims in an attempt to resurrect them, as doing so would be futile and unnecessarily delay the resolution of this litigation.

### B. Claims Under FMLA and Section 1981

Defendants seek dismissal of Plaintiff's claims under the FMLA and section 1981 on the grounds that they are not Plaintiff's "employer" for purposes of the FMLA, and they are not proper defendants under section 1981 because they did not have substantial control over Plaintiff with respect to employment decisions. The court will deny Defendants' Motion to Dismiss these claims, as it determines that resolution of these issues, which involve factual inquiries, is more appropriate in the context of a summary judgment motion or at trial. As previously stated, at the motion-to-dismiss stage, the court only tests the adequacy of the pleadings and does not address issues of proof or credibility. In this regard, the court also notes the heavy reliance of Defendants on summary judgment motion cases.

### IV. Conclusion

For the reasons stated, Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15) is **granted** with respect to Plaintiff's negligent supervision claim against SMU and Plaintiff's claims against the Individual Defendants for fraud, defamation, conspiracy to defame, and these claims are **dismissed with prejudice**. Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15) is **denied** with respect to Plaintiff's FMLA claim and claims brought pursuant to section 1981 against the Individual Defendants.

**It is so ordered** this 31st day of March, 2019.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge