IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHERYL BUTLER, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| JENNIFER P. COLLINS, § | CIVIL ACTION NO. 3:18-CV-37-E |
| STEVEN C. CURRALL, § | |
| JULIE PATTERSON FORRESTER, § | |
| HAROLD STANLEY, AND § | |
| SOUTHERN METHODIST UNIVERSITY, § | |
| § | |
| *Defendants.* § | |

**DEFENDANTS' RESPONSE TO AMENDED MOTION TO WITHDRAW AS COUNSEL**

Defendants Jennifer P. Collins, Steven C. Currall, Julie Patterson Forrester, Harold Stanley, and Southern Methodist University ("SMU") (collectively, "Defendants")[1] file this Response to the Amended Motion to Withdraw as Counsel (the "Motion")[Doc. 71] filed by counsel for Plaintiff Cheryl Butler ("Butler" or "Plaintiff") and ask the Court to consider the matters set forth below in ruling on the Motion.

I.  **INTRODUCTION**

1. Defendants acknowledge and appreciate the circumstances described in the Motion and the lawyers' request to withdraw as counsel. Defendants further, yet reluctantly, understand that any order permitting the withdrawal of counsel likely must also extend the

---

[1] At this time, there are only the five defendants listed in the style.  As of the Court's ruling on November 21, 2018, seven parties remained as defendants, but the Court's Memorandum Opinion and Order dated March 31, 2019 [Doc. 47] ("Dismissal Order") further dismissed Plaintiff's claims against Defendants Roy Anderson and Paul Ward. On October 24, 2019, the Court entered an Order [Doc. 67] denying Plaintiff's Second Amended Motion for Reconsideration [Doc. 55] and confirming the dismissal of Plaintiff's claims pursuant to the Dismissal Order.

**DEFENDANTS' RESPONSE TO AMENDED MOTION TO WITHDRAW AS COUNSEL – PAGE 1**

remaining deadlines in this case and possibly a continuance of trial because discovery has not been completed and the case has not been prepared for trial.

2. Defendants, however, believe that the Motion should be considered in the context of this case's history and the pattern of conduct in which Plaintiff has engaged to delay these proceedings and to avoid her legal obligations, culminating in this withdrawal and a possible continuance of the case. Indeed, this is the very type of case that requires a management conference to ensure that the case is prepared for trial.

3. For that reason, Defendants respectfully submit the following description of background facts relevant to the Motion to Withdraw.

## II.  RELEVANT BACKGROUND

### A.  Plaintiff's revolving door of legal counsel

4. Plaintiff's attorneys who are seeking permission to withdraw on the basis of an irreconcilable conflict as the result of "multiple reoccurring, fundamental disagreements" with Plaintiff are the <u>fourth</u> set of attorneys to represent Plaintiff in connection with this action and the issues made the subject of Plaintiff's claims.

5. Each of Plaintiff's prior counsel has been respected, competent counsel with expertise in employment law.

6. Plaintiff was represented initially and prior to the filing of this lawsuit by Melissa Pierre-Louis of the Outten & Golden firm in New York, a well-known and respected employment and civil rights plaintiffs firm.

7. Alfonso Kennard of the Kennard Law Firm, another well-known labor and employment boutique firm, filed this lawsuit on Plaintiff's behalf over two years ago on August 20, 2017, and represented Plaintiff until March 26, 2018, when Plaintiff terminated

the representation one week after the filing of Plaintiff's 136-page and 877-paragraph Second Amended Complaint [Doc. 12]. (*See* Notice of Attorney's Charging Lien, filed March 28, 2018 [Doc. 13]).

8.   At that time, Plaintiff substituted Kenneth Barrett, yet another labor and employment practitioner, as counsel to replace the Kennard firm. (*See* First Unopposed Motion to Substitute Counsel, filed April 2, 2018 [Doc. 14]).

9.   Mr. Barrett withdrew as counsel six months later on October 8, 2018, and Plaintiff replaced him with her current counsel, Terrance Robinson, a board certified lawyer in labor and employment by the Texas Board of Legal Specialization. (*See* Unopposed Motion to Withdraw as Attorney in Charge, filed on October 8, 2018 [Doc. 31]).

10.   With Mr. Robinson seeking to withdraw on the eve of the close of discovery (on December 2, 2019), each of Plaintiff's attorneys has been terminated by Plaintiff or has sought to withdraw, often as milestones were taking place in the case--key responses were due, amended pleadings had been filed, and now discovery deadlines are impending with Plaintiff having failed to participate in discovery.

