IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JENNIFER P. COLLINS, | § | |
| STEVEN CURRALL, | § | CIVIL ACTION NO. 3:18-CV-37-E |
| JULIE PATTERSON FORRESTER, | § | |
| HAROLD STANLEY, AND | § | |
| SOUTHERN METHODIST UNIVERSITY, | § | |
| | § | |
| Defendants. | § | |

## AGREED MOTION FOR EXTENSION OF DEADLINES IN AMENDED SCHEDULING ORDER TO COMPLETE LIMITED DISCOVERY AND SUPPORTING BRIEF

Defendants Jennifer P. Collins, Steven C. Currall, Julie Patterson Forrester, Harold Stanley, and Southern Methodist University ("SMU") (collectively, "Defendants") file this Agreed Motion for Extension of Deadlines in Amended Scheduling Order to Complete Limited Discovery and Supporting Brief ("Motion"), and would respectfully show the following:

### I.   INTRODUCTION

The Court administratively reopened this case on February 23, 2021, after the United States Bankruptcy Court for the Southern District of Texas lifted the bankruptcy stay in the case filed by Plaintiff Cheryl Butler. [Doc. 110]. The Court then entered an Amended Scheduling Order on March 24. 2021, which set forth the following relevant deadlines:

Deadline for Completion of Discovery and Mediation     September 27, 2021

Deadline for Dispositive Motions     October 25, 2021

[Doc. 113]. As discussed below, because of scheduling issues, the parties cannot complete the discovery and mediation by the September 27 deadline and request a limited extension until

October 29, 2021, to complete discovery and mediation and until November 24 to file dispositive motions. This request is made before the expiration of the current discovery deadline and will not affect any of the other deadlines in the Amended Scheduling Order.

## II. ARGUMENT

Despite repeated requests from Defendants to schedule discovery and to identify potential mediators, Plaintiff did not do so until August 30 and 31, 2021. (See Ex. A - Email from Andrew Dunlap to Kim Askew on Depositions and Ex. B – Email on Mediators). Ms. Butler's deposition is scheduled for September 17, 2021, a date she agreed to after many attempts to schedule a deposition and only after Plaintiff finally noticed her deposition. Defendants had always made it clear that they would present witnesses only after the completion of Ms. Butler's deposition and that all depositions needed to be completed so that the parties had knowledge of the relevant testimony to help ensure a successful mediation.

Less than a month before the September 27 discovery and mediation deadline, Ms. Butler finally informed Defendants that she would seek to depose the following witnesses, two are currently named Defendants:

> Samantha Thomas
> Steven Currall
> Jennifer Collins
> Jessica Weaver
> Roy Anderson

Given the request for these depositions, the parties simply cannot conduct all five depositions and schedule and complete the mediation in the five working days after Ms. Butler's deposition (September 17) and the discovery/mediation deadline (September 27).

First, many of these are law school professionals such as the Dean and teachers and they need more than a last-minute notice to schedule depositions, especially after months of them trying

to get Ms. Butler to move forward with discovery.  Former Provost Steve Currall had moved from SMU and had served as the President of the University of South Florida in Tallahassee, Florida, and it takes some time to get his deposition scheduled.  Second, there were no available dates to schedule a mediation with the selected mediator in advance of the mediation deadline even if the discovery could have been scheduled and completed.

So, the parties are cooperating to complete the discovery and ask that the discovery deadline be extended by one month to October 29, 2021, to allow for the scheduling and completion of the five depositions.  The parties are diligently working to complete the discovery. And it is important to note that the current discovery deadline has not elapsed, and the depositions have been requested within that deadline.

Significantly, the only discovery Ms. Butler will conduct during the extended discovery period is the completion of these limited depositions.  The parties also propose to complete mediation by the October 29, 2021, date because this extension would allow adequate time to complete the depositions so that the parties have a fuller understanding of their respective positions on key issues before mediation.  Finally, the parties seek a limited extension of the deadline for dispositive motions from the current October 25, 2021, deadline to November 30, 2021 to allow the parties to incorporate any evidence from the depositions into any dispositive motions filed.

Good cause is established for an extension of the Amended Scheduling Order to conduct the limited discovery and to mediate the case.  Despite having attempted to complete the depositions and conduct mediation within the current deadline, the parties simply cannot meet the current deadlines and are working in good faith to complete the discovery.  *See S & W Enters, L.L.C., v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Droblyn v. Rock-Tenn Servs., Inc.,* No. 3:13-CV-302-BN, 2014 WL 798382, at *1 (N. D. Tex. Feb. 28, 2014).  And, significantly, the parties

have come to the Court immediately after the scheduling issues arose and <u>before</u> the expiration of the current discovery deadline (September 27) set forth in the Amended Scheduling Order. Of course, this Court may always modify a scheduling order with such a showing of good cause. Fed. R. Civ. P. 16(b)(4);[1] *Rodrigues v. US Bank Nat'l Assoc.*, No. 3:20-CV-0291-D, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021).

As noted above, the parties seek only a limited modification of the Amended Scheduling Order as follows:

| | |
|---|---|
| Deadline for Completion of Discovery (Discovery during the extended period will be limited to the depositions of witnesses Thomas, Collins, Currall, Anderson and Weaver.) | October 29, 2021 |
| Deadline for Completion of Mediation | October 29, 2021 |
| Deadline for Dispositive Motions | November 30, 2021 |

The extended deadlines will not affect the pretrial and trial deadlines, or any other unexpired deadlines set forth in the Amended Scheduling Order.

### III.   CONCLUSION AND PRAYER

**WHEREFORE**, Defendants Jennifer P. Collins, Steven C. Currall, Julie Patterson Forrester, Harold Stanley, and SMU respectfully request that this Court grant their Agreed Motion for Extension of Deadlines in Amending Scheduling Order, extend the discovery, mediation and dispositive motion deadlines, and grant Defendants such other and further relief at law or in equity.

---

[1] Rule 16(b)(4) governs a party's request to extend the discovery period after a scheduling order deadline has elapsed. *See Cartier v. Egana of Switz (Am.) Corp.,* 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). Of course, the discovery deadline has <u>not</u> elapsed in this case, and the parties are still diligently working to complete as much discovery as possible within the current deadline. However, even under the Rule 16(d)(4) standards which would apply if the parties had sought this relief after the expiration of the discovery deadline in the scheduling order, good cause would still be met because the deadline could not reasonably be met despite the diligence of the Defendants in trying to complete the discovery.

Respectfully submitted,

By: */s/ Kim J. Askew*
Kim J. Askew
Texas State Bar No.  01391550
kim.askew@us.dlapiper.com
Cristina I. Torres
Texas State Bar No.  24051437
cristina.torres@us.dlapiper.com

DLA PIPER, LLC
1900 N. Pearl Street
Suite 2200
Dallas TX  75201
Tel. 214.743.4506

**ATTORNEYS FOR DEFENDANTS SOUTHERN METHODIST UNIVERSITY, JENNIFER P. COLLINS, STEVEN C. CURRALL, JULIE PATTERSON FORRESTER, AND HAROLD STANLEY**

**CERTIFICATE OF CONFERENCE**

I, Kim J. Askew, certify that I conferred with Andrew Dunlap, counsel for Plaintiff Cheryl Butler, on September 1, 2021.  Mr. Dunlap informed me that agrees with and joins in the relief requested in this Motion.

*/s/ Kim J. Askew*
Kim J. Askew

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that this document filed September 2, 2021 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kim J. Askew*
Kim J. Askew