**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHERYL BUTLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-cv-00037-E** |
| | § | |
| **JENNIFER M. COLLINS,** | § | |
| **STEVEN C. CURRALL,** | § | |
| **JULIE FORRESTER ROGERS,** | § | |
| **HAROLD STANLEY, AND** | § | |
| **SOUTHERN METHODIST UNIVERSITY,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.3, Defendants Jennifer M. Collins ("Collins"), Steven C. Currall ("Currall"), Julie Patterson Forrester ("Forrester"), Harold Stanley ("Stanley") (Collins, Currall, Forrester, and Stanley are sometimes referred to as the "Individual Defendants"), and Southern Methodist University ("SMU") (collectively, "Defendants") file this Motion for Summary Judgment on all claims brought by Plaintiff Cheryl Butler ("Plaintiff" or "Butler") for breach of contract and for alleged violations of 42 U.S.C § 1981, the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), Title IX, the Family Medical Leave Act ("FMLA"), and the Texas Commission on Human Rights Act ("TCHRA"). After three complaints, with some 873 paragraphs, prior dismissal of claims by the Court, and years of discovery, summary judgment is appropriate because there are simply no genuine issues of material facts on the remaining claims

and/or such claims are preempted or require dismissal because they are not recognized causes of action.[1]

**SUMMARY OF GROUNDS FOR SUMMARY JUDGMENT**

**1. Title IX Claim (Count 30)**[2]

Plaintiff's Title IX hostile work environment claim (count 30) is preempted as Title VII is the exclusive remedial scheme for all employment claims, including this hostile work environment claim.

**2. Breach of Contract Claim (Count 9)**

Summary judgment is proper on the breach of contract claim (count 9) because Plaintiff cannot establish her prima facie case of a "breach" of her employment contract with SMU. SMU fully performed the contract in making decisions related to Plaintiff's tenure.

**3. Family Medical Leave Act Claims (FMLA) (Counts 23-26)**

Summary judgment is required on all claims under the FMLA for interference and interference with job restoration (counts 23 and 26), retaliation and harassment (count 24), and invasion of privacy (count 25) against SMU and the Individual Defendants on the following bases:

a. FMLA harassment (count 24) and FMLA invasion of privacy (count 25) are not recognized causes of action under the FMLA.

[1] On March 31, 2019, the Court dismissed for failure to state a claim the causes of action for defamation (counts 1-5), conspiracy to defame (count 6), fraud (count 7), and negligent supervision (count 8). (Doc. 47.)

[2] The Second Amended Complaint ("Complaint") contains duplicative and confusing references to "counts" that do not relate to any cause of action or claim for relief. As used in this Motion, references to counts are to those "counts" named with the causes of action beginning on pages 98 through 133 of the Complaint. (Doc. 12.)

b. Individual Defendants Currall (counts 24-25) and Collins (counts 23-26) are not an "employer" under the FMLA, and there can be no liability against these Individual Defendants who made no FMLA leave determinations related to Plaintiff and were not authorized to do so under SMU policies and procedures. Only SMU, Plaintiff's employer, made FMLA determinations.

c. Even if Plaintiff could sue Individual Defendant Collins for interference (counts 23 and 26), her prima facie case against Collins and SMU for interference (count 26) fails because Plaintiff was not denied FMLA benefits by SMU, her actual employer. SMU awarded Plaintiff the maximum leave allowable under the FMLA in the 2015 and 2016 calendar years in which she sought and received FMLA leave.

d. Butler's prima facie FMLA retaliation claim (count 24) fails because she has no evidence that she was treated less favorably than those who had not requested FMLA leave or because she sought FMLA protection. In addition, Butler fails under the other steps of the *McDonnell Douglas* framework.

