# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHERYL BUTLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-cv-00037-E** |
| | § | |
| **JENNIFER M. COLLINS,** | § | |
| **STEVEN C. CURRALL,** | § | |
| **JULIE FORRESTER ROGERS,** | § | |
| **HAROLD STANLEY, AND** | § | |
| **SOUTHERN METHODIST UNIVERSITY,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF CHERYL BUTLER'S OPPOSED MOTION TO FILE OPPOSITION TO SUMMARY JUDGMENT OUT OF TIME

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 2

III.    ARGUMENT AND AUTHORITIES ................................................................... 3

        A.    Plaintiff cannot establish excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) ....... 4

              1.    The danger of prejudice to the nonmovant ................................................. 5

              2.    The length of delay and its potential impact on the proceedings ............... 5

              3.    The reasons for the delay ........................................................................... 6

              4.    Whether the movant acted in good faith ..................................................... 9

        B.    Plaintiff cannot satisfy her burden to show good cause under Fed. R. Civ. P. 16(b)(4) ..................................................................................................... 10

IV.     CONCLUSION.................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*Belou v. Gusman*,
    CV 15-820, 2016 WL 9414343 (E.D. La. June 14, 2016) ........................................................6

*Blackford v. Lockheed Martin Corp.*,
    4:09-CV-062-Y, 2010 WL 11619403 (N.D. Tex. May 4, 2010) ......................................4, 5, 8

*Cartier v. Egana of Switz. (Am.) Corp.*,
    No. 3:08-CV-0001- D, 2009 WL 614820 (N.D. Tex. Mar. 11, 2009) ................................. 11

*Dimmitt v. Ockenfels*,
    407 F.3d 21 (1st Cir. 2005) ........................................................................................................7

*EEOC v. Serv. Temps, Inc.*,
    No. 3:08-CV-1552-D, 2009 WL 3294863 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012) ..............................................................................................................................11

*In re Ginther*,
    07-80200 G311, 2008 WL 2359974 (Bankr. S.D. Tex. June 4, 2008) ....................................6

*Kretchmer v. Eveden, Inc.*,
    No. 3:07-CV-1068-D, 2009 WL 1939036 (N.D. Tex. July 2, 2009) ....................................4, 7

*Puig v. Citibank, N.A.*,
    514 Fed. Appx. 483 (5th Cir. 2013) (per curiam) ................................................................11

*Reliance Ins. Co. v. Louisiana Land & Expl. Co.*,
    110 F.3d 253 (5th Cir. 1997) ..................................................................................................10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 6 ....................................................................................1, 3, 4, 12

Federal Rule of Civil Procedure 16 ........................................................................1, 4, 10, 11, 12

Defendants Jennifer M. Collins ("Collins"), Steven C. Currall ("Currall"), Julie Patterson Forrester ("Forrester"), Harold Stanley ("Stanley"), and Southern Methodist University ("SMU") (collectively, "Defendants") file Defendants' Response to Plaintiff Cheryl Butler's Opposed Motion to File Opposition to Summary Judgment Out of Time with Incorporated Brief (the "Motion").

## I.     <u>INTRODUCTION</u>

After a flurry of contradictory and bizarre pleadings by attorneys purporting to represent Plaintiff Cheryl Butler ("Butler" or "Plaintiff"), it appears that Plaintiff is trying to terminate her fifth attorney—Andrew Dunlap—and has hired her seventh attorney, Ezra Young.  Of course, it is the prerogative of Plaintiff to be represented by legal counsel of her choice if it does not impede the proceedings before this Court, especially the trial of this matter.  Further, this revolving door of attorneys cannot be an excuse for Plaintiff to fail to comply with the Federal Rules of Civil Procedure and the deadlines of the Amended Scheduling Order (that were agreed to by Plaintiff). While Plaintiff asserts that there will be no delay if she is allowed to file her long overdue summary judgment response by February 18, 2022, some 60 days after the original response date, the reality is that her response will be filed after initial pretrial disclosures are made (February 8) and will make the April 5, 2022, trial date nearly impossible.  This Motion should be denied.

