UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHERYL BUTLER, § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> JENNIFER M. COLLINS, § <br> STEVEN C. CURRALL, § <br> JULIE FORRESTER ROGERS, § <br> HAROLD STANLEY, AND § <br> SOUTHERN METHODIST UNIVERSITY, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:18-cv-00037-E |

ORDER AND MEMORANDUM OPINION

Before the Court is Plaintiff Cheryl Butler's Opposed Motion to File Opposition to Summary Judgment Out of Time with Incorporated Brief. (Doc. 152). After considering the motion, response, the record, and applicable law, the Court finds that the motion should be, and therefore is, DENIED.

**I.  Background Facts**

This case stems from the Defendants' decision to deny Plaintiff's tenure as a law professor and alleged defamatory statements made in 2016. The case was removed to federal court in January of 2018 and was originally before Judge Lindsay. Since then, the case has survived the dismissal without prejudice of multiple defendants, a case reassignment to Judge Brown, Plaintiff's termination of six of her attorneys, Plaintiff's show cause hearing, and Plaintiff's suggestion of bankruptcy leading to the administrative closure of the case.

Defendants filed an unopposed motion to reopen the case in early February 2021. (Doc. 108). One year has passed since the Court granted the motion and reopened the case. (Doc. 109). From that moment to today, Defendants have timely filed their designation of experts, (Doc. 115);

their motion for summary judgment, (Doc. 126) and their pretrial disclosure, (Doc. 155). The case was finally on track to conclude with an April 5, 2022, trial date. Meanwhile, Plaintiff has not been nearly as productive.

In addition to filing nothing described in the Court's Amended Scheduling Order (Doc. 113), Plaintiff's response to Defendants' summary judgment motion was originally due December 20, 2021. Citing upcoming work demands for both Plaintiff and her attorney Andrew Dunlap, Plaintiff requested a deadline extension to January 3, 2022. (Doc. 129). The Court granted this first extension. (Doc. 130). Then, citing the same work demands and how close she was to finishing her brief, Plaintiff asked for a second deadline extension for an additional four days. The Court granted this second extension. (Doc. 134). From there, the case took an unusual turn.

The day before Plaintiff's summary judgment response was due, Attorney Ezra Young motioned the Court to appear *pro hac vice* on behalf of Plaintiff. (Doc. 133). That same day, he filed Plaintiff's Third Motion for Extension of Time requesting a new deadline of January 20, 2022. (Doc. 135). The next day, Plaintiff's other attorney Andrew Dunlap motioned to strike that third request from the record (Doc. 138) and then motioned to withdraw as counsel. (Doc. 139). The Court granted the application for admission *pro hac vice* (Doc. 136), denied the third deadline extension (Doc. 141), and denied the motion to withdraw as counsel (Doc. 144). Attorney Ezra Young filed Plaintiff's Opposed Motion to File Opposition to Summary Judgment Out of Time requesting a new deadline of either February 18 or 19, 2022; it is unclear from the motion which date she desired. (Doc. 152). That motion (Doc. 152) is now before the Court and is DENIED for the reasons described below.

**II.     Legal Standard**

Federal Rule of Civil Procedure 6(b)(1)(B) provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "A district court has

discretion to refuse to accept a party's dilatory response to a motion for summary judgment[] and has discretion to deny extending the deadline when no excusable neglect is shown." *Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020) (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006)).

The standard for evaluating excusable neglect or good cause is an equitable one that considers "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation and footnote omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (per curiam) (unpublished) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)).

**III. Analysis**

This Court has been flexible regarding Plaintiff's needs to modify this case's schedule and deferential to her reasons for doing so. But her motions to delay these proceedings have begun to pile up. After granting the Plaintiff multiple extensions, despite her multiple excuses, the Court's flexibility and deference is finally exhausted. At the end of day, "[d]istrict courts must have the power to control their dockets by holding litigants to a schedule." *Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019). The Plaintiff here is not special—the Court must exercise its power to hold her to the deadlines she proposed.

a. Granting this relief unduly prejudices the Defendants.

