UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-00037-E |
| | § | |
| JENNIFER COLLINS, STEVEN CURRALL, | § | |
| ROY ANDERSON, JULIE FORRESTER, | § | |
| HAROLD STANLEY, PAUL WARD, and | § | |
| SOUTHERN METHODIST UNIVERSITY, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Cheryl Butler's Motion for Reconsideration with Incorporated Brief (Doc. 171). After considering the motion, the record, and applicable law, the Court finds that the motion should be, and therefore is, DENIED.

**I.    Introduction**

This motion asks the Court to reconsider its order that 1) denied Plaintiff's fourth request for a summary judgment response deadline extension; and 2) struck Plaintiff's late response from the record. (Doc. 166). In the order, the Court explained its reasoning in detail. *Id.* Two weeks have passed; there are no new developments in this case and no changes in the applicable law.

The Court finds the motion unpersuasive and presents no legal basis for this Court to reverse itself. The Court reaffirms its finding that Plaintiff failed to show excusable neglect in failing to timely file a summary judgment response; and the Court will not exercise its discretion to allow her late filing. (Doc. 166). The Court writes further to clarify a legal issue Plaintiff raises regarding this Court's discretion to deny the relief she seeks.

**II.    Legal Standard**

Plaintiff's motion is governed by Rule 54(b). Rule 54(b) applies where, as here, a party

seeks to revise an order that did not result in the case being dismissed. It provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). Under Rule 54(b), the Court has broad discretion to reconsider and modify its prior order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990). The Court's discretion to reconsider its interlocutory ruling is not limited by the heightened standards of other rules governing reconsideration of final orders, including Rule 59(e). *Id.*

### III.    Analysis

a.   Plaintiff's legal argument regarding this Court's authority is unpersuasive.

Plaintiff claims "it is an abuse to ignore late summary judgment opposition." (Doc. 171 at 12) (cleaned up). She cites four cases in support of her claim, two from the Fifth Circuit and two from the Eighth Circuit. *See id.* at 12-13 (citing *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010); *Ballard v. Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008); *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat. Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). The Court read these cases, considered Plaintiff's arguments, but after doing so, the Court remains unpersuaded by her interpretation and rejects it accordingly.

b.   The Fifth Circuit has affirmed this Court's authority to decline late summary judgment responses.

The Court disagrees with Plaintiff's understanding and explanation of those four cases.

The Fifth Circuit has held post *Eversley* and *Hibernia* that district courts in this circuit have the power to reject late summary judgment responses. *Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020) ("A district court has discretion to refuse to accept a party's dilatory response to a motion for summary judgment, [] and has discretion to deny extending the deadline when no excusable neglect is shown.") (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006)). If the exact language in *Kitchen* does not make the Court's authority clear, the facts of *Adams* drive the point home.

> Adams argues that the District Court erred by not relying upon his untimely response in opposition to Travelers's filing for summary judgment, by not granting an extension under Rule 6(b)(2), and by not granting a continuance for further discovery under Rule 56(f). We review for abuse of discretion. After two extensions beyond the initial February 2004 deadline, Adams filed both his response to Travelers' motion for summary judgment and a request for a third extension on June 9, 2004, the day following the final due date. The District Court did not abuse its discretion by refusing to apply Adams's untimely response to Travelers' motion for summary judgment, despite having read it, or by denying an extension because Adams failed to demonstrate excusable neglect. Adams had ample time to comply with the extended deadline.

465 F.3d at 161–62.

Like the district court in *Adams*, this Court granted two summary judgment response deadline extensions—and did so over Defendant's objection to the second. And again, like the district court in *Adams*, this Court declined to grant a further extension. However, the similarities end there. Adams attempted to file his response only one day past the second extension's final deadline. *Id.* The Fifth Circuit still held the district court "*did not abuse its discretion* by refusing to apply [his] untimely response to Travelers' motion for summary judgment[.]" *Id.* (emphasis added).

Unlike Adams, Plaintiff filed a fourth extension request, and would have still needed a

fifth, before filing her response.[1] And again, unlike Adams, Plaintiff attempted to file her response forty-three days past the final deadline.

## IV.     Conclusion

For the reasons stated above, Plaintiff Cheryl Butler's Motion for Reconsideration with Incorporated Brief (Doc. 171) is DENIED.

SO ORDERED: March 9, 2022.

Ada Brown
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff, in her fourth motion for a summary judgment response deadline extension, requested a February 18, 2022, deadline. *See* (Doc. 152 at 1, 8). Despite the newest date she proposed, which the Court never approved, Plaintiff filed her dilatory response to summary judgment on February 19, 2022. *See* (ECF No. 159) (stricken per the Court's order in (Doc. 166)).