IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M. COLLINS, | § | |
| STEVEN C. CURRAL, | § | |
| ROY ANDERSON, | § | |
| JULIE FORRESTER ROGERS, | § | |
| HAROLD STANLEY, and | § | |
| SOUTHERN METHODIST UNIVERSITY | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION, ORDER, AND ORDER TO SHOW CAUSE**

On March 25, 2022, Plaintiff filed her Motion to Reopen Discovery Pursuant to Rule 56(d) With Incorporated Brief ("Plaintiff's Motion"). (Doc. 188). On April 11, 2022, the Court issued an Order denying Plaintiff's Motion. (Doc. 189). In that Order, the Court stated "[a]n opinion containing the grounds for the Court's decision is forthcoming." (Doc. 189). The Court explains its reasoning for denying Plaintiff's Motion below. Furthermore, the Court ORDERS both Plaintiff and her counsel, Ezra Young, to appear, in-person, at a show cause hearing on January 19, 2023, at 10:00 a.m. in the United States District Court, 1100 Commerce Street, Courtroom 1310, Dallas, Texas 75242, to determine whether Young should be sanctioned.

## I. PROCEDURAL HISTORY

Because Plaintiff's Motion concerns a request for additional discovery in opposition to Defendant's motion for summary judgment, the Court provides a procedural history of the pertinent motion practice.

### A. Defendants' Motion for Summary Judgment and Granted Extensions for Plaintiff's Response

Plaintiff asserted thirty counts against Defendants based on allegations of defamation; fraud; negligence; breach of contract; and unlawful employment practices. (Doc. 12). The Court previously dismissed eight of Plaintiff's claims with prejudice. (Doc. 47). The Parties conducted discovery on the remaining claims pursuant to an amended scheduling order. (Doc. 113). On September 2, 2021, the Parties filed an agreed motion to extend (i) the discovery deadline to October 29, 2021 and (ii) the dispositive motion deadline to November 30, 2021. (Doc. 116). The Court granted the Parties' extensions, as requested. (Doc. 117).

Defendants timely filed their motion for summary judgment on November 29, 2021. (Doc. 126). Defendants' motion for summary judgment sought dismissal of all of Plaintiff's remaining counts. Plaintiff's response to Defendants' motion for summary judgment ("Response") was due twenty-one days later, on December 20, 2021. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Citing upcoming work demands for both Plaintiff and her attorney Andrew Dunlap, Plaintiff requested an extension for her Response—to January 3, 2022. (Doc. 129). The Court granted this first extension as requested. (Doc. 130). Next—citing the same work demands and how close she was to finishing her Response—Plaintiff asked for a second extension for her Response—to January 7, 2022. (Doc. 131). The Court granted this second extension as requested. (Doc. 134). Thereafter, this case took an unusual turn.

### B. Young's Appearance and Numerous Denied Extensions for Plaintiff's Response

On January 6, 2022, Young motioned the Court to appear *pro hac vice* on behalf of Plaintiff. (Doc. 133). That same day, Young filed Plaintiff's Third Motion for Extension of Time—

requesting a new Response deadline of January 20, 2022. (Doc. 135). On January 7, 2022, Dunlap—still Plaintiff's counsel—motioned to strike Plaintiff's Third Motion for Extension of Time from the record, (Doc. 138). Dunlap then motioned to withdraw as counsel. (Doc. 139). Afterward, Court entered several corresponding orders, which (i) granted Young's application for admission *pro hac vice* (Doc. 136); (ii) denied Plaintiff's Third Motion for Extension of Time (Doc. 141); and (iii) denied Dunlap's motion to withdraw as Plaintiff's counsel. (Doc. 144).

On January 20, 2022, Young filed Plaintiff's fourth extension—now requesting a new Response deadline of either February 18 or 19, 2022; it is unclear from the motion which date Plaintiff desired. (Doc. 152). On February 19, 2022, Plaintiff filed her Response, corresponding brief, and appendix. (Docs. 159, 160, and 161). On February 28, 2022, the Court denied Plaintiff's fourth extension request by Order and Memorandum Opinion—wherein the Court found (i) that Plaintiff failed to show good cause or excusable neglect for failing to timely file her Response and (ii) that Plaintiff had acted in bad faith. (Doc. 166). The Court further struck Plaintiff's untimely-filed Response, corresponding brief, and appendix. (Doc. 166). Afterward, Plaintiff motioned the Court to reconsider this February 28, 2022 Order and Memorandum Opinion. (Doc. 171). On March 8, 2022, the Court held a hearing on, *inter alia*, Plaintiff's first reconsideration motion. (Doc. 186).

On March 9, 2022, the Court issued a second Memorandum Opinion and Order, which denied Plaintiff's first reconsideration motion. (Doc. 181). The Court reaffirmed its finding (i) that Plaintiff failed to show good cause or excusable neglect and (ii) that Plaintiff had acted in bad faith. (Doc. 181). Afterward, Plaintiff motioned the Court, again, to reconsider this March 9, 2022 Memorandum Opinion and Order. (Doc. 183). On March 17, 2022, the Court denied this second motion for reconsideration in a third Memorandum Opinion and Order that reaffirmed the Court's

findings. (Doc. 187). The Court concluded Plaintiff's latest motion to reconsider (Doc. 183) was "overloaded with improper interpretations" of law, the Court's opinions, and the Court's record. (Doc. 187 at 3). Lastly the Court stayed proceedings "pending the Court's ruling on Defendant's [sic] motion for summary judgment." (Doc. 187). In summary, the Court granted two extensions for Plaintiff to file her Response (Docs. 130 and 134) but denied Plaintiff's several requests for extensions and reconsiderations, thereafter—including the issuance of three separate memorandum opinions and orders. (*See* Docs. 141, 166, 174, 181, and 187).

**C. Plaintiff's Motion to Reopen Discovery Pursuant to Rule 56(d)**

Despite the Court's stay, Plaintiff filed a Rule 56(d) motion on March 25, 2022—asking the Court to reopen discovery so that she may obtain discovery of a "tenure box":

> Professor Butler asks that this Court reopen discovery to facilitate the proffer of evidence critical to Defendants' outstanding motion for summary judgment (ECF No. 126). Professor Butler narrowly seeks production of her "tenure box" and one complementary interrogatory asking Defendants to identify the same by batesnumber [sic].

(Doc. 188 at 5).[1] Plaintiff specifically requests the Court to reopen discovery to permit her one request for production and one interrogatory on Defendants—each seeking production and identification of the tenure box, respectively. (Doc. 188 at 3-4). Plaintiff further construes the Court's stay pending adjudication of Defendants' motion for summary judgment as follows:

> As to Defendants' construction of the stay—a "stay" pauses deadlines in a case, *it does not prohibit parties from making motions*, *let alone bar the filing of motions that must be docketed prior to the event that automatically lifts the stay*, which in this case is a merits opinion on Defendants' summary judgment motion.

(Doc. 188 at 6) (emphasis added).

[1] Plaintiff refers to this document interchangeably as a "tenure dossier" or "tenure binder" (*See* Doc. 188 at 8).

Thus, Plaintiff's Motion and Young's conduct have raised two issues for the Court. The first issue is whether Plaintiff's Motion should be granted. The second issue is whether—considering (i) Federal Rule of Civil Procedure 11; (ii) the standards of attorney conduct adopted in *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284, 285 (N.D. Tex. 1988); and (iii) the Court's previous orders on Plaintiff's Response—Young should be sanctioned. First, the Court has determined that Plaintiff is not entitled to discovery under Rule 56(d) because she failed to diligently pursue the tenure box. Second, the Court has determined that Young must submit to a show cause hearing to determine whether he should be sanctioned.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 56(d)

The Federal Rules of Civil Procedure permit a party to "*move* for summary judgment at any time," and "the court may *grant* summary judgment any time before trial." *See Guillory v. Domtar Indus.*, 95 F.3d 1320, 1328 (5th Cir. 1996) (citation omitted, emphasis added). "Rule 56(d) allows a court to deny a summary judgment motion and extend discovery if the party opposing summary judgment 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Jacked Up, LLC v. Sara Lee Corp.*, 854 F.3d 797, 815–16 (5th Cir. 2017) (quoting Fed. R. Civ. P. 56(d)). Specifically, Rule 56(d) states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[2] Thus, "Rule 56(d) permits 'further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Bailey v. KS Mgmt.*

---

[2] Most opinions that address Rule 56(d) motions refer to the movant on the Rule 56(d) motion as the "nonmovant" in accordance with Rule 56(d). *See, e.g.*, *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017).

*Servs.*, L.L.C., 35 F.4th 397, 401 (5th Cir. 2022) (per curiam) (quoting *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013)).

"Although Rule 56(d) motions are broadly favored and liberally granted, a party's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited." *Branch Banking & Tr. Co. v. Lexiam Enterprises, LLC*, No. 3:15-CV-2928-M, 2016 WL 9559894, at *1 (N.D. Tex. Sept. 2, 2016) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). To obtain relief under Rule 56(d), the nonmovant must show: (i) that additional discovery will create a genuine issue of material fact; and (ii) that she diligently pursued discovery. *Bailey*, 35 F.4th at 401 (quoting *Jacked Up*, 854 F.3d at 816). "If the requesting party 'has not diligently pursued discovery, [] she is not entitled to relief' under Rule 56(d)." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)); *see also Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267–68 (5th Cir. 1991).

### B. Sanctions Under the Federal Rule of Civil Procedure 11

Regarding representations to the Court, Federal Rule of Civil Procedure 11 states:

> By presenting to the court a . . . written motion . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 permits the Court to impose a sanction "on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3); *see Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008) (explaining the Court is required to hold a show cause hearing before sanctioning an attorney, law firm, or party under Rule 11(b)). "[A] district court should 'evaluate[ ] an attorney's conduct at the time a pleading, motion, or other paper is signed.'" *Tejero v. Portfolio Recovery Assocs.*, 955 F.3d 453, 458 (5th Cir. 2020) (quoting *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (en banc) (quotation omitted)).

### C. Inherent Power to Sanction and Northern District of Texas Standards for Attorney Conduct

District courts have inherent power to impose sanctions for litigation misconduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991). This inherent power derives from a district court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (internal quotation marks and citation omitted). In *Dondi*, the Northern District of Texas adopted standards for attorney conduct—which include courtesy and cooperation. 121 F.R.D. 284 (N.D.Tex.1988) (en banc); *see Blastmyresume.com LP v. Hoboken Web Servs. LLC*, 214 F. App'x 423, 424 (5th Cir. 2007) (discussing *Dondi*). *Inter alia*, the Northern District of Texas adopted the following:

> (A) In fulfilling his or her primary duty to the client, a lawyer must be ever conscious of the broader duty to the judicial system that serves both attorney and client.
> (B) A lawyer owes, to the judiciary, candor, diligence and utmost respect.
> (C) A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves.
> (D) A lawyer unquestionably owes, to the administration of justice, the fundamental duties of personal dignity and professional integrity.

> . . . .
> (G) In adversary proceedings, clients are litigants and though ill feeling may exist between clients, such ill feeling should not influence a lawyer's conduct, attitude, or demeanor towards opposing lawyers.
> (H) A lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or counsel's client. []

*Dondi*, 121 F.R.D. at 287–88. The *Dondi* court further noted its power to promulgate such rules:

> We are authorized to protect attorneys and litigants from practices that may increase their expenses and burdens (Rules 26(b)(1) and 26(c)) or may cause them annoyance, embarrassment, or oppression (Rule 26(c)), and to impose sanctions upon parties or attorneys who violate the rules and orders of the court (Rules 16(f) and 37). We likewise have the power by statute to tax costs, expenses, and attorney's fees to attorneys who unreasonably and vexatiously multiply the proceedings in any case. 28 U.S.C. § 1927. We are also granted the authority to punish, as contempt of court, the misbehavior of court officers. 18 U.S.C. § 401. In addition to the authority granted us by statute or by rule, we possess the inherent power to regulate the administration of justice. *See Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546, 550 (5th Cir.1986) (federal courts possess inherent power to assess attorney's fees and litigation costs when losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons); *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 875 (5th Cir.1988) (en banc) (district court has inherent power to award attorney's fees when losing party has acted in bad faith in actions that led to the lawsuit or to the conduct of the litigation).

*Dondi*, 121 F.R.D. at 287. "Malfeasant counsel can expect instead that their conduct will prompt an appropriate response from the court." *Dondi*, 121 F.R.D. at 288.

## III. ANALYSIS

### A. Plaintiff Fails to Show She Diligently Pursued the Discovery She Now Seeks Under Federal Rule of Civil Procedure 56(d)

The Court first addresses whether Plaintiff diligently pursued discovery of the tenure box under Rule 56(d). The Fifth Circuit has recently addressed Rule 56(d) in *Bailey*, wherein the district court issued an order "which *prohibited* any 'interrogatories, requests for admissions, or depositions . . . without court approval.'" 35 F.4th at 401 (emphasis added). Thereafter, the defendant moved for summary judgment. The plaintiff timely sought extension of her deadline to respond to the summary judgment—further requesting permission to conduct further discovery,

but the district court "denied that motion without explanation." *Bailey*, 35 F.4th at 404. The plaintiff then filed a Rule 56(d) motion to defer the district court's consideration on the pending summary judgment motion until the plaintiff had the opportunity to obtain the discovery she had repeatedly requested, but again, the district court denied her requests "quickly and without explanation." *Bailey*, 35 F.4th at 401, 404. Ultimately, the district court granted the defendant's summary judgment. *Bailey*, 35 F.4th at 401. The Fifth Circuit reversed the district court's denial of the plaintiff's Rule 56(d) motion and noted:

> "there was no discovery period at all—Bailey had no opportunity to conduct discovery absent court approval. She promptly and repeatedly sought such approval. *That her requests were repeatedly denied does not reveal a lack of diligence on her part*."

*Bailey*, 35 F.4th at 404 (emphasis added). The Fifth Circuit has further discussed diligence in pursuing discovery sufficient for relief under Rule 56(d). *Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006) (reversing district court's denial of a Rule 56(d) motion where "plaintiffs filed their document requests more than two months before the end of the discovery period and roughly six weeks in advance of the deadline to oppose summary judgment motions."); *Int'l Shortstop*, 939 F.2d at 1267–68 (5th Cir. 1991) (concluding "the district court should have allowed [the plaintiffs] to complete discovery before ruling on [the defendant's summary judgment motion]," after the plaintiffs made several attempts to obtain the pertinent discovery).[3] Thus,

---

[3] In *International Shortstop*, the Fifth Circuit explained:

> [W]e are satisfied that by its multiple filings *prior to* the court's ruling on the motion for summary judgment, Shortstop adequately invoked [Rule 56(d)]. In its initial response to the motion for summary judgment, Shortstop noted that several depositions were still outstanding. Later, but *prior to* the court's ruling on the motion for summary judgment, Shortstop thrice sought a continuance of discovery and promptly alerted the district court to the discovery proceedings before the magistrate judge, requesting leave to file a supplemental memorandum in opposition to the motion for summary judgment.")

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (emphasis in original).

"[w]here the [nonmovant] informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Int'l Shortstop*, 939 F.2d at 1267 (internal quotation omitted); *see Bailey*, 35 F.4th at 404; *Culwell*, 468 F.3d at 872.

Nevertheless, the Fifth Circuit has likewise recognized parties' failures in diligently pursuing discovery—thereby determining that *denial* of relief under Rule 56(d) was proper. *See, e.g.*, *Jacked Up*, 854 F.3d at 816. In *Jacked Up*, the Fifth Circuit explained that the nonmovant:

> "[did] not show that it diligently pursued discovery. Jacked Up did not move to compel production of these documents during the discovery period—the first time it sought judicial assistance in obtaining these documents was in response to Smucker's summary judgment motion."

*Jacked Up*, 854 F.3d at 816. The Fifth Circuit has further discussed similar failures to diligently pursue discovery. *Lilli v. Office of Fin. Insts. LA*, 997 F.3d 577, 587 (5th Cir. 2021) (affirming denial of a Rule 56(d) motion when the plaintiff first sought judicial assistance in obtaining discovery in response to the defendant's motion for summary judgment—after having "dawdled for years, the plaintiffs had no right to a judicial rescue."); *Beattie*, 254 F.3d at 606 (affirming denial of Rule 56(d) motion where nonmovant had several months to depose witnesses but waited until sixteen days before the close of discovery to try to schedule witness depositions, at which point the parties could not agree on a schedule.). Thus, "[i]f . . . the nonmoving party has not diligently pursued discovery of that evidence, the court need not accommodate that party's belated request." *Int'l Shortstop*, 939 F.2d at 1267 (citation omitted). Moreover, when the Court determines a nonmovant failed to pursue discovery diligently, the Court is not required to address whether the discovery will create a genuine issue of material fact. *Beattie*, 254 F.3d at 606 ("We need not address whether [the nonmovant] has shown why she needs additional discovery to create a genuine issue of material fact, because she was not diligent.").

Plaintiff's Motion (i) accuses Defendants of not producing the tenure box; (ii) accuses Defendants of malfeasance in connection to the tenure box's whereabouts; and (iii) generally stresses the importance of the tenure box to deciding the merits of Plaintiff's case. (Doc. 188). However, none of these assertions sufficiently show how or whether Plaintiff was diligent in her pursuit of tenure box evidence. (*See* Doc. 188). Instead, Plaintiff's Motion describes piecemeal, informal attempts to obtain the tenure box. Neither Plaintiff's Motion nor her supporting declaration show *any* attempts to obtain the tenure box from the Defendants under the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 26-37 (enumerating disclosure and discovery).

Plaintiff's first attempt to obtain the tenure box involves a January 26, 2016 email to Defendant Collins, asking for the "tenure report" in an effort to appeal the tenure committee's decision. (Doc. 188, Ex. 6). The record shows Plaintiff sent this email a year and a half *before* she initiated this litigation in August 2017. (Doc. 188, Ex. 6).[4] This correspondence fails show Plaintiff's diligence in obtaining the tenure box once she commenced this lawsuit. Furthermore, there is no evidence in the record that Plaintiff pursued this January 2016 request as a request for the tenure box after discovery began in this case. For those reasons, the Court must conclude that the January 26, 2016 email exchange does not demonstrate Plaintiff's diligence.

Plaintiff's next attempt to obtain the tenure box is a March 9, 2022 email exchange between Young and Defendants' Counsel. (Doc. 188 at 10, Ex. 4). This email exchange consists of (i) Young asking Defendant to identify the tenure box by bates number; (ii) Defendants' counsel declining to provide such identification but confirming the tenure box was produced; and

[4] The "tenure report" appears to have been produced in discovery as a Bates-numbered document entitled "CONFIDENTIAL TENURE AND PROMOTION REPORT — CHERYL NELSON BUTLER" is attached to Defendants' summary judgment appendix. (Doc. 128 at 55-75).

(iii) Young's allegation and theory regarding the tenure box. (Doc. 188, Ex. 4). Despite her various characterizations, Plaintiff fails to explain how this request in an email—dated several years after discovery began and several months after the agreed discovery deadline elapsed—satisfies the "diligence" requirement for relief under Rule 56(d). Plaintiff fails to provide the Court with any supporting cases showing such correspondence at this late stage of the litigation would qualify as a diligent pursuit of evidence. The Court has found no such supporting authority.[5] Therefore, the Court must conclude the March 9, 2022 email exchange does not demonstrate diligence.

Neither Plaintiff's Motion nor her attached exhibits direct the Court to any formal request for discovery—neither a disclosure, request for production, interrogatory, admission, nor deposition—that shows she requested discovery of the tenure box from Defendants at any time prior to March 25, 2022. As in *Jacked Up*, Plaintiff did not move to compel production of the tenure box during the discovery period. 854 F.3d at 816.[6] Beyond the relief requested and denied in *Jacked Up*, 854 F.3d at 816; *Lilli*, 997 F.3d at 587; and *Beattie*, 254 F.3d at 606—Plaintiff has first asked for this tenure box discovery after both the discovery and summary judgment response deadlines have elapsed.

Furthermore, the exhibits attached to Plaintiff's Motion suggest that she is unsure whether the tenure box had been already produced—as Defendants assert. Plaintiff's correspondence to Young states:

> After this hearing, Defendants still did not appear to cure by producing the dossier. *If they did so produce them in the 17,000 pages of documents Dunlap referenced, Mr. Dunlap could not find them*. Therefore, thank you for asking her for the bates numbers.

(Doc. 188, Exhibit 7 at 2) (emphasis added). Plaintiff's declaration states:

[5] Plaintiff fails to direct the Court to any authority that requires an opposing party to comply with such an email request at this late stage of the litigation, and the Court has found no such supporting authority.

[6] The Court notes, however, that Defendants moved to compel tenure documents from Plaintiff. (Doc. 56).

> I recall speaking with Mr. Dunlap on several occasions inquiring as to whether Defendants produced my tenure box. *Mr. Dunlap repeatedly told me that he had no idea whether Defendants produced my tenure box. On a few occasions, Mr. Dunlap told me tens of thousands of pages of discovery were produced but nonetheless maintained that he did not know if the tenure box was produced*. On a number of occasions Mr. Dunlap told me that he directly asked Ms. Askew about the tenure box but *the only answer he got was that it had been previously produced and that no identifying batesnumbers were shared*.

(Doc 188, Exhibit 14 at 2-3) (emphasis added).[7]

The above notwithstanding, Plaintiff nevertheless states the following to describe that she cannot present facts essential to justify her opposition to Defendant's motion for summary judgment:

> I do not believe that I can fairly demonstrate my qualifications for tenure without my tenure box since it contains all of the evidence of my qualifications in teaching, scholarship, and service.

(Doc. 188, Exhibit 14 at 3); *see* Fed. R. Civ. P. 56(d). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts . . . particularly where, as here, ample time and opportunities for discovery have already lapsed." *Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980). Here, Plaintiff's vague assertion fails to show specified reasons that she cannot present facts essential to justify her opposition to Defendants' motion for summary judgment. *See* Fed R. Civ. P. 56(d). Furthermore, Plaintiff's exhibits suggest she has not reviewed the discovery to determine whether the tenure box has already been produced, which would obviate her requested relief under Rule 56(d).

Plaintiff fails to explain how the ordinary exercise of due diligence would not have alerted her counsel to the necessity of discovering the tenure box. Nor does Plaintiff explain why she did

[7] Dunlap remains as the lead attorney for Plaintiff.

not serve a relevant discovery request—or seek an extension of the discovery deadline—during the discovery period to obtain the tenure box. No order from the Court has prohibited such discovery during the discovery period. Indeed, the Court's filings indicate that in the final request for an extension to the discovery deadline (Doc. 116), Plaintiff asserted "[s]ignificantly, the *only* discovery Ms. Butler will conduct during the extended discovery period is the completion of . . . depositions." (Doc. 116 at 3) (emphasis added). This suggests that Plaintiff made a conscious choice to forgo discovery of the tenure box during the discovery period. As in *Spence & Green Chem. Co*., it is undisputed that Plaintiff has had ample time and opportunities to conduct this discovery. 612 F.2d at 901.

For the reasons above, the Court must conclude Plaintiff failed to diligently pursue the discovery she now seeks in Plaintiff's Motion related to the tenure box. Thus, the Plaintiff's Motion (Doc. 188) is DENIED. The Court otherwise pretermits any further discussion of whether Plaintiff has shown why she needs additional discovery to create a genuine issue of material fact. *See Beattie*, 254 F.3d at 606; *see, e.g.*, *Harry v. Dallas Hous. Auth.*, No. 3:14-CV-0482-M, 2016 WL 67769, at *3-4 (N.D. Tex. Jan. 5, 2016), aff'd, 662 F. App'x 263 (5th Cir. 2016) (denying the plaintiff relief under 56(d) because "[the plaintiff] has not diligently pursued the discovery he now claims is essential").

**B. Plaintiff and Young Shall Appear for Show Cause Hearing**

Plaintiff has presented her motion as a "Motion to Reopen Discovery Pursuant to Rule 56(d)." (Doc. 188). However—considering (i) the Court's record of Plaintiff's motions and (ii) the timing, content, and requested relief of Plaintiff's Motion—the Court takes Plaintiff's Motion as

another motion for the Court to reconsider its decisions on Plaintiff's untimely Response based on a new reason: discovery regarding the tenure box, which she has not previously asserted.

In evaluating Plaintiff's Motion as of the time of it's filing on March 25, 2022, the Court recognizes this request for additional discovery occurs: (i) months after the close of discovery, (ii) after two elapsed extensions to file her Response, (iii) after failing to timely file her Response, (iv) after numerous requests for and denials of additional extensions and reconsiderations, (v) after Plaintiff's Response, corresponding brief, and appendix have been stricken, (vi) after multiple findings of Plaintiff's bad faith conduct, and (vii) during a stay of the Court's proceedings.[8] Plaintiff expressly requests to reopen discovery "to facilitate the proffer of evidence critical to Defendants' outstanding motion for summary judgment (ECF No. 126)." (Doc. 188 at 5). As concluded above, the Court declines to permit such discovery.

Assuming *arguendo* that the Court were to permit such additional discovery, such evidence would not consequently become a part of either the summary judgment evidence or Plaintiff's Response because those deadlines have elapsed. (*See* Docs. 141, 166, 174, 181, and 187); N.D. Tex. Civ. R. 7.1(e, i) (describing the 21-day reply deadline and appendix requirements); *see generally* N.D. Tex. Civ. R. 56.7 (limiting filing of supplemental evidence). For such evidence to be considered at this stage—after all dispositive motion deadlines, response deadlines, and extensions have elapsed—the Court would first have to grant an extension to Plaintiff for her Response. Fed. R. Civ. P. 6(b)(1)(B) (permitting extension of time for filings "for good cause . . .

[8] A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L. Ed. 153 (1936); *Petrus v. Bowen*, 833 F.2d 581 (5th Cir.1987). This power is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55, 57 S.Ct. 163.

on motion made after the time has expired if the party failed to act because of excusable neglect.").[9] But, the Court has repeatedly denied such relief because Plaintiff failed to show good cause or excusable neglect. (*See* Docs. 141, 166, 174, 181, and 187); *see* Fed. R. Civ. P. 6(b)(1)(B); N.D. Tex. Civ. R. 7.1(e, i). Moreover, the Court has specifically stricken Plaintiff's Response, corresponding brief, and appendix because Plaintiff filed them after the deadlines elapsed. (Doc. 166).

In effect, Plaintiff's Motion requests relief the Court has repeatedly denied with thorough orders and opinions. (*See* Docs. 141, 166, 174, 181, and 187). The Court is concerned by Plaintiff's Motion; her counsel's pattern of conduct in this litigation; and Plaintiff and Young's seeming lack of regard for this Court's ability to effectively manage its own docket. *See Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) (recognizing that district courts have broad discretion to manage their dockets). The Court is further concerned by Young's filings in the context of the attorney standards of *Dondi*.[10] The Court declines to permit such behavior to proceed without scrutiny. The Court concludes it must assess—after hearing—whether Young should be sanctioned "to protect the sanctity of its decrees and the legal process" generally and to resolve this case specifically. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (discussing attorney discipline in the form of contempt); *see Dondi*, 121 F.R.D. at 287; Fed R. Civ. P. 11, 16; *see generally* 18 U.S.C. § 401.

---

[9] Local Rules 56.7 prohibits the filing of such supplemental evidence without "permission of the presiding judge." N.D. Tex. Civ. R. 56.7.

[10] Young indicated in his application for pro hac vice that he has read "and will comply with the standards of practice adopted in *Dondi* and with the local civil rules." (Doc. 133 at 3).

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Reopen Discovery Pursuant to Rule 56(d). (Doc. 188). Furthermore, the Court **ORDERS** Plaintiff and her counsel, Ezra Young, to appear in-person for a hearing on January 19, 2023, at 10:00 a.m. in the United States District Court, 1100 Commerce Street, Courtroom 1310, Dallas, Texas 75242, to show cause as to (i) whether Young violated Federal Rule of Civil Procedure 11; (ii) whether Young violated the standards for attorney conduct adopted in *Dondi*; and (iii) whether Young should sanctioned.[11]

The Court requests the clerk of the court to direct this Order to Plaintiff Cheryl Butler and her counsel Ezra Young by both mail and email.

**SO ORDERED.**

2nd day of December, 2022.

ADA BROWN
UNITED STATES DISTRICT JUDGE

[11] The Court does not intend to sanction Plaintiff individually, at this time.