IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M. COLLINS, | § | |
| STEVEN C. CURRALL, | § | |
| JULIE FORRESTER ROGERS, | § | |
| HAROLD STANLEY, AND | § | |
| SOUTHERN METHODIST UNIVERSITY, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On January 19, 2023, the Court held the show cause hearing for Ezra Young on as to cause as to (i) whether Young violated Federal Rule of Civil Procedure 11; (ii) whether Young violated the standards for attorney conduct adopted in *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284, 285 (N.D. Tex. 1988); and (iii) whether Young should sanctioned. (Doc. 191, 194). Having considered Young's response, (Doc. 192), and the testimony and discussions before the Court at the hearing, the Court finds and concludes Young's actions and conduct before the Court as sanctionable. However, at this stage of the proceedings, the Court declines to sanction Young.

The Court previously addressed the background of this case in its December 2, 2022 Memorandum Opinion, Order, and Order to Show Cause ("Prior Opinion"). (Doc. 191). In the Prior Opinion, the Court addressed the standards regarding sanctions under Federal Rule of Civil Procedure 11 and the standards for attorney conduct adopted in *Dondi*. (Doc. 191). For those

reasons, the Court declines to repeat the background and corresponding standards addressed in the Prior Opinion in this Opinion.

## I. YOUNG'S ACTIONS ARE SANCTIONABLE

By the Court's Prior Opinion, Young was informed of the bases of the Court's concerns relative to his violations of Federal Rule of Civil Procedure 11 and the attorney standards in *Dondi*. On January 19, 2023—the day of Young's show cause hearing—Young filed his Response of Mr. Ezra Young to Order To Show Cause ("Young's Response"). (Doc. 192). Young's Response attached no evidence or declaration. Notwithstanding, Young's response fails to provide any persuasive explanation for his inappropriate conduct in his representation of Butler. Rather, Young's Response emphasize his lack of candor, his lack of remorse for his inappropriate conduct, and his unwillingness to recognize the impropriety of his conduct, and his inability to conduct litigation properly and ethically or to have an understanding of how it should be conducted. *Inter alia*, Young's Response appears to directly disparage the integrity and competency of the Court:

> In the mix, this Court was distracted from it's obligation to decide this case on the merits.

(Doc. 192 at 7).

> [T]he Court's annoyance with Young's filings appear to evidence the Court's displeasure with having to make merits decisions on those motions. But the Court's displeasure alone is not enough to establish bad faith.

(Doc. 192 at 27). Young's Response repeatedly mischaracterizes both the record before the Court and this Court's own previous opinions. During the hearing, Young proceeded to disrespect the Court. Young interrupted the Court on several occasions; spoke with a condescending demeanor toward the Court; and appeared to attempt relitigation of issues that have already been addressed in several opinions.

The Court finds from the evidence before the Court, the hearing before the Court, and Young's conduct since his appearance in this case that Young has repeatedly engaged in conduct unbecoming a member of the Bar of this court for each of the reasons stated in this order and in each of the previously issued orders mentioned above; that he lacks the ability to conduct litigation properly, for each of those reasons; and, that he has engaged in unethical conduct for each of those reasons. The Court must find and conclude that Young's conduct in this proceeding have been sanctionable. The Court finds and concludes that Young's conduct violated both Federal Rule of Civil Procedure 11 and the attorney standards for attorney conduct adopted in *Dondi*. *See* Fed. R. Civ. P. 11; *see generally Dondi*, 121 F.R.D. 286-92. Based on the present record, the Court finds and concludes Young's conduct regarding discovery—months after the expiration of the discovery period and without corresponding diligence—as presented for an improper purpose: to harass, cause unnecessary delay, and needlessly increase the cost of litigation. Fed. R. Civ. P. 11. (*See* Doc. 191). The Court finds and concludes Young is not conscious of his broader duty to the judicial system and that his conduct does not square with the practices we expect for counsel practicing in this district. *See Dondi*, 121 F.R.D. 286-92.

## II.   THE COURT DECLINES TO SANCTION YOUNG

Although the Court finds and concludes Young's conduct was sanctionable, the Court declines to sanction Young. Demonstrably, all of Plaintiff's remaining claims have been dismissed with prejudice. (*See* Doc. 193). The Court declines to impose any sanction on Young. However, the Court cautions Young and any counsel practicing within the Northern District—moving forward—to reflect the attorney standards promulgated in *Dondi*. *See* Fed. R. Civ. P. 11; *Dondi*, 121 F.R.D. 286-92.

### III.  CONCLUSION

The Court imposes no sanction on Ezra Young.

**SO ORDERED.**

19th day of January, 2023.

                                                                      _____
                                                                      ADA BROWN
                                                                      UNITED STATES DISTRICT JUDGE