**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M COLLINS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**ORDER**

Before the Court is the United States Court of Appeals for the Fifth Circuit's Judgment and Mandate, which instructs the "cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court." (ECF No. 202 at 1). In accordance with this Judgment and Mandate, the Court herein orders a Joint Status Report on Plaintiff Butler's remaining claims—consisting of Butler's state-law tort claims against Individual Defendants Jennifer P. Collins, Steven C. Currall, Roy R. Anderson, Julie Forrester Rogers, Harold Stanley, Paul J. Ward. Hereunder, the Court (i) reviews the procedural history of the case; (ii) enters its Joint Status Report Order; (iii) instructs further briefing as to recusal concerns; and (iv) enters orders concerning sanctions.

## I. PROCEDURAL HISTORY

### A. Trial Court Opinions

This Court has entered two dispositive opinions as to Butler's claims. On March 31, 2019, Honorable United States District Judge Sam A. Lindsay partially granted Defendants' Motion to Dismiss Second Amended Complaint, (ECF No. 15), as follows:

> *For the reasons stated, Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15) is granted with respect to Plaintiff's negligent supervision claim against SMU and Plaintiff's claims against the Individual Defendants for fraud, defamation, conspiracy to defame, and these claims are dismissed with prejudice.* Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15) is denied with respect to Plaintiff's FMLA claim and claims brought pursuant to section 1981 against the Individual Defendants.

(ECF No. 47 at 8) (emphasis added). On January 19, 2023, Honorable United States District Judge Ada E. Brown granted Defendants' Motion for Summary Judgment, (ECF No. 126), as follows:

> Although Defendant's summary judgment evidence supports a few elements of Plaintiff's various prima facie burdens, the record before the Court is not sufficient to carry Plaintiff's burdens on any of her claims. Plaintiff does not otherwise raise a genuine issue of material fact on her claims. The Court is therefore persuaded that summary judgment in favor of Defendants is appropriate. *See, e.g.*, *Sterling v. United States*, No. 3:18-CV-0526-D, 2020 WL 1529184, at *2 (N.D. Tex. Mar. 31, 2020) (dismissing claims on summary judgment due to absence of evidence in support of claims); *Associates Health & Welfare Plan v. Mack*, 3:98-CV-1725-G, 1999 WL 102813, at *1 (N.D. Tex. Feb. 19, 1999) (dismissing claims on summary judgment due to absence of evidence in support of claims). For the above reasons, Defendants' Motion for Summary Judgment (Doc. 126) is GRANTED. All of Plaintiff's remaining counts (Counts 9 to 30) are hereby dismissed with prejudice.

(ECF No. 193 at 50-51). Thereafter, the Court entered its Judgment. (ECF No. 196). Butler timely appealed the Court's determinations to the Fifth Circuit. (ECF No. 197).

### B. Appellate Opinions

Two opinions relate to Butler's appeal. First, the Fifth Circuit certified the following question to the Texas Supreme Court:

> Does [Chapter 21] preempt a plaintiff-employee's common-law defamation and/or fraud claims against another employee to the extent that the claims are based on the same course of conduct as discrimination and/or retaliation claims asserted against the plaintiff's employer?

*Butler v. Collins*, No. 23-10072, 2024 WL 3633698, at *6 (5th Cir. Aug. 2, 2024). The Texas Supreme Court accepted the question and answered as follows:

> The availability of a Chapter 21 claim against an employer forecloses other entwined claims from being asserted against the same defendant, but it does not

> immunize other defendants, who are not subject to liability under Chapter 21, from liability under recognized common law causes of action for their own tortious conduct. Because no "clear repugnance" exists between common law defamation and fraud claims against an employee and Chapter 21 claims against an employer, even when they are "based on the same course of conduct," we hold that Chapter 21 does not abrogate such claims.
>
> We answer the Fifth Circuit's certified question "no."

*Butler v. Collins*, 714 S.W.3d 562, 572 (Tex. 2025). Consequently, the Fifth Circuit reversed the Court's March 31, 2019 dismissal of Butler's state-law tort claims against Individual Defendants Collins, Currall, Anderson, Forrester Rogers, Stanley, and Ward:

> Considering the answer to our certified question, *we reverse the district court's dismissal of Butler's state-law tort claims against the Individual Defendants as preempted by the TCHRA, and remand for further proceedings regarding those claims*.

*Butler v. Collins*, No. 23-10072, 2025 WL 1753612, at *2 (5th Cir. June 25, 2025) (emphasis added). The Fifth Circuit otherwise affirmed the Court's determinations dismissing all of Butler's other claims—Butler's claims not based in state-law tort.

> Finally, Butler has not identified any reversible error in the district court's analysis of governing law and its application here. The district court's summary judgment ruling is affirmed.

*Butler*, 2025 WL 1753612, at *3. On July 29, 2025, the Fifth Circuit remanded the case back to this Court, and the time to further petition the Fifth Circuit for rehearing, petition for rehearing en banc, or motion for stay of the mandate has expired. (ECF No. 202).

(*This space left blank intentionally*).

## II. JOINT STATUS REPORT ORDER

On remand, Butler's claims against Individual Defendants Collins, Currall, Anderson, Forrester Rogers, Stanley, and Ward of Counts (i) Defamation; (ii) Libel; (iii) Slander; (iv) Slander Per Se; (v) Libel Per Se; (vi) Conspiracy to Defame; and (vii) Fraud remain. (ECF No. 12 at 98-106); *compare* (ECF No. 47 at 8) (dismissing Butler's state-law tort claims against Defendants Collins, Currall, Anderson, Forrester Rogers, Stanley, and Ward), *with Butler v. Collins*, No. 23-10072, 2025 WL 1753612, at *2 (reversing dismissal of the same). As to these remaining claims, the Court orders the Parties to meet and confer as to the following, in accordance with Federal Rule of Civil Procedure 26(f). **This Joint Status Report is due from the Parties on or before December 12, 2025.**

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

2. List the cases related to this one that are pending in any state or federal court—including the case number and court—and state how the cases are related.

3. Briefly describe what this case is about—including a statement of the claims and defenses.

4. Identify a proposed time limit to file motions for leave to join other parties.

5. Identify a proposed time limit to amend the pleadings.

6. Identify proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers the deadline to occur 120 days before trial);

7. Specify the allegation of federal jurisdiction.

8. Identify the parties who disagree and the reasons.

9. Identify any issues as to service of process, personal jurisdiction, or venue.

10. List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.

11. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

12. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

13. Describe the proposed discovery plan,[1] including:

A. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.

B. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

C. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

D. When and to whom the defendant anticipates it may send interrogatories and requests for production.

E. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

F. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

G. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

H. Any experts needed on issues other than attorneys' fees.

I. If medical experts are needed, whether they are only treating physicians or also designated on other issues.

J. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

K. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. *See* Fed. R. Civ. P. 26(a)(2)(B) (enumerating rules on disclosure of expert testimony and the corresponding written

[1] The Court acknowledges that the Parties may have completed some or all discovery as to these state-law tort claims against the Individual Defendants in the past. The Parties should not view these joint status report orders as an order requiring full discovery on these state-law tort claims against the Individual Defendants.

report(s)).

L. List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. *See* Fed. R. Civ. P. 26(a)(2)(B) (expert report).

M. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

N. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

O. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

P. The depositions that need to be taken, and in what sequence;

Q. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

16. State the date the planned discovery can reasonably be completed.

17. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

18. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case. Include (i) whether the parties are considering mediation or arbitration to resolve this litigation; (ii) a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.); and (iii) if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

19. State whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge;

20. State whether a jury demand has been made and if it was made on time.

21. State a proposed trial date, estimated number of days required for trial and whether jury has been demanded—specify the number of hours it will likely take to present the evidence.

22. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other

proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

23. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

24. List other pending motions.

25. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

26. List any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

27. List whether a conference with the Court is desired; and

28. List any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c) or 26(c).

(*This space left blank intentionally*).

**FOR CONVENIENCE, THE COURT PROVIDES THE FOLLOWING CRITICAL DEADLINES CHART FOR THE PARTIES TO REVISE, MAKE ADDITIONS, AND COMPLETE, AS AGREED:**

| | |
|---|---|
| Deadline for Joint Report naming mediator | |
| Deadline for Completion of Mediation | |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings | |
| Plaintiff's Expert Designation & Report | |
| Defendant's Expert Designation & Report | |
| Rebuttal Expert Designation | |
| Deadline for Completion of Discovery | |
| Deadline for Expert Objections | |
| Deadline for Dispositive Motions | |
| Deadline for Pretrial Disclosures and Objections | |
| Deadline for Pretrial Materials (pretrial order etc.) | |
| Settlement Conference | *Ten days prior to the pretrial conference* |
| Exchange of Exhibits | *Two business days prior to the pretrial conference* |
| Pretrial Conference | *Friday before trial—at 10:00 a.m.* |
| Trial Date | |

(*This space left blank intentionally*).

## III. RECUSAL CONCERNS

On appeal to the Fifth Circuit, Butler raised concerns of recusal on remand; the Fifth Circuit explained:

> Butler finally asks that, in the event we remand this matter to the district court for additional proceedings, we also order that it be assigned to a different district judge. In support of the request for reassignment, Butler maintains that "[t]here is considerable evidence that Judge Brown acted inappropriately and was otherwise incapable of acting neutrally in these proceedings. It is not reasonable to expect that she could set aside her preconceptions of Butler and [Attorney Young] let alone cast aside prejudicial favoritism of SMU Law." Butler also asserts that "Judge Brown did not conduct herself or these proceedings in a manner expected of federal judges in any matter, let alone a civil rights case."
>
> Disagreeing, the defendants contend that "the district court has diligently applied this court's precedent," and that none of the statements that Butler references constitutes a personal attack on Butler or her attorneys.
>
> Our power to reassign "is an extraordinary one and is rarely invoked." *Miller v. Sam Houston State Univ.*, 986 F.3d 88, 892 (5th Cir. 2021) (cleaned up). We see insufficient reason and decline to do so here, but leave to the district court, on remand, to consider whether recusal may be warranted.

*Butler v. Collins*, 2025 WL 1753612, at *3–4. To date, Butler has filed no standalone motion to recuse the Court—Honorable United States District Judge Ada E. Brown. The Court construes Butler's filings before the Fifth Circuit as some desire to seek recusal and that Defendants oppose such recusal. Consequently, the Court enters the following orders.

**IT IS ORDERED THAT:**

1. Should Butler seek recusal of Honorable United States District Judge Ada E. Brown, Butler shall file a Motion to Recuse on or before November 26, 2025.
2. Defendants shall respond in accordance with Northern District of Texas Local Civil Rule 7.1(e). N.D. Tex. Loc. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

3. Butler may reply in accordance with Northern District of Texas Local Civil Rule 7.1(f). N.D. Tex. Loc. Civ. R. 7.1(f) ("[A] party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed.").
4. The Court shall not grant any extensions of any kind to any Party as to this anticipated recusal-related briefing.

(*This space left blank intentionally*).

### IV. SANCTIONS ON BUTLER AND YOUNG – SHOW CAUSE ORDER

28 U.S.C. § 1654 expressly delegates to each court the power to determine its own rules for appearance of counsel. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also* 28 U.S.C. § 2071 (local rules generally); Fed. R. Civ. P. 83 (same). "'A federal court may wield its inherent powers over the lawyers who practice before it. This control derives from a lawyer's role as an officer of the court.'" *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009) (quoting *Theard v. United States*, 354 U.S. 278, 277 (1957)); *see, e.g.*, *BMO Harris Bank N.A. v. Vanover*, No. 3:18-CV-3028-K, 2019 WL 3324269, at *6 (N.D. Tex. June 10, 2019), *report and recommendation adopted*, No. 3:18-CV-3028-K, 2019 WL 3322089 (N.D. Tex. July 24, 2019) (discussing the same).

Accordingly, this district has adopted local rules, most recently amended September 2, 2015. Local Rule 83.9(a) states that a licensed attorney who is not admitted to practice before the Court "may represent a party in proceedings in this [C]ourt only by permission of the presiding judge." N.D. Tex. Loc. Civ. R. 83.9(a). This Court has defined "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *See AFD Fund v. Sill*, 2003 WL 22466202, at *5 n. 3 (N.D. Tex. 2003) (Ramirez, Mag. J.), *adopted by* 2004 WL 51327 (N.D. Tex. 2004) (Sanders, J.). Another District Court in the Northern District of Texas has explained the policy arguments for admission to practice pro hac vice:

> **First** and most practically, without officially appearing in the case as counsel of record, the attorney cannot assure the opposing party that the client has authorized the attorney to speak and/or enter into agreements on the client's behalf. **Second**, the Court and participating parties may not know how to send notice to the

> attorney. *See AFD Fund*, 2003 WL 22466202, at *5 (unadmitted attorney did not receive notice of hearing because he did not formally provide the Court with an address for service by appearing). **Third**, **the policy underlying Local Rule 83.9 (pro hac vice) and Local Rule 83.7 (admission of attorneys) is that attorneys practicing in this district become aware of and comply with the rules and practices of this Court as they are articulated in the Local Rules and *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D.Tex.1988) (en banc). *See* Northern District of Texas Application for Admission Pro Hac Vice Form, U.S. District Court for the Northern District of Texas, *available at* http://www.txnd.uscourts.gov/pdf/atty_handbook/PROHACVC. pdf (last visited May 2, 2012); N.D. Tex.R. Civ. P. 83.9, 83.7.** This is to ensure competency of counsel and accountability to the Court and parties to the suit. **Fourth**, if courts in this district were to allow attorneys to act as counsel of record without officially appearing as such, the Court's ability to police attorneys' conduct would be extremely curtailed. **Fifth**, the requirement of admission and appearance prior to undertaking acts as a party's counsel is compatible with the requirement in Local Rule 83.12 that an attorney needs the court's permission to withdraw. N.D. Tex.R. Civ. P. 83.12. If the Court were to allow an attorney to act as a party's counsel without officially appearing, there would be no repercussion if the attorney were to abandon his/her purported client at the attorney's whim. Somewhat like marriage, representing a client before a tribunal is easier to get into than get out of.

*Hall v. Sw. Airlines Co.*, 282 F.R.D. 419, 420 (N.D. Tex. 2012) (discussing pro hac vice requirement for representation during deposition) (emphasis added in bold).

Currently, two attorneys represent Butler: (i) Andrew A. Dunlap, who is local counsel, and (ii) Ezra Ishmael Young. Counsel Dunlap appeared in this case on November 21, 2019. (ECF No. 89). Counsel Young filed his application for admission pro hac vice on January 6, 2022. (ECF No. 133).[2] On January 7, 2022, the Court admitted Counsel Young to practice pro hac vice. (ECF No. 134). On January 7, 2022, Counsel Dunlap moved to withdraw his representation of Butler, (ECF No. 139), which the Court subsequently denied. (ECF No. 144). On January 7, 2022, Counsel Young moved to substitute in as counsel in place of Counsel Dunlap, (ECF No. 14), which the Court subsequently denied. (ECF No. 145). After Butler's motion for reconsideration as to her

[2] It is undisputed that Counsel Young does not reside or maintain his principal office within the Northern District of Texas. *See* N.D. Tex. Loc. Civ. R. 83.10 (local counsel requirement). Counsel Young's application for admission pro hac vice shows his principal address is located in Ithaca, New York. (ECF No. 133 at 1).

representation,[3] (ECF Nos. 147; 150; 151), the Court held a status conference on March 8, 2022, where it denied reconsideration. The ultimate effect of this motion practice was that Counsel Dunlap remains local counsel and Counsel Young practice in this Court only by pro hac vice.

The Court declines to repeat its concerns regarding Butler and her Counsel Ezra Ishmael Young. (*See* ECF Nos. 166; 187; 191; 195) (entering several determinations of bad faith conduct and reminding the Parties of their obligations under *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284, 285 (N.D. Tex. 1988)). On January 19, 2023, the Court determined Counsel Young's conduct was sanctionable. (ECF No. 195 at 2-3). However, as the Court had—at that time—dismissed all of Butler's claims, the Court entered no sanction. (ECF No. 195 at 3-4). As remanded, live claims are before the Court. The Court now considers whether a sanction vacating Counsel Ezra Young's pro hac vice is appropriate. Therefore, the Court enters the following briefing schedule as to this sanction:

**IT IS ORDERED THAT:**

1. Plaintiff Butler and Counsel Young shall show cause as to (i) whether the Court should vacate its order permitting Counsel Young to practice before the Court, pro hac vice. Plaintiff Butler and Counsel Young shall file their response to this show cause order on or before November 19, 2025.
2. Defendants may respond to this order to show cause on or before November 26, 2025.
3. Should Defendants respond, Plaintiff Butler and Counsel Young may reply on or before December 1, 2025.

[3] The Court notes that most filings made after Counsel Young's admission to practice pro hac vice were signed solely by Counsel Young. Counsel Dunlap is not included on any signature block or signature as to these filings—despite Counsel Dunlap remaining in this case as lead counsel. (*See e.g.*, ECF No. 171).

4. The Court intends no show cause order or sanction on Counsel Dunlap. However, Counsel Dunlap may respond on or before December 1, 2025. Should Counsel Dunlap seek to withdraw from representation of Butler, Counsel Dunlap may file a new motion to withdraw on or before December 1, 2025. However, any such filing shall comport with all of the requirements of Northern District of Texas Local Rule 83.12(a, d):

> a. Except as provided in subsection (b), (c), or (d) of this rule, an attorney desiring to withdraw in any case must file a motion to withdraw. This motion must, in addition to the matters required by LR 7.1, specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.
> [. . . .]
> d. When an attorney desiring to withdraw is to be replaced simultaneously, the succeeding attorney must file a motion to substitute counsel. If the presiding judge grants the motion, the order effects both the substitution of the succeeding attorney and the withdrawal of the attorney being replaced. This subsection (d) does not supersede subsection (b) or (c) of this rule.

N.D. Tex. Loc. Civ. R. 83.12 (a, d).

5. The Court shall not grant any extensions of any kind to any Party as to this representation-related briefing.

* * *

**SO ORDERED.**

5th day of November, 2025.

ADA BROWN
UNITED STATES DISTRICT JUDGE