**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M COLLINS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**NOTICE ON REVOCATION OF PRO HAC VICE**

The Court has been provided with a copy of Plaintiff Butler's mandamus petition as to the revocation of Counsel Ezra Young's pro hac vice admission. After reviewing, the Court believes the following clarification is needed to further explain Young's conduct that is referred in the petition and corresponding order(s).

On November 5, 2025, the Court ordered Butler and Young to show cause as to whether the Court should vacate its order permitting Counsel Young to practice before the Court, pro hac vice. (ECF No. 203 at 11-14). On November 19, 2025, Young responded to the order to show cause. (ECF No. 207). On November 26, 2025, Defendants responded to the order to show cause. (ECF No. 208). On November 26, 2025, the Court entered the following electronic order, which solely revoked Ezra Young's admittance to practice pro hac vice in this case:

> ELECTRONIC ORDER: The Court hereby VACATES the Order granting Pro Hac Vice Status status for Ezra Ishmael Young (Doc. NO. 136). Ezra Ishmael Young's Pro Hac Vice status is REVOKED. John Green remains as Counsel for Plaintiff Butler. (Ordered by Judge Ada Brown on 11/26/2025) (chmb) (Entered: 11/26/2025)

(ECF No. 211).

\*      \*      \*

28 U.S.C. § 1654 expressly delegates to each court the power to determine its own rules for appearance of counsel. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also* 28 U.S.C. § 2071 (local rules generally); Fed. R. Civ. P. 83 (same). "'A federal court may wield its inherent powers over the lawyers who practice before it. This control derives from a lawyer's role as an officer of the court.'" *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009) (quoting *Theard v. United States*, 354 U.S. 278, 277 (1957)); *see, e.g.*, *BMO Harris Bank N.A. v. Vanover*, No. 3:18-CV-3028-K, 2019 WL 3324269, at \*6 (N.D. Tex. June 10, 2019), *report and recommendation adopted*, No. 3:18-CV-3028-K, 2019 WL 3322089 (N.D. Tex. July 24, 2019) (discussing the same). The Fifth Circuit has explained:

> *Courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do. Our inquiry, then, must focus on whether the trial court's revocation of Green's* pro hac vice *admission constituted an abuse of discretion.*[1] In making that inquiry, we review the district court's findings of fact for clear error and its application of the relevant rules of attorney conduct de novo.[]

*United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006) (internal footnotes omitted) (emphasis added).

This district has adopted local rules, most recently amended September 2, 2015. Local Rule 83.9(a) states that a licensed attorney who is not admitted to practice before the Court "may represent a party in proceedings in this [C]ourt only by permission of the presiding judge." N.D. Tex. Loc. Civ. R. 83.9(a). This Court has defined "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *See AFD Fund v. Sill,* 2003 WL 22466202, at \*5 n. 3 (N.D. Tex. 2003)

(Ramirez, Mag. J.), *adopted by* 2004 WL 51327 (N.D. Tex. 2004) (Sanders, J.). Another District Court in the Northern District of Texas has explained the policy arguments for admission to practice pro hac vice:

> **First** and most practically, without officially appearing in the case as counsel of record, the attorney cannot assure the opposing party that the client has authorized the attorney to speak and/or enter into agreements on the client's behalf. **Second**, the Court and participating parties may not know how to send notice to the attorney. *See AFD Fund,* 2003 WL 22466202, at *5 (unadmitted attorney did not receive notice of hearing because he did not formally provide the Court with an address for service by appearing). **Third**, **the policy underlying Local Rule 83.9 (pro hac vice) and Local Rule 83.7 (admission of attorneys) is that attorneys practicing in this district become aware of and comply with the rules and practices of this Court as they are articulated in the Local Rules and *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n,* 121 F.R.D. 284 (N.D.Tex.1988) (en banc). *See* Northern District of Texas Application for Admission Pro Hac Vice Form, U.S. District Court for the Northern District of Texas,** *available at* **http://www.txnd.uscourts.gov/pdf/atty_handbook/PROHACVC.  pdf  (last visited May 2, 2012); N.D. Tex. R. Civ. P. 83.9, 83.7.** This is to ensure competency of counsel and accountability to the Court and parties to the suit. **Fourth**, if courts in this district were to allow attorneys to act as counsel of record without officially appearing as such, the Court's ability to police attorneys' conduct would be extremely curtailed. **Fifth**, the requirement of admission and appearance prior to undertaking acts as a party's counsel is compatible with the requirement in Local Rule 83.12 that an attorney needs the court's permission to withdraw. N.D. Tex. R. Civ. P. 83.12. If the Court were to allow an attorney to act as a party's counsel without officially appearing, there would be no repercussion if the attorney were to abandon his/her purported client at the attorney's whim. Somewhat like marriage, representing a client before a tribunal is easier to get into than get out of.

*Hall v. Sw. Airlines Co.*, 282 F.R.D. 419, 420 (N.D. Tex. 2012) (discussing pro hac vice requirement for representation during deposition) (emphasis added in bold).

*    *    *

Before the Court's Final Judgment (ECF No. 196), the Court repeatedly asserted its concerns and findings of bad faith on the part of Butler and Ezra Young. On February 28, 2022, the Court determined that Young's filing that requested a third extension of a summary judgment deadline was without merit, in part, because the motion showed no evidence of excusable neglect or evidentiary basis to determine good cause. (ECF No. 166) (additionally determining Plaintiff acted in bad faith). The Court further struck Butler's summary judgment response and appendix because (i) those filings were made without leave; (ii) the Court previously denied extension to make such filings; and (iii) despite express order denying extension, Butler—though Young—filed her summary judgment response. (ECF Nos. 141; 159; 160; 161; 166).

On March 9, 2022, the Court denied reconsideration of this same extension request for the same reasons. (ECF No. 181). On March 3, 2022, the Court held a status conference in which the Court expressed its concerns regarding (i) Butler and Young's conduct and (ii) repeated, foreclosed arguments. (ECF No. 186). In particular, the transcript shows the several instances of Young interrupting the Court in its discussion. (*See e.g.*, ECF No. 186 at 52-53). On March 17, 2022, the Court determined that Butler—through Young—(i) mischaracterized precedent and the Court's prior opinions and (ii) the record before the Court. (ECF No. 187 at 3-20). The Court reaffirmed that Butler had acted in bad faith. (ECF No. 187 at 4, 9-13).

On December 2, 2022, the Court (i) reviewed its prior concerns regarding Butler and Young's litigation conduct; (ii) denied a motion to reopen discovery filed months after close of discovery—during a stay without leave; and (iii) ordered:

> Plaintiff and her counsel, Ezra Young, to appear in-person for a hearing on January 19, 2023, at 10:00 a.m. in the United States District Court, 1100 Commerce Street, Courtroom 1310, Dallas, Texas 75242, to show cause as to (i) whether Young violated Federal Rule of Civil Procedure 11; (ii) whether Young violated the standards for attorney conduct adopted in Dondi; and (iii) whether Young should sanctioned.[]

---

(ECF No. 191 at 17) (footnote omitted). On January 19, 2023, Young responded to this show cause order—inter alia, Young asserts the Court's prior orders were "inexplicabl[e];" entered without legal support; and that the Court was annoyed or displeased with "having to make merits decisions on [] motions." (ECF No. 192 at 26-28). Young further asserted that the Court's concerns and bad faith determinations were "nonsensical." (ECF No. 192 at 28-31).

> On January 19, 2023, the Court held its show cause hearing on Young. (ECF No. 198). Again, similar to the Court's prior hearing, Young repeatedly interrupted the Court's discussion and made disparaging remarks to the Court. (*See e.g.*, ECF No. 198 at 102-03). On January 19, 2023, the Court entered its sanctions order, which determined Young's conduct was sanctionable, but declined to enter any sanction as—at that time—the Court had dismissed all of Butler's claims.
>
> Although the Court finds and concludes Young's conduct was sanctionable, the Court declines to sanction Young. Demonstrably, all of Plaintiff's remaining claims have been dismissed with prejudice. (See Doc. 193). The Court declines to impose any sanction on Young. However, the Court cautions Young and any counsel practicing within the Northern District—moving forward—to reflect the attorney standards promulgated in *Dondi*. *See* Fed. R. Civ. P. 11; *Dondi*, 121 F.R.D. 286-92.
>
> [. . . .]
>
> The Court imposes no sanction on Ezra Young.

(ECF No. 195 at 3-4).

*    *    *

After appeal, the Fifth Circuit (i) affirmed this Court's summary judgment decisions but (ii) remanded claims that the previous presiding judge had previously dismissed at the motion to dismiss stage. (ECF No. 203 at 1-3); *see Butler v. Collins*, No. 23-10072, 2024 WL 3633698, at *6 (5th Cir. Aug. 2, 2024), *certified question accepted* (Aug. 9, 2024), *certified question answered*, 714 S.W.3d 562 (Tex. 2025); *Butler v. Collins*, 714 S.W.3d 562, 572 (Tex. 2025); *Butler v. Collins*, No. 23-10072, 2025 WL 1753612, at *2-3 (5th Cir. June 25, 2025). Although Butler's appellate briefing appeared to have raised concerns regarding sanctions and recusal, neither of the Fifth Circuit's opinions (i) discussed any sanction, as the Court had entered none, or (ii) recused the

Court. *See generally Butler*, No. 2024 WL 3633698, at \*1; *Butler*, 2025 WL 1753612, at \*4 ("Our power to reassign "is an extraordinary one and is rarely invoked." [. . . .] We see insufficient reason and decline to do so here, but leave to the district court, on remand, to consider whether recusal may be warranted.) (internal quotation omitted).[1]

Given that the Fifth Circuit pretermitted all discussion of sanction and revived several tort claims, the Court was again concerned with Young's litigation conduct; consequently, the Court entered its orders regarding potential revocation of Young's pro hac vice status. (ECF No. 203). From his response, Young again mischaracterized the Court's orders and record. (ECF No. 207). For example, Young avers that the Court granted Butler's motion to proceed without local counsel—referring to a stray remark made during discussion of summary judgment evidence. (ECF No. 207 at 11). (*See* ECF No. 186 at 62). However, at no time has the Court granted any of Butler's requests to proceed without local counsel. To the contrary, the Court's electronic order only granted admission for Ezra Young to proceed pro hac vice. (ECF No. 136). As of January 6, 2022, Butler had local counsel through Andrew Dunlap, so entering an order for Butler to proceed without local counsel would be unnecessary at that time. (ECF No. 89) (Andrew Dunlap appearing for Butler). The Court further denied Dunlap's January 7, 2022 motion to withdraw (ECF Nos. 139; 144) and Young's related motion to substitute (ECF Nos. 140; 145).[2] Young's response otherwise discusses (i) circumstances not relevant to his conduct and (ii) arguments that this Court has repeatedly rejected and deemed bad faith. (*See* ECF No. 207).

\*    \*    \*

---

[1] *Compare Tollett v. City of Kemah*, 285 F.3d 357, 360 (5th Cir. 2002) (discussing trial court's entry of post-remand sanctions after prior Fifth Circuit opinion addressed previously entered sanctions).

[2] Notwithstanding, the Court's prior orders declined to consider Butler and Young's motion to proceed without local counsel—which was embedded only as an attachment to his application for his admission pro hac vice. (*See* ECF No. 133; 133-1); (*see also* ECF No. 187 at 2) (discussing the grant of pro hac vice, only).

For those reasons and the Court's myriad prior concerns, the Court revoked its prior order admitting Ezra Young to serve as Butler's counsel in this case. (ECF No. 211).

**SO ENTERED THIS 6th DAY OF DECEMBER, 2025.**

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE