**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M COLLINS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

# ORDER TO SHOW CAUSE

In an Order dated Nov. 17, 2025, in ECF No. 205, this Court ordered all briefing relating to recusal and sanctions to be filed under seal. It appears former counsel for Plaintiff, Mr. Ezra Young, may be in violation of this Order, as of today's date, by publicly posting sealed documents including but not limited to at a website located at www.ezrayoung.com.. This website contains documents that are accessible to the general public, potentially in violation of this Court's Nov. 17, 2025 Order. See Exhibits 1-3 filed as attachments to this Order.

The Court hereby ORDERS Plaintiff, Mr. Young, to appear in to appear in-person for a hearing on April 24, 2026, at 3:00 p.m. in the United States District Court, 1100 Commerce Street, Courtroom 1310, Dallas, Texas 75242, to show cause (i) whether Mr. Young violated the Court's Order at ECF No. 205 regarding filing sealed documents; (ii) whether Mr. Young violated Federal Rule of Civil Procedure 11; (iii) whether Mr. Young violated the standards for attorney conduct adopted in Dondi; and (iii) whether Mr. Young should held in contempt or otherwise sanctioned. The purpose of this hearing is to give Mr. Young an opportunity to show cause why he should not be held in contempt of court or sanctioned. The only individual or party facing potential contempt

or sanctions is Mr. Young. Mr. Young may file any response to this Order by 5pm CST April 23, 2026. Any such filing should be filed under seal.

The Court requests the clerk of the court to direct this Order to Mr. Ezra Young by email at ezra@ezrayoung.com.

**SO ORDERED.**

22nd day of April, 2026.

ADA BROWN
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

Case 3:18-cv-00037-E Document 205 Filed 11/17/25 Page 1 of 1 PageID 4547

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M COLLINS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## ORDER

Before the Court is Plaintiff Cheryl Butler's motion to withdraw, which seeks withdrawal of local counsel Andrew A. Dunlap. The Court GRANTS withdrawal of Andrew A. Dunlap. (ECF No. 204). However, Butler no longer has local counsel. The Court ORDERS Butler to obtain local counsel on or before December 5, 2025. *See* N. D. Tex. Loc. Civ. R. 83.10.

The Court previously ordered briefing relating to recusal and sanctions. (ECF No. 203). The Court herein ORDERS all briefing relating to recusal and sanctions to be filed under seal. For clarification, the Court is not considering any sanction on Plaintiff Cheryl Butler, individually. The only sanction the Court is considering, at this time, is whether to revoke Counsel Ezra Young's pro hac vice.

**SO ORDERED.**

17th day of November, 2025.

ADA BROWN
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

Ezra has served as lead merits and amici counsel for individuals, nonprofits, and for-profit corporations in cases heard by appellate courts around the nation, including the United States Supreme Court, Texas Supreme Court, Delaware Supreme Court, the U.S. Courts of Appeals for the Second, Fifth, Eighth, Tenth, and Eleventh Circuits, New York Appellate Division—Fourth Department, and the Kansas Court of Appeals.

Ezra also has substantial trial court experience. Among others, Ezra has litigated cases before the U.S. District Courts for the District of Columbia, Middle District of Florida, District of Minnesota, Western District of

Oklahoma, Northern District of Texas, and Southern District of Texas. He has also tried cases in Comanche County District Court (Kan.), Delaware Chancery, Illinois Chancery, and Shenandoah County (Va.) Circuit Court.

Ezra has also handled several federal and state administrative cases heard by agencies including the U.S. Department of Education, U.S. Equal Employment Opportunity Commission, U.S. Department of Health and Human Services (both the Office for Civil Rights and Medicare Appeals Council), Illinois Human Rights Commission, New York Department of Financial Services, New York State Division of Human Rights, City of Chicago Commission on Human Relations, and Tacoma Human Rights Commission.

EQUAL

# PROTECTION

### *Griffith v. El Paso County, Colorado et al.* (10th Cir.)

- Amici Curiae Brief of Legal Scholars of Sex and Gender (Aug. 2023) [pdf]
- Merits Opinion (Feb. 2025) [pdf]
- Order Denying En Banc Review (June 2025) [pdf]

# ELECTION LAW

### *Yang et al. v. New York Board of Elections et al.* (2d Cir.)

- Amici Curiae Brief of New York State Voters (May 2020) [pdf]
- Summary Decision Affirming

District Court (May 2020) [pdf]

# Writ of Mandamus

### *In re Cheryl Butler and Ezra Ishmael Young* (5th Cir.)

- Petition for Writ of Mandamus (Dec. 2025) [pdf]
- Appendix Vol. 1 (Dec. 2025) [pdf]
- Appendix Vol. 2 (Dec. 2025) [pdf]
- Appendix Vol. 3 (Dec. 2025) [pdf]
- Opposition to Petition for Writ of Mandamus (Dec. 2025) [pdf]
- Appendix Vol. 4 (Dec. 2025) [pdf]
- Petitioners' Rule 28(j) Letter (Dec.

2025) [pdf]

- Petitioners' Request to file Rule 28(j) Reply (Jan. 2026) [pdf]
- Order granting Rule 28(j) Reply (Jan. 2026) [pdf]

# TENURE DISCRIMINATIO N

### *Cheryl Butler v. Southern Methodist Univ. et al.* (Tex.)

- Acceptance of Certified Question (Aug. 2024) [pdf]
- Case Reset for Argument (Aug. 2024) [pdf]

- Justice Steven W. Smith's (ret.) Amicus Brief (Sept. 2024) [pdf]
- Butler Opening Merits Brief (Sept. 2024) [pdf]
- Butler Appendix (Sept. 2024) [pdf]
- Justice Steven W. Smith's (ret.) Reply Amicus Brief (Oct. 2024) [pdf]
- Butler Reply Brief (Oct. 2024) [pdf]
- Butler Reply Appendix (Oct. 2024) [pdf]
- Opinion (May 2025) [pdf]

***Cheryl Butler v. Southern Methodist Univ. et al. (5th Cir.)***

- Butler Opening Brief (May

2023) [pdf]

- Butler Record Excerpts (May 2023) [pdf]
- SMU Response Brief (June 2023) [pdf]
- Butler Reply Brief (July 2023) [pdf]
- Oral Argument (Feb. 2024) [YouTube]
- Order Certifying Question to the Texas Supreme Court (Aug. 2024) [pdf]
- Merits Decision (June 2025) [pdf]
- Butler Petition for Panel Rehearing (July 2025) [pdf]

***Cheryl Butler v. Southern Methodist Univ. et al.* (N.D. Tex.)**

- Second Amended Complaint (Mar. 2018) [pdf]
- SMU Mot. for Summary Judgment (Nov. 2021) [pdf]
- SMU Brief in Supp. of Summary Judgment (Nov. 2021) [pdf]
- SMU Appendix in Opposition to Summary Judgment (Nov. 2021) [pdf]
- Butler Mot. Opposing Summary Judgment (Feb. 2022) [pdf]
- Butler Brief in Opposition to Summary Judgment (Feb. 2022) [pdf]
- Butler Appendix in Opposition to Summary Judgment (Feb. 2022) [pdf]
- Pretrial Disclosures (Mar. 2022) [pdf]

- Mot. to Recuse Hon. Ada Brown (Nov. 2025)

### ***Rachel Tudor et al. v. Southeastern Okla. State Univ. et al.* (10th Cir.)**

- Tudor Notice of Appeal (June 2018) [pdf]
- Preliminary Record [pdf]
- Order Scheduling Abatement (July 2018) [pdf]
- Tudor Motion to Vacate Scheduling Abatement (July 2018) [pdf]
- Defendants' Opposition to Vacate Abatement (July 2018) [pdf]
- Order Denying Motion to Vacate (Aug. 2018) [pdf]

# EXHIBIT 3

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DR. RACHEL TUDOR,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHEASTERN OKLAHOMA STATE UNIVERSITY and THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-15-324-C |

VOLUME 1

TRANSCRIPT OF JURY TRIAL

BEFORE THE HONORABLE ROBIN J. CAUTHRON

MONDAY, NOVEMBER 13, 2017; 9:00 a.m.

OKLAHOMA CITY, OKLAHOMA

Proceedings recorded by mechanical stenography, transcript produced by computer.

A P P E A R A N C E S

For the Plaintiff:

Ezra I. Young
Law Office of Ezra Young
30 Devoe 1A
Brooklyn, New York 11211
ezraiyoung@gmail.com

Brittany M. Novotny
401 North Hudson Avenue
Oklahoma City, Oklahoma 73102
brittany.novotny@gmail.com

Marie E. Galindo
1500 Broadway
Suite 1120
Wellsfargo Building
Lubbock, Texas 79401
megalindo@thegalindolawfirm.com

For the Defendants:

Dixie L. Coffey
Jeb E. Joseph
Attorney General's Office
313 NE 21st Street
Oklahoma City, Oklahoma 73105
dixie.coffey@oag.ok.gov
jeb.joseph@oag.ok.gov

Timothy M. Bunson
1215 Classen Drive
Oklahoma City, OK 73103
tim.bunson@oag.ok.gov

Certain things are not evidence and must not be considered. First, statements, arguments, and questions by lawyers are not evidence. Second, objections to questions are not evidence, and you shouldn't be influenced by any lawyer's objections or by my rulings on them.

If I sustain an objection, ignore the question. If I overrule the objection, treat the answer as you would any other.

Any testimony that I may exclude or tell you to disregard is not evidence. Finally, anything you see or hear outside the courtroom is not evidence and shouldn't be considered in deciding this case.

There are two kinds of evidence, direct and circumstantial. Direct evidence is direct proof of a fact, like the testimony of an eyewitness. Circumstantial evidence is proof of a chain of facts or circumstances from which you can infer that facts exist.

The classic law school example of this is, if you see someone walking on the beach, that's direct evidence. If you see footprints in the sand, that's circumstantial evidence that someone has been walking there.

Keep in mind that you can consider both kinds of testimony or evidence equally and also that it will be entirely up to you to decide how much of any witness's testimony to accept or reject.

This is a civil case, and the plaintiff has the burden of proving her case by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence which, considered in light of all the facts, leads you to believe that what she claims is more likely true than not true.

To put it differently, if you were to put the plaintiff's evidence and the defendants' evidence on opposite sides of the scale, the plaintiff has to make that scale tip somewhat in her favor. If she does not, your verdict must be for the defendants.

Those of you who have sat on criminal cases or watched TV will know -- will have heard of "proof beyond a reasonable doubt." That is not the standard in this case, and you should put it out of your mind.

As to your conduct as jurors, as I have explained to you, you must decide this case based solely on the evidence presented right here in this courtroom. This means you can't conduct any independent research, you shouldn't consult dictionaries or reference materials, you shouldn't search the internet or websites.

Until you retire to deliberate, you may not discuss the case with anyone, not among yourselves or with anyone else, and you should expose yourself to absolutely no media accounts of this trial.

I don't think I told you last week, when I gave you most of this instruction, that you also shouldn't blog or use social media about your experience as jurors. That can possibly compromise any verdict that is reached by this jury.

We want to keep you in a little bubble, and we can't do that, but we're going to get as close to that as we can. It requires your cooperation.

This case is what happens inside this courtroom, and we don't want you reaching out to anybody else to talk about the case or anyone else to talk to you.

If you want to take notes during the trial, you may. There are implements and instruments under your chairs or maybe at the end --

THE CLERK: They're under there.

THE COURT: Under your chairs. Okay.

Taking notes is a very personal issue. It helps some people pay attention; other people, it's a total distraction.

So if you take notes, please remember these things:

Don't pay so much attention to your notes that you forget to listen to the witness. When you get to the jury deliberation room, don't pay too much attention to any one juror's notes. You should consult your collective memory, and the fact that somebody has it in their notes doesn't necessarily make it so.

If you take notes, always leave the pads under your chair

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DR. RACHEL TUDOR, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-15-324-C |
| SOUTHEASTERN OKLAHOMA STATE UNIVERSITY and THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA, | ) | |
| Defendants. | ) | |

VOLUME 4

TRANSCRIPT OF JURY TRIAL

BEFORE THE HONORABLE ROBIN J. CAUTHRON

THURSDAY, NOVEMBER 16, 2017; 9:15 a.m.

OKLAHOMA CITY, OKLAHOMA

Proceedings recorded by mechanical stenography, transcript produced by computer.

APPEARANCES

For the Plaintiff:

Ezra I. Young
Law Office of Ezra Young
30 Devoe 1A
Brooklyn, New York 11211
ezraiyoung@gmail.com

Brittany M. Novotny
401 North Hudson Avenue
Oklahoma City, Oklahoma 73102
brittany.novotny@gmail.com

Marie E. Galindo
1500 Broadway
Suite 1120
Wellsfargo Building
Lubbock, Texas 79401
megalindo@thegalindolawfirm.com

For the Defendants:

Dixie L. Coffey
Jeb E. Joseph
Timothy M. Bunson
Attorney General's Office
313 NE 21st Street
Oklahoma City, Oklahoma 73105
dixie.coffey@oag.ok.gov
jeb.joseph@oag.ok.gov
tim.bunson@oag.ok.gov

(Proceedings held on November 16, 2017.)

(The following proceedings were held outside of the presence of the jury with all parties present.)

THE COURT: Be seated.

Before the jury is brought in, I want to make a record on a couple of things.

First of all, Sherri became aware last night and made me aware that transcripts were being posted online as soon as they're being provided to Mr. Young.

I don't even know the name of the website. What is it, Mr. Young?

MR. YOUNG: Your Honor, I dealt with it. There was a miscommunication.

THE COURT: I understand that; I'm just making a record.

MR. YOUNG: Oh. It's a nonprofit called Equality Case Files. My understanding is that all the transcripts have been removed at this time.

I still have the transcripts, obviously, but --

THE COURT: Of course.

MR. YOUNG: Yeah.

THE COURT: Well, to their credit, they were excluding everything that was done outside the presence of the jury, so there were no bench conferences or other meetings like this that were included in that transcript, only the

testimony.

I've never had this come up before, and I don't know what the rules are or if there are any rules. It makes me very uncomfortable.

Even though I have told this jury not to look online and even though there are no bench conferences, I would very much prefer that we try to keep this as sanitized, if that's the proper word, as we can.

So I know that you have since had those removed, and my request to you is that they not be posted or otherwise available publicly where the jury could see them until this trial is over.

MR. YOUNG: Yes, Your Honor.

THE COURT: Secondly, I heard counsel very, very briefly on the motions for judgment as a matter of law in chambers yesterday as we started our instruction conference.

I indicated to counsel I -- my inclination is simply to deny motions at this time, but I'm not going to do that since you haven't had an opportunity to make a record. But I am going to hold them in abeyance, and we'll go forward with the defendants' evidence and argue them at a time -- or allow you to make your record at a time that is more convenient for the jury.

Finally, Ms. Conway, we had decided yesterday -- or maybe I had decided unilaterally -- that we would take her first

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DR. RACHEL TUDOR, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-15-324-C |
| SOUTHEASTERN OKLAHOMA STATE UNIVERSITY and THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA, | ) | |
| Defendants. | ) | |

VOLUME 6

TRANSCRIPT OF JURY TRIAL

BEFORE THE HONORABLE ROBIN J. CAUTHRON

MONDAY, NOVEMBER 20, 2017; 12:10 p.m.

OKLAHOMA CITY, OKLAHOMA

Proceedings recorded by mechanical stenography, transcript produced by computer.

# A P P E A R A N C E S

For the Plaintiff:

Ezra I. Young
Law Office of Ezra Young
30 Devoe 1A
Brooklyn, New York 11211
ezraiyoung@gmail.com

Brittany M. Novotny
401 North Hudson Avenue
Oklahoma City, Oklahoma 73102
brittany.novotny@gmail.com

Marie E. Galindo
1500 Broadway
Suite 1120
Wellsfargo Building
Lubbock, Texas 79401
megalindo@thegalindolawfirm.com

For the Defendants:

Dixie L. Coffey
Jeb E. Joseph
Timothy M. Bunson
Attorney General's Office
313 NE 21st Street
Oklahoma City, Oklahoma 73105
dixie.coffey@oag.ok.gov
jeb.joseph@oag.ok.gov
tim.bunson@oag.ok.gov

(Proceedings held on November 20, 2017.)

(The following proceedings were had outside the presence of the jury with all counsel present.)

THE COURT: We are on the record and outside the presence of the jury.

I have received a note indicating the jury has reached a verdict with the same initials. I don't know who that is.

I want to make a record on the two instructions I have given to the jury. One was regarding going home on Friday, and the second was this morning in response to their question regarding pay.

I just want the record to reflect that both of these responses were by agreement of counsel.

Do you confirm that, Mr. Young?

MR. YOUNG: Yes, Your Honor.

MS. COFFEY: Yes, Your Honor.

THE COURT: And Ms. Coffey? All right.

I indicated, during the trial, that the daily copy transcript should not be posted online at least until the end of the trial.

I've done some work on trying to resolve that in my own mind. There are instructions on the public website for our court which indicate that they are not avail- -- they should not be available to download for 90 days -- I suppose after the verdict?

Would you think after the verdict or after judgment? Ninety days maybe after they're prepared and handed to you. I'm not sure.

THE REPORTER: I think after they're filed.

THE COURT: After they're filed. That would make sense.

Until that time, they can be reviewed but not copied in the clerk's office. After that time, they're available to anyone who has a PACER account.

So I would instruct you, Mr. Young, to make sure those are not posted online until 90 days after they're filed, when they would be available anyway.

MR. YOUNG: Yes, Your Honor.

THE COURT: Is there anything else from counsel before I have the jury brought in?

MR. YOUNG: Nothing from plaintiff, Your Honor.

MS. COFFEY: No, Your Honor.

THE COURT: You know that your exhibits will be returned to you. You are in charge of preserving them for any appeal.

Please have the jury brought in.

(Jury enters courtroom.)

MR. BUNSON: We're missing one.

THE COURT: I know.

JUROR TAYLOR: You're still missing one.