**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M COLLINS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

# ORDER

## I. Authority and Findings

This Order is entered pursuant to Federal Rules of Civil Procedure 26(c)(1) and 5.2(d)–(e), Federal Rule of Evidence 412, Northern District of Texas Local Civil Rules 79.3 and 79.4, Northern District of Texas Miscellaneous Order 61-1, and the Court's inherent authority.

On April 24, 2026, the Court held a Show Cause Hearing addressing attorney Mr. Ezra Young's compliance with prior orders of this Court, including, but not limited to Mr. Young's failure to comply with this Court's orders governing sealed materials. *See* Court's Nov. 17, 2025, Order to Seal [ECF No. 205] and the Court's April 22, 2026, Order to Show Cause [ECF No. 229]. The April 24, 2026, hearing included testimony and evidence concerning a non-party, including allegations of sexual assault. The transcript contains highly sensitive, personally identifying, and non-public information.

Public disclosure would create a substantial risk of harm to the non-party, including invasion of privacy and potential harassment. Protecting individuals from disclosure of sensitive sexual misconduct allegations constitutes a compelling interest. *See Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 607–08, 102 S. Ct 2613, 73 L.Ed.2d 248 (1982); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

This Court recognizes the public's right of access to judicial records. In 1978, the Supreme Court said it was "clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). That right is not absolute and must be balanced against competing interests.

> [E]ven under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But "[m]ost litigants have no incentive to protect the public's right of access." That's why "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing."

*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir 2021)(internal citations omitted).

Balancing those interests, the Court finds that sealing the April 24, 2026, hearing transcript is necessary to serve compelling interests, including protection of a non-party and prevention of misuse of sensitive information. The Court further finds that the relief ordered is narrowly tailored and that less restrictive alternatives, including redaction, are not adequate at this stage. *See June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 519–21 (5th Cir. 2022).

The Court has considered less restrictive alternatives to sealing, including redaction. The non-party witness's declarations submitted in camera have been partially redacted. However, the Court finds that even in redacted form, those materials contain sensitive information that could permit identification of the non-party or disclose intimate details of the allegations. The transcript at issue presents an even greater risk of disclosure. Unlike the written declarations, it reflects live testimony and contextual information that cannot be effectively anonymized without compromising the integrity of the record. The Court therefore concludes that redaction alone is not sufficient at this stage and that continued sealing is necessary to protect the interests identified.

The Court also finds that the transcript qualifies as a **highly sensitive document** under Northern District of Texas Miscellaneous Order 61-1 and warrants handling outside standard electronic access procedures.

## II. Order

It is **ORDERED**:

The transcript of the April 24, 2026, Show Cause Hearing is **FILED UNDER SEAL**. The Clerk is DIRECTED to docket the transcript using the appropriate sealed/restricted CM/ECF event so that: 1) the existence of the transcript appears on the docket; 2) the document itself is not accessible to the public; and 3) access is limited to authorized users only. Additionally, the transcript shall be treated as a highly sensitive document.

The Clerk is DIRECTED to maintain the transcript in a manner that prevents public electronic access and limits dissemination, consistent with Miscellaneous Order 61-1. Additionally, access to the transcript is limited to parties and individuals authorized by the Court. Review may occur

**only at the Clerk's Office**, upon reasonable advance notice, and in the presence of Court personnel. No copies, photographs, scans, or electronic reproductions may be made. No electronic devices may be used to record or transmit the contents of the transcript during review. This Order also applies to the non-party witness declarations filed in camera. Within 90 days, the non-party may move for redaction or to proceed under a pseudonym. Any party may propose limited redactions. The Court will determine whether continued sealing or partial unsealing is appropriate. The transcript shall remain sealed until further order of the Court. Violations of this Order may result in sanctions, including contempt.

## III. Conclusion

The Court finds that sealing and restricted access are necessary to serve compelling interests and that these actions are narrowly tailored to those interests.

**SO ORDERED.**

4th day of May, 2026.

ADA BROWN
UNITED STATES DISTRICT JUDGE