11.   Significantly, Defendants have never opposed a withdrawal or substitution of Plaintiff's lawyers as long as counsel was in place to continue the preparation of the lawsuit. Of course, that is not the case here as this Motion was filed on the eve of the discovery deadline and after Plaintiff has engaged in dilatory tactics for months and refused to provide meaningful discovery even after her lawyers reached reasonable agreements for moving forward on discovery.

**B.    Plaintiff's abusive discovery and litigation tactics**

12.    The timing of this request for withdrawal is significant because it is not coupled with a request by Plaintiff to substitute counsel and comes at a time that will significantly impact the scheduling order in this case.   Of course, even if she had retained new counsel, Plaintiff's unnecessary delay and refusal to participate in discovery has made it virtually impossible at this juncture to complete discovery and meet the upcoming immediate deadlines in the case.

13.    The deadline for discovery is December 2, 2019.

14.    The deadline to file dispositive motions is December 16, 2019.

15.    This case is set for trial on the Court's 4-week docket, beginning May 4, 2020.

16.    Plaintiff's termination of her current counsel is yet another example of her attempt to avoid compliance with the Rules of Procedure in a case that she initiated. Plaintiff's behavior in this lawsuit is illustrative of her behavior in connection with the facts and circumstances underlying her claims. Plaintiff pays lip service to compliance with rules and applicable laws, yet eschews them when they become inconvenient for her and instead relies on excuses and allegations of disparate treatment to avoid her obligations.

   **i.    Plaintiff's discovery abuses**

17.    Defendants remain in discovery limbo as Plaintiff has evaded her discovery obligations for almost 12 months. Defendants served discovery on Plaintiff in December 2018. (*See* App'x of Attachments to Defendants' Brief in Support of Motion to Compel Discovery Responses and Production of Documents [Doc. 58], Exh. A, B). Plaintiff sued Defendants for breach of contract, discrimination, and violations of Plaintiff's alleged rights under the Americans with Disabilities Act, the Family Medical Leave Act, Title VII, Title IX

and the Texas Commission on Human Rights Act. Yet Plaintiff refuses to provide the most basic discovery relevant to these claims often asserting heretofore unrecognized objections under the Federal Rules of Civil Procedure such as answering discovery could be "perilous" to her case because she might inadvertently omit something that could later be used against her.[2]

18. For example, Plaintiff has continually refused to return executed authorizations for the release of her medical, tax, and payroll information.[3] In response to Plaintiff's objections to providing standard authorizations and after reaching agreement with Plaintiff's counsel, Defendants even modified the authorization forms to apply only to medical records from and after January 1, 2015 and tax and payroll records from and after the termination of her employment with SMU. Notwithstanding these limitations that Plaintiff herself requested, Plaintiff continues to refuse to provide the authorizations, as limited. Plaintiff's current counsel confirmed that as of November 11, 2019, Plaintiff had not provided them with signed authorization forms. Just as she refuses to sign the motion for withdrawal after terminating her attorneys, she refuses to sign basic discovery authorizations agreed to by her attorneys.[4]

---

[2] The frivolous objections are fully discussed in Defendants' Motion to Compel.

[3] Defendants only seek payroll information related to her employment since her employment at SMU ended. One of the elements of Plaintiff's damages is back pay, and discovery seeking such payroll information is so routine and relevant that it is often the subject of many standing orders in some courts.

[4] Plaintiff Butler is a licensed attorney [New York State] who taught employment law at SMU so she should fully understand the rules and why the requested discovery is relevant. She is also quite cognizant of the sheer havoc that she creates in this case when she refuses to participate in discovery or to honor the commitments made by the attorneys representing her. She has engaged in this dilatory and disruptive conduct while four competent employment law firms have tried to represent her.

**DEFENDANTS' RESPONSE TO AMENDED MOTION TO WITHDRAW AS COUNSEL – PAGE 5**

19. After months of largely futile attempts by Defendants to obtain a full and complete discovery from Plaintiff, Defendants filed a Motion to Compel Discovery Responses and Production of Documents [Doc. 56] and Brief in Support [Doc. 57] (together, the "Motion to Compel") on September 6, 2019. Briefing on the Motion to Compel closed on October 8, 2019, with Defendants' Reply in Support of Motion to Compel [Doc. 66]. The Court has not yet ruled on that motion.

20. Rather than comply with her discovery obligations, Plaintiff complains—without any support—that she does not have the resources available to make even the most basic production of relevant documents and data in her possession. For example, Plaintiff has refused to provide native files of audio recordings that Plaintiff expressly claims include evidence directly supporting her causes of action. Plaintiff's refusal to do so prevents Defendants from assessing the authenticity and timing of these recordings and from making a determination whether they have or may have been edited or otherwise manipulated.

21. Plaintiff also refuses to produce electronic copies of emails and other documents she acknowledges having in her possession, insisting instead on producing single PDF files with thousands of pages. These productions fail to comply with the most basic discovery rules that documents be identified as responsive to particular requests or as they are kept in the ordinary course. Consequently, Defendants have had to manually review and split the documents up just to perform the most basic analysis of the information provided. Meanwhile, Plaintiff has in her possession native electronic files that, when produced properly with corresponding metadata as is customary, would allow Defendants to quickly assess things like participants to communications, subject matters, dates, and the like

without having to spend hundreds of hours and thousands of dollars manually inputting data that should have been provided as a matter of course.

22.     Plaintiff has repeatedly promised to supplement her production, but Plaintiff has yet to make a full and complete production of responsive documents as her most recent letter on the matter dated August 15, 2019, makes clear. Notwithstanding the delivery of yet another PDF of several thousand scanned pages with no document-level information with the August 15 letter, Plaintiff stated that "unexpected family obligations" had prevented her from making a full and complete production of documents and that she would continue supplementing her production, more than seven months after Defendants initially served discovery.

23.     Now, despite Defendants' diligent efforts to complete discovery and take Plaintiff's deposition (which has been noticed for November 25, 2019, without objection as of the date of this Response), Plaintiff's run-out-the-clock tactics and dismissal of her counsel barely a month before discovery closes have rendered compliance with the current scheduling order impracticable. Discovery just cannot be completed and Defendants cannot file a dispositive motion, which they fully intend to do.  Consequently, Defendants will face even further delay and additional expense in bringing this baseless litigation to an end.

### ii.     Plaintiff's frivolous litigation tactics

24.     Plaintiff also routinely engages in abusive litigation tactics by repeatedly urging the same baseless claims and allegations despite clear contrary authority. For example, from at least the filing of her Second Amended Complaint on March 19, 2018, Plaintiff has advanced claims against Defendants that are plainly preempted by the Texas

Commission on Human Rights Act. In March of this year, the Court granted Defendants' Motion to Dismiss as to Plaintiff's preempted tort claims. (*See* Dismissal Order [Doc. 47]).

25.     Plaintiff, unable to accept the Court's ruling, sought reconsideration of the Dismissal Order but twice filed improper motions for reconsideration, the first of which was not filed until almost four months after the Dismissal Order.

26.     Moreover, notwithstanding the Court's dismissal of these preempted tort claims, which include Plaintiff's defamation claims, Plaintiff has continued to serve the Defendants with defamation retraction letters under the Texas Defamation Mitigation Act, most recently on October 9, 2019, more than six months after the Court's Dismissal Order.

27.     Despite her misplaced sense of entitlement, Plaintiff is not above the law, and the Court should not countenance further tactics to avoid discovery obligations and further delay the final determination of the merits of her claims.

### III. CONCLUSION

For the reasons stated above, Defendants are not unsympathetic to the plight of Plaintiff's current counsel and understand that there may be no tenable basis for denial of the request to withdraw. However, if the lawyers are permitted to withdraw, Defendants respectfully requests that the Court enter an order:

a. Reminding Plaintiff of her obligations to fully comply with discovery under the Federal Rules of Civil Procedure and any subsequent scheduling order entered by this Court;

b. Reminding Plaintiff to comply with all outstanding discovery obligations, including any rulings on the Motion to Compel;

c. Requiring that, if Plaintiff chooses to retain new counsel, she must do so in an expeditious manner that does not further delay the scheduling order and trial if this case; and

d. Reminding Plaintiff of her obligations as a litigant and as a lawyer so the case moves expeditiously to a final determination on the merits with due regard to the outstanding discovery issues, including those raised in Defendants' Motion to Compel.

Respectfully submitted:

*/s/ Kim J. Askew*
Kim J. Askew
State Bar No. 01391550
Kim.askew@klgates.com
Christopher A. Brown
State Bar. No. 24040583
Chris.Brown@klgates.com

**K&L GATES, LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214)939-5500
Facsimile: (214) 939-5849

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that this document filed November 12, 2019, through the Electronic Case Files system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Kim J. Askew*
Kim J. Askew