**4. Claims Under the Americans with Disabilities Act (ADA)/Rehabilitation Act (Counts 16-22)**

Summary judgment is proper on all claims against SMU under the ADA for a hostile work environment (count 16), denial of tenure (count 17), discrimination based on segregation from the workplace (count 18), associational discrimination (count 19), invasion of medical privacy (count 20), failure to accommodate (count 21), and retaliation (count 22) on the following grounds:

a. The Fifth Circuit does not recognize causes of action for discrimination based on segregation in the workplace (count 18), associational

discrimination (count 19), and invasion of medical privacy (count 20), and these purported claims under the ADA must be dismissed.

b. Plaintiff cannot establish her prima facie case of failure to accommodate (count 21) because she fails the qualified and failure to accommodate elements. The main basis for this ADA claim is that SMU did not extend her tenure decision, but a tenure extension cannot be a reasonable accommodation under the ADA as a matter of law.

c. Plaintiff's prima facie case of a hostile environment based on an alleged disability (count 16) fails because she cannot establish the harassment element of the claim.

d. Plaintiff's denial of tenure based on a disability claim (count 17) fails because she cannot establish that she was qualified for tenure, a prima facie element of her claim.

**5. Claims Under 42 U.S.C. § 1981 (Counts 10-12)**[3]

Summary judgment is proper on all claims under 42 U.S.C § 1981 as follows:

a. Claims against Individual Defendants Collins, Currall, Forrester, and Stanley (counts 10 and 11) are properly dismissed because these individuals are not the "employer" of Plaintiff, are not parties to Plaintiff's underlying employment contract with SMU and did not exercise sufficient control over employment decisions related to Plaintiff so there can be no individual liability against them.

[3] The § 1981 retaliation claim (count 12) is discussed with all retaliation claims in Paragraph 7 of this Motion and Section III. G of the accompanying Brief in Support of Defendants' Motion for Summary Judgment.

b. With respect to the § 1981 claims against SMU and the Individual Defendants, should the Court not grant summary judgment on the grounds stated in 5(a);

i. Plaintiff establish cannot a racially hostile work environment (count 10) because she was not subjected to unwelcome harassment based on race.

ii. Plaintiff was not qualified for the position she sought and cannot establish race discrimination based on her denial of tenure (count 11).

**6. Discrimination Claims Under Title VII (Counts 13 and 14) and Texas Commission on Human Rights Act (TCHRA) (Counts 27 and 29)**

Summary judgment is proper on the discrimination claims under Title VII (counts 13 and 14) and TCHRA (counts 27 and 29) on these grounds:

a. Plaintiff cannot establish a racially hostile work environment (count 13) because she was not subjected to unwelcome harassment based on race.

b. Plaintiff was not qualified for the tenured position she sought and cannot establish race discrimination based on her denial of tenure (counts 14 and 27).

c. Plaintiff was not qualified for the tenured position she sought and cannot establish a case of disability discrimination under TCHRA (count 29).

**7. Retaliation Claims under § 1981 (Count 12), Title VII (Count 15), the ADA (Count 22), and TCHRA (Count 28)**

Summary judgment is required on the retaliation claims under § 1981 (count 12), Title VII (count 15), the ADA (count 22), and TCHRA (count 28) because:

a. Plaintiff cannot establish her burden at any stage on the retaliation claims under § 1981 (count 12), Title VII (count 15), and TCHRA (count 28).

b. Plaintiff cannot establish the causation element of her ADA retaliation claim (count 22) because she had not even sought an ADA accommodation when the initial tenure recommendation was made.

Accordingly, for the reasons set forth herein and in the accompanying Brief in Support of Defendants' Motion for Summary Judgement, Defendants respectfully request that the Court grant summary judgment on all claims in the lawsuit and for such other and further relief to which Defendants may show themselves justly entitled.

Dated: November 29, 2021

Respectfully submitted,

By: */s/ Kim J. Askew*

Kim J. Askew
Texas State Bar No. 01391550
kim.askew@us.dlapiper.com
Mallory Biblo
Texas State Bar No. 24087165
mallory.biblo@us.dlapiper.com

DLA PIPER LLP (US)
1900 N. Pearl Street
Suite 2200
Dallas, TX 75201
Tel. 214.743.4506

**ATTORNEYS FOR DEFENDANTS SOUTHERN METHODIST UNIVERSITY, JENNIFER M. COLLINS, STEVEN C. CURRALL, JULIE PATTERSON FORRESTER, AND HAROLD STANLEY**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that this document filed November 29, 2021 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Mallory Biblo
Mallory Biblo