In this Motion, Plaintiff seeks relief under Federal Rule of Civil Procedure 6(b)(1)(B), but Defendants also address this as a motion to modify the scheduling order and delay trial under Federal Rule of Civil Procedure 16(b)(4) because the trial date cannot be met given Plaintiff's proposed extended deadline.  Accordingly, Defendants show that Butler cannot meet the "excusable neglect standard" under Federal Rule of Civil Procedure 6 or the "good cause" standard under Federal Rule of Civil Procedure 16.  None of the reasons offered by Plaintiff establishes

excusable neglect or good cause, including: (a) purported internal issues in her attorney-client relationship with Mr. Dunlap and her belief that he is doing a poor job and (b) the failure of her new lawyer to adequately plan for file transition issues or properly estimate the time it would take to formulate a summary judgment response before he appeared of record in the case.

Accordingly, the Court should deny the Motion and proceed with the current deadlines and date of trial of April 5, 2022 (to the extent that any causes of action remain after a ruling on the motion for summary judgment).

## II.       FACTUAL BACKGROUND

So many confusing and contradictory motions have been filed, Defendants will simply recite all motions, responses, and orders relevant to the consideration of this Motion in the chart below.  As the Court can see, after Defendants filed for summary judgment, the succeeding motions were all motions filed by Plaintiff (or attorneys of record for Plaintiff) and in rapid succession:

| November 29, 2021 | Motion for Summary Judgment on all Claims | Dkt. 127 |
| December 16, 2021 | Unopposed Motion to Extend Original Summary Judgment Response Deadline of December 20, 2021, to January 3, 2022 (filed by Dunlap) | Dkt. 129 |
| December 20, 2021 | Order Granted Extension to January 3, 2022 | Dkt. 130 |
| January 3, 2022 | Opposed Second Motion for Extension to January 7, 2022 (filed by Dunlap) | Dkt. 131 |
| January 6, 2022 | Order Granted Extension to January 7, 2022 | Dkt. 134 |
| January 6, 2022 | Ezra Young's (7th lawyer) Application for Admission Pro Hac Vice | Dkt. 133 |
| January 6, 2022 | Opposed Third Motion to Extend Response Deadline to January 20, 2022 ("Having reviewed the partial drafts of filings prepared by Professor Butler herself . . . as well as reviewed the docket for this matter, I believe that **I can ensure that her opposition brief and supporting exhibits and declaration be completed and docketed by January 20, 2022**. This would give me two weeks' time to work with Mr. Dunlap to obtain copies of all | Dkt. 135 |

2

| | | |
|---|---|---|
| | discovery produced in this matter and review it with Professor Butler and file clean, well-researched and evidence supported opposition filings in this matter.") (emphasis added) (filed by Young) | |
| January 7, 2022 | Order Granting Pro Hac Vice Admission | Dkt. 136 |
| January 7, 2022 | Motion to Strike Third Extension Request (filed by Dunlap) | Dkt. 137 |
| January 7, 2022 | Motion to Strike the Motion to Strike the Extension Request (filed by Young) | Dkt. 138 |
| January 7, 2022 | Motion to Withdraw as Counsel (filed by Dunlap) | Dkt. 139 |
| January 7, 2022 | Motion to Substitute (filed by Young) | Dkt. 140 |
| January 7, 2022 | Order Denying Third Motion for Extension and Ordering January 7 Response Date | Dkt. 141 |
| January 10, 2022 | Order Denying as Moot Motion to Strike Motion for Extension and Motion to Strike the Motion to Strike Extension | Dkt. 142, 143 |
| January 11, 2022 | Order Denying Motion to Withdraw and Motion to Substitute | Dkt. 144, 145 |
| January 13, 2022 | Notice of Appearance on Behalf of Plaintiff (filed by Young) | Dkt. 146 |
| January 13, 2022 | Motion for Reconsideration of the Denial of the Motion to Withdraw and the Denial of the Motion to Substitute (filed by Young) | Dkt. 147 |
| January 14, 2022 | Objection to Motion for Reconsideration (filed by Dunlap) | Dkt. 150 |
| January 20, 2022 | Motion to Strike Dunlap Objection (filed by Young) | Dkt. 151 |
| January 20, 2022 | Fourth Motion to Extend styled as Motion to File Out of Time to February 18, 2022 ("Professor Butler proposes a new deadline of February 18, 2022 . . . . This is the last and final extension Professor Butler requests on her opposition to summary judgment.") (filed by Young) | Dkt. 152 |

### III.     ARGUMENT AND AUTHORITIES

Plaintiff seeks to file her long-delayed summary judgment response[1] by asking the Court to allow her to file the response out of time under Federal Rule of Civil Procedure 6(b)(1)(B), downplaying her failure to file by the extended deadline as "regrettably missed."  [Dkt. 152 at 1.]

---

[1]  As of the date this response is filed, Plaintiff has delayed 43 days past the original summary judgment response deadline of December 20, 2021, and 25 days from the January 7, 2022, deadline last ordered by the Court.  [Dkt. 134.]

3

She seeks to avoid her duty to show good cause for an extension of the scheduling order under Rule16, by arguing that any future scheduling issues can be addressed because she is willing to "jointly seek" any scheduling relief that Defendants need to accommodate her multi-month requested extension.  [Dkt. 152 at 7.]  Of course, any modifications to the scheduling order would affect the trial date as shown by the fact that Plaintiff's requested out of time date for her response is already past the deadline for initial pretrial disclosures.  Thus, Defendants brief this response under both Rule 6(b)(1)(B) and Rule 16(b)(4) and would show that Plaintiff is not entitled to the relief sought under the standards of either rule, including Rule 16 which she conveniently ignored.

## A.     Plaintiff cannot establish excusable neglect under Fed. R. Civ. P. 6(b)(1)(B)

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  "At bottom, 'excusable neglect' is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." *Kretchmer v. Eveden, Inc.*, No. 3:07-CV-1068-D, 2009 WL 1939036, at *1 (N.D. Tex. July 2, 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380, 395 (1993)).  Evaluating whether the excusable-neglect standard has been satisfied requires the court to weigh: (1) the danger of prejudice to the nonmovant; (2) the length of delay and its potential impact on the proceedings; (3) the reasons for the delay; and (4) whether the movant acted in good faith. *Blackford v. Lockheed Martin Corp.*, 4:09-CV-062-Y, 2010 WL 11619403, at *1-2 (N.D. Tex. May 4, 2010) (citing *Pioneer Inv. Servs. Co.*, at 384; *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).  As discussed below, on balance, the factors do not support excusable neglect relief for Plaintiff.

### 1.      The danger of prejudice to the nonmovant

With respect to the factor of prejudice, Plaintiff states that "prejudice is a non-issue here," [Dkt. 152 at 7], but that is simply not true.  To the extent that a response to the motion for summary judgment is filed on the fourth requested date of February 18, 2022, Defendants' reply would be due on March 4, 2022.  These dates interfere with the deadline for pretrial disclosures of February 8, 2022, and the deadline for objections to pretrial disclosures of February 22, 2022.  [Dkt. 113.] Indeed, Defendants would have to file initial pretrial disclosures some ten days before Plaintiff files her summary judgment response.  Moreover, it does not allow Defendants (or Plaintiff) sufficient time to submit their pretrial materials (i.e., joint pretrial order, motions in limine, proposed findings of fact and conclusions of law, and trial briefs), which are due on March 8, 2022.[2]  [Dkt. 113.]

Further, it is important to note that Defendants' motion should have been ripe for ruling on January 21, 2022 (which takes into account the second extension).  Both Congress and the judiciary have recognized the interest litigants have in the prompt resolution of matters pending before federal district courts.  *Blackford*, 4:09-CV-062-Y, 2010 WL 11619403, at *2 (citing Civil Justice Reform Act, 28 U.S.C. §§ 471 *et seq.*).  When the briefing on this Motion is completed, Plaintiff will have delayed resolution of Defendants' summary judgment motion by another almost four weeks, and if the Court allows a response from Plaintiff, the summary judgment motion will likely be delayed another (more than) two weeks.  This is prejudice.

### 2.      The length of delay and its potential impact on the proceedings

The Court must also consider the length of the delay **and** its potential impact on the proceedings.  As case law makes clear, the length of delay here—almost six weeks—weighs

---

[2] The interference with the deadlines in the Amended Scheduling Order, [Dkt. 113], is discussed in more detail below.

against excusable neglect. *See Belou v. Gusman*, CV 15-820, 2016 WL 9414343, at *3 (E.D. La. June 14, 2016) (providing that a delay of one month after the deadline to produce the proposed expert's report weighed against excusable neglect); *In re Ginther*, 07-80200 G311, 2008 WL 2359974, at *3 (Bankr. S.D. Tex. June 4, 2008) ("In the instant case, the evidence reflects that the length of delay (sometime between seven minutes to one day) in filing the late proof of claim was negligible."). More so, the extension here would significantly impact these proceedings (which is not even addressed in the Motion) and is shown on the chart below.

## EXTENSIONS AND MOTION TO FILE OUT OF TIME
## Butler's Response to Defendants' Motion for Summary Judgment



The requested additional extension would interfere with the pretrial deadlines and most certainly delay trial scheduled for April 5, 2022. Accordingly, this factor weighs against granting the Motion.

    **3.**    **The reasons for the delay**

With respect to the reasons for the delay, which "is perhaps the most important single factor" in the excusable-neglect analysis, this factor overwhelmingly weighs against granting any

extension of the deadline beyond the first two extensions.  *See Kretchmer*, 2009 WL 1939036, at

*2 (quoting *Inst. for Policy Studies v. U.S. Cent. Intelligence Agency*, 246 F.R.D. 380, 383 (D.D.C.

2007)); *see Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005).  In summary fashion, counsel

for Plaintiff (Young) asserts the reasons that "[t]his Court has already been apprised of the

significant problems Professor Butler experienced with [her attorney other Andrew Dunlap]" and

that the Court should take notice of "good faith efforts to transition [Mr. Dunlap] off this case,"

which have been delayed by motion practice of Mr. Dunlap (and unfavorable orders from the

Court).

　　　To begin, counsel for Defendants (and Defendants) have not had access to the documents

referenced in the Motion (i.e., Dkt. 148-1; 148-2), as they were filed ex parte and under seal.[3]

Nonetheless, counsel for Plaintiff (Young) has shared his views regarding "the significant

problems Professor Butler experienced with" Mr. Dunlap.  For example, Mr. Young believes that

Mr. Dunlap "did not put much if any work into the SJ opposition filings and repeatedly lied to his

client about when they'd be ready and sought scheduling relief that any competent lawyer would

know is insufficient to complete the task."[4]  Mr. Young also disclosed that "[i]t does not appear

that Mr. Dunlap has an actual client file per se—rather, he seems to keep electronic files in different

platforms, some items are clearly labeled, others are not."[5]  These views are very different from

the representations that Mr. Dunlap made to the Court on January 7, 2022—namely, that he was

prepared to file an opposition by the second extended deadline of January 7, 2022.  [Dkt. 137

---

[3] To the extent that the Court is persuaded by these documents, counsel for Defendants request an opportunity to view them and then to supplement this response.

[4] Exhibit A, Email chain between E. Young and K. Askew, Re: Timely: Butler v SMU et al 3:18-cv-0037, dated January 10, 2022.

[5] Exhibit B, Email from E. Young to K. Askew, Butler v Collins: Follow Up on Scheduling Relief, dated January 14, 2022.

("Plaintiff and Counsel conferred on January 6, 2022, and agreed that the response brief will be filed within the court['] deadlines.  There is no need for additional time.").]

Further, Mr. Young articulates another (but related) reason for the delay—his transition onto this case has not been smooth.  Even though Mr. Young "take[s] very few cases, and [is] very selective,"[6] he now claims that he did not reserve enough time to handle "unexpected" issues with the attorney that he is trying to replace and to draft an opposition to the pending motion for summary judgment.  Of course, "counsel's mistaken beliefs about his ability to handle a case do not weigh in favor of an extension of time."  *Blackford*, 4:09-CV-062-Y, 2010 WL 11619403, at *3 (citing *Quilling v. Humphries*, 3-06-CV-0299-L, 2006 WL 2586551, at *1 (N.D. Tex. Sept. 8, 2006)).

Ultimately, Plaintiff's explanation for the delay in responding to the summary judgment motion is that, first, Mr. Dunlap is allegedly a poor attorney and that, second, it took more time than Mr. Young anticipated to get up to speed on the case and to formulate a response.  This may be neglect, but it does not excuse the delay in filing a response or the delay in seeking an extension of time.  *Blackford*, 2010 WL 11619403, at *3 ("Counsel's estimate of his resources and the time it would take him to process the documents . . . and formulate a response may have been mistaken, and, therefore, 'may have constituted neglect, [but] that does not necessarily mean that neglect was excusable.' ") (quoting *Tex. Hous. Agency v. Verex Assur.*, 176 F.R.D. 534, 537 (N.D. Tex. 1998)).[7]

---

[6] Exhibit C, Email chain between E. Young and K. Askew, Re: Timely: Butler v SMU et al 3:18-cv-0037, dated January 10, 2022.

[7] Defendants also note that Plaintiff made the same arguments regarding her legal counsel's alleged ineffective representation when she got into a dispute regarding the termination of the attorney-client relationship with the lawyer (T. Robinson) who preceded Mr. Dunlap.  In her opposition to her then-lawyer's motion to withdraw, Plaintiff complained that her prior lawyer had failed to prosecute her case, had forced her to write legal briefs and to write dispositive motions, had failed

**4.      Whether the movant acted in good faith**

The final factor that the Court must consider is whether the movant acted in good faith. Several examples suggest that Plaintiff strategically uses withdrawals and substitution at critical junctures in the case to delay the proceedings (as shown below).



These lawyers (shown in red) have been withdrawn or substituted when discovery deadlines have approached or when a summary judgment deadline approached before the trial date. If Plaintiff was having trouble with her lawyer, (again, this is difficult for Defendants to respond to given that the declarations are filed under seal), she certainly could have sought relief before the summary judgement response deadline.   Instead, her counsel, who she now complains of, requested an extension from December 20, 2021, to January 3, 2022, which Defendants readily

---

to file motions she requested such as a motion for continuance, and had failed to properly conduct discovery.  [Dkts. 81 at 1-2; 81-2 at 3.]

agreed to, and the Court signed an Order.  [Dkt. 130.]  She then told the Court in her second extension request of January 3, 2022, that the response would be filed by January 7, 2022, and the Court entered that Order.  [Dkt. 134.]  Through Mr. Young, Plaintiff next represented to the Court that she would file a response by January 20, 2022—"I believe that I can ensure that her opposition brief and supporting exhibits and declaration be completed and docketed by January 20, 2022." [Dkt. 135.]  Three representations regarding extended summary judgment response dates, all developed by Plaintiff and her lawyers, have been provided to the Court.  Three of them have not been met—January 3, 7 and 20.

This extended track record of delay undermines any argument that Plaintiff and her attorneys are acting in purely good faith.

**B.     Plaintiff cannot satisfy her burden to show good cause under Fed. R. Civ. P. 16(b)(4)**

In reality, the relief requested in this Motion will necessarily lead to a modification of the scheduling order and a continuance of trial.  But Plaintiff cannot establish "good cause" under Rule 16 (and the Amended Scheduling Order [Dkt. 113]).  District courts are empowered "to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992)).  To facilitate this, "[t]he Federal Rules of Civil Procedure state that a pretrial schedule may be modified 'only for good cause.' " *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)).

Plaintiff bears the burden of establishing "good cause" to modify the scheduling order and delay the trial.  Fed. R. Civ. P. 16(b)(4); *Cartier v. Egana of Switz. (Am.) Corp.,* No. 3:08-CV-0001- D, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009).  The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party

needing the extension.'" *Puig v. Citibank, N.A.,* 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Cartier*, 2009 WL 614820, at *3 (citing *S&W Enters.*, 315 F.3d at 536). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.,* No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

Here, the only reasons that Plaintiff can offer for modifying the scheduling order and delaying trial is bad lawyering and poor time management, which do not show diligence. More so, extending the pretrial deadlines or delaying the trial would penalize Defendants for their comparative diligence in litigating the case, and any continuance would exacerbate rather than cure the prejudice. The trial date for this action is less than three months away. Defendants and their counsel have allocated their resources to meet the April 2022 trial setting. Plaintiff cannot point to any reasons—other than her own lack of diligence—for why she could not meet the deadlines that Defendants are prepared to meet (and were agreed to by Plaintiff).

In sum, it appears that the Motion is nothing more than an effort by Plaintiff's new counsel to help Plaintiff escape summary judgment. But that is excusable neglect (or good cause). Thus, applying the Rule 6 factors (or the Rule 16 factors), Plaintiff has failed to even come close to establishing excusable neglect (or good cause), and courts consistently recognize that lack of diligence like the kind that Plaintiff has demonstrated counsel against delaying trial further.

## IV.     <u>**CONCLUSION**</u>

For the foregoing reasons, Defendants request that the Court deny Plaintiffs' Motion to File Opposition to Summary Judgment Out of Time.

Dated:  February 1, 2022                  Respectfully submitted,

By:    */s/ Kim J. Askew*
Kim J. Askew
Texas State Bar No. 01391550
kim.askew@us.dlapiper.com
Mallory Biblo
Texas State Bar No. 24087165
mallory.biblo@us.dlapiper.com

DLA PIPER LLP (US)
1900 N. Pearl Street
Suite 2200
Dallas, TX  75201
Tel. 214.743.4506

**ATTORNEYS FOR DEFENDANTS
SOUTHERN METHODIST
UNIVERSITY, JENNIFER M.
COLLINS, STEVEN C. CURRALL,
JULIE PATTERSON FORRESTER,
AND HAROLD STANLEY**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that this document filed February 1, 2022, through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Mallory Biblo*
Mallory Biblo

13