If the Court allowed Plaintiff's dilatory response to remain, Defendants would have fourteen days to reply creating a March 5, 2022, deadline. The Parties' Pretrial Materials are due

just three days later, March 8, 2022. So rather than having time to focus solely on preparing pretrial materials, as originally contemplated by the parties most recent Joint Status Report (Doc. 112), Defendant would also have to prepare a reply brief. All this cramming would take place within one month of the April 5, 2022, trial date, further inhibiting Defendants' time to prepare. Defendants already opposed Plaintiff's second request for an extension citing their need for "time to prepare for whatever claims survive their motion for summary judgement." (Doc. 132). In addition to that concern becoming more pronounced with the elapsing of one and a half months, granting Plaintiff's request would now require Defendants to work on materials with overlapping deadlines.

    b.  The length of delay negatively impacts the proceedings.

At minimum this extension would require the parties to juggle multiple deadlines at once. Plaintiff has already proved unable to do so as she failed to comply with the February 8, 2022, Pretrial Disclosure deadline. (*See* Doc. 156-2, Declaration of Ezra Ishmael Young) ("In the course of juggling lead drafting of Professor Butler's summary judgment opposition, two replies to Defendants' opposition to other motions pending before this Court [], I inadvertently missed the deadline for the pretrial disclosures."). In all likelihood, this extension would further require the Court to, once again, extend the deadlines in this four-year-old case.

    c.  The reasons for delay are simply unpersuasive.

Plaintiff's flouting of the deadlines she proposed must no longer be rewarded. Her reasons for extensions are unpersuasive; and the Court will no longer exercise its discretion to grant them.

        i.  Although the first motion to extend the summary judgment response deadline was unpersuasive, the Court granted the extension anyway.

Plaintiff's First Unopposed Motion to Extend the Time to File an Objection to Defendants' Motion for Summary Judgement (sic) states the following: "Defendants (sic) can show good cause in this matter because Plaintiff is concluding the fall semester as a professor at Washburn University Law School and cannot assist her counsel in providing a response" and that Plaintiff's Counsel Andrew Dunlap "is also unable to respond in the time allotted due to other matters

requiring his attention." (Doc. 129).

Plaintiff was a law professor at the time she agreed to establish the November 30, 2021, deadline to file dispositive motions and should have been aware that her semester would be concluding at that time. Plaintiff's Counsel Andrew Dunlap's reasoning for the extension was then, and is now, simply too vague to determine if it was or was not for good cause. Nevertheless, the Court granted the deadline extension.

> ii. Although the second motion to extend the summary judgment response deadline was unpersuasive, the Court granted the extension anyway.

Plaintiff's Second Motion to Extend the Time to File an Objection to Defendants' Motion for Summary Judgement (sic) simply copied and pasted the language of the first motion into the second, including the same arguments and same typos. (Doc. 131). However, this time Plaintiff stated that she "has completed her brief but needs to complete her declaration and finish compiling exhibits" and needed a four-day extension because she was in the middle of grading papers. *Id.*

Again, Plaintiff was a law professor at the time she asked for the first extension and should have known that she would be grading papers at the time of the first deadline she requested. The second motion again failed to explain what "other matters" required Plaintiff's Counsel Andrew Dunlap's attention. Defendants' counsel opposed Plaintiff's second request for a deadline extension. Despite the second motion's deficiencies, and despite Defendants' objections, the Court granted the second deadline extension.

> iii. The third motion was unpersuasive—the Court declined to extend the deadline any further.

The third motion for a deadline extension came on the day the response was due. As noted above, the Court allowed a new attorney to appear on behalf of Plaintiff one day prior to the deadline. Plaintiff's newest attorney, Ezra Young, filed the third motion asking for a January 20, 2022, deadline. The motion begins by explaining his last-minute entry into the case, proceeds to make a claim that undermines Plaintiff's previous contention, and concludes with several

Through this motion, Plaintiff alleges the following:

> Professor Butler notified me [Attorney Ezra Young] via text and later called me directly to share that Mr. Dunlap had not finalized her opposition brief, had not yet identified any documents in support of her brief or otherwise confirmed to Professor Butler that he had pulled any documents necessary to support her brief, even though she repeatedly requested such confirmation. Mr. Dunlap also shared that he had not completed a declaration in support of the same.

(Doc. 135). This new claim that "Mr. Dunlap had not finalized her opposition brief" contradicts Plaintiff's previous claim in her second extension request that she "has completed her opposition brief[.]" This discrepancy does not prove excusable neglect; it shows the opposite. The next series of arguments are no better.

Mr. Young argues that it is in Plaintiff's interest to receive a third extension. While that part is true, it in no way demonstrates excusable neglect. He then argues it is in the Court's interest to grant the third extension because it will "preserve the integrity of these proceedings[.]" (Doc. 135 at 3). He cites nothing to support this claim. In fact, the opposite is true; allowing one party to repeatedly propose deadlines and then ignore them undermines the integrity of the proceedings. Lastly, he argues that Defendant's opposition to the motion is "unavailing given that Professor Butler has already advised that she welcomes and will support jointly any additional scheduling relief sought by Defendants to accommodate this third extension." *Id.* at 5. Defendants' unwillingness to delay these proceedings any further is not "unavailing" simply because Plaintiff remains willing to do so. None of these arguments move the needle towards finding excusable neglect.

Finally, Plaintiff claims she will be able to submit a response if the Court grants a third extension, this time to January 20, 2022. Plaintiff's Counsel Ezra Young assured the Court that these two weeks will be enough time to "work with Mr. Dunlap to obtain copies of all discovery produced in this matter and review it with Professor Butler and file clean, well-researched and evidence supported opposition filings in this matter." *Id.* at 3. The motion provides no explanation

why Mr. Dunlap would be able to finally turn his attention to this matter. It provides no explanation how Mr. Young could get himself up to speed enough to draft a substantive and fully compliant response to Defendants' summary judgment motion within fourteen days.

With no showing of excusable neglect, no indication how Plaintiff could accomplish such a feat in such little time, and in light of all the previous modification to this case's schedule, the Court declined the third request. Not to be deterred, Plaintiff filed a motion for a fourth deadline extension request.

    iv.  The fourth motion is unpersuasive and is therefore denied.

As an initial matter, it is unclear which date Plaintiff intended to finally file its summary judgment response. In the beginning of Plaintiff's motion, "Plaintiff Butler proposes a new deadline of February 18, 2022[.]" (Doc. 152 at 1). Just a few pages later, Plaintiff states "[i]n [Plaintiff's Counsel Mr. Young's] professional judgment, a new and final deadline of February 19, 2022, is both realistic and necessary under the circumstances." *Id.* at 5. Plaintiff concludes this motion by stating the Court should "permit Professor Butler to file her opposition to summary judgment on February 18, 2022." *Id.* at 8.

Ordinarily, the Court would assume the February 19, 2022, date was simply a typo considering the February 18 date appearing in the introduction and conclusion. But ultimately, Plaintiff filed her dilatory summary judgment response on February 19, 2022, forty-three days after the deadline. (Doc. 159). Even if the Court had granted this fourth deadline extension, Plaintiff would still have blown it. The reasons set forth in the motion are as unpersuasive as the others. The Court need not address all of them in this opinion, but a few are noteworthy enough to warrant a response.

First, the motion references alleged ongoing disputes between Plaintiff and her counsel Andrew Dunlap. For example, her declaration states "[f]or much of 2021, Mr. Dunlap refused to timely work, made unilateral decisions in this litigation in direct contravention of my instruction and interests, made inappropriate financial demands of me, refused access to documents in this

matter, and repeatedly threatened to withdraw if I did not cease complaining about these problems." (Doc. 148-1). Plaintiff's Counsel Andrew Dunlap paints a largely different picture going as far as accusing her of outright lying to the Court. (Doc. 149) ("Plaintiff is lying to the court in paragraph 13 a (sic) of her declaration.").

For the purposes of denying this motion, the Court need not decide who is "lying" in each one of the various disputes between Plaintiff and Mr. Dunlap. It is enough that these disputes predate Defendants' summary judgment motion by months; but she only brings these grievances to the Court's attention one week after her second extended deadline had passed. The Court finds that both Plaintiff and Mr. Dunlap lack credibility. Furthermore, the Court will not allow this convenient bickering on the record, after the deadline for the response has passed, to serve as a basis for delaying these proceedings any further.

Second, Plaintiff argues that her offer to not oppose any future deadline extensions that Defendants request and that "there is no reason to believe this Court would not grant such relief" proves there is no prejudice to Defendants. (Doc. 152 at 7). The Court already noted the prejudice to Defendants above. The Court cites this portion of the motion to highlight Plaintiff's indifference to the Court's docket. This Court has nearly one thousand pending cases before it with hundreds of motions to address. Plaintiff's dismissive and conclusory claim that "that there is no reason to believe this Court" would not grant an additional extension in this four-year old case one month from the trial date only highlights her disregard for the Court's docket. *Id.*

Third, Plaintiff argues that not being granted this extension means "that she lose[s] her merits case by default." *Id.* This contention is false. Courts of this jurisdiction do not simply grant "default" summary judgments when the nonmovants fail to respond—instead, they conduct the summary judgment analysis as usual except for treating facts listed in the movant's motion as undisputed. *See, e.g.*, *Trieger v. Ocwen Loan Servicing, LLC,* No. 3:19-cv-100-L, 2019 U.S. Dist. LEXIS 183294, at *7-8 (N.D. Tex. Oct. 22, 2019) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

Furthermore, Plaintiff's argument here assumes that nonmovants are entitled to unlimited deadline extensions so long as they are responding to dispositive motions. The one case Plaintiff cites to support that assumption, an inapposite Eighth Circuit case, does not address the fact that courts of this jurisdiction can and do consider summary judgment motions without responses. *See, e.g.*, *id.* This fact was simply not before the Eighth Circuit in the case she cites. At last, Plaintiff provides no sound reason why she is entitled to receive eighty-two days to respond to Defendants' summary judgment motion when our local rules allow for twenty-one. *See* Local Rule 7.1(e). The Court now turns to the final factor.

    d.  The Court finds the Plaintiff acted in bad faith.

The Court reaches this conclusion based on the entirety of the record. Plaintiff has developed a bad habit of ignoring deadlines, (*see* Doc. 54, Plaintiff's Expert Witness Designation filed two days after the deadline established in the Court's Scheduling Order (Doc. 41)); failing to comply with discovery requests, (*see* Doc. 97, indicating the Court's consideration of awarding Defendants' attorney's fees based on Plaintiff's failure to comply with discovery requests); substituting counsel when major deadlines approach, (*see* Doc. 71, Opposed Amended Motion to Withdraw as Counsel one month prior to the discovery deadline and while she owed multiple discovery documents to Defendants); then blaming the withdrawn attorney as the reason for the delay, (*see* Doc. 98 at 4 of 20; *see also* Doc. 152).

The Court previously noted its lack of trust for Plaintiff's delay tactics. For example, the Court ordered Plaintiff to attend a status conference. (Doc. 73). Despite the Court's order, she failed to appear. The Court found her excuse for her failure to be disingenuous.

> On November 7, 2019, this Court entered an Order setting a November 14, 2019 status conference to facilitate management of the case. (Doc. 73). The Order specifically required Plaintiff to appear at the hearing. *Id.* Plaintiff failed to appear in person for the November 14, 2019 status conference, violating the Court's November 7, 2019 Order.
>
> Plaintiff filed a motion for continuance, but only after the November 14, 2019 status conference had already begun. (Doc. 80). In her motion, Plaintiff acknowledged the importance of her appearance at the proceeding. Specifically, she stated, "[o]n November 7, 2019 and again on November 11, 2019, counsel of record sent a copy of

> the order via email expressly emphasizing the importance of Plaintiff's mandated appearance at the upcoming November 14, 2019 hearing." As excuses for failing to appear, Plaintiff claims "she is unable to appear on this date due to existing medical conditions," "due to her medication, and its accompanying side effects such as drowsiness, she is unable to drive to Dallas to attend the hearing," and "she has a doctor's appointment scheduled for Thursday, November 14, 2019." In a declaration attached to her motion, Plaintiff states the doctor's appointment was "[t]o secure a doctor's note verifying [her] unavailability" for the hearing. That Plaintiff can get to and from a doctor's appointment the same day she claims to be unable to attend the proceeding in the Court undermines her credibility with the Court.

(Doc. 87). The Court will not exercise its discretion to reward this kind of behavior.

## IV.  Conclusion

For the above reasons, Plaintiff Cheryl Butler's Opposed Motion to File Opposition to Summary Judgment Out of Time with Incorporated Brief (Doc. 152) is DENIED. The following filings are ORDERED STRICKEN from the record: Plaintiff Cheryl Butler's Responsive Motion Opposing Summary Judgment (Doc. 159); Brief in Support of Plaintiff's Opposition to Summary Judgment (Doc. 160); Appendix in Support of Plaintiff's Opposition to Summary Judgment (Doc. 161).

SO ORDERED: February 24, 2022.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE