**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHERYL BUTLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-cv-00037-E** |
| | § | |
| **JENNIFER M. COLLINS, STEVEN C. CURRALL, ROY P. ANDERSON, PAUL WARD, JULIE FORRESTER ROGERS, AND HAROLD STANLEY,** | § § § § § | |
| | § | |
| **Defendants.** | § | |

# DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT

Respectfully submitted,

*/s/ Robin G. Shaughnessy*

Robin G. Shaughnessy
Texas Bar No. 24012713
robin.shaughnessy@troutman.com
Aaron S. Nava
Texas Bar No. 24134375
aaron.nava@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

Attorneys for Defendants

# TABLE OF CONTENTS


I. Nature and Stage of the Proceeding ........ 1

II. Statement of Issues ........ 3

III. Standard of Review ........ 3

IV. Summary of Argument ........ 4

V. Argument ........ 5

A. Legal Standard ........ 5

B. Plaintiff's Defamation Claims Are Barred by the Applicable Statute of Limitations ........ 6

1. Plaintiff Brought Her Defamation Claims More Than One Year After Learning About Alleged Defamation. ........ 7

2. Plaintiff's Complaint Does Not Raise A Plausible Basis for Tolling Her Untimely Defamation Claims. ........ 9

a. Alleged Republication Does Not Extend the Statute of Limitations. ........ 10

b. Fraudulent Concealment Does Not Extend the Statute of Limitations. ........ 13

c. The Discovery Rule Does Not Extend the Statute of Limitations. ........ 15

C. Plaintiff's Defamation Claims Fail Because They Are Based On Privileged Statements to the EEOC. ........ 17

D. Plaintiff's Conspiracy Claim (Count 6) Fails Because It Is Derivative of the Defamation Claims. ........ 18

VI. Conclusion ........ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldridge v. Miss. Dep't of Corr.*,
990 F.3d 868 (5th Cir. 2021) ....................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................6

*Azadpour v. Blue Sky Sports Center of Keller*,
No. 3:17-CV-1335-N-BK, 2018 WL 4189709 (N.D. Tex. Aug. 14, 2018) ....................17

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................5, 6

*Clouse v. S. Methodist Univ.*,
No. 24-10461, 2025 WL 2427755 (5th Cir. Aug. 22, 2025)....................14

*Doe v. MySpace, Inc.*,
528 F.3d 413 (5th Cir. 2008) ....................5

*Fernandez v. Allstate Texas Lloyds*,
No. 4:17-CV-729-A, 2017 WL 6514684 (N.D. Tex. Dec. 19, 2017) ....................13

*Gallegos v. Escalon*,
993 S.W.2d 422 (Tex. App. 1999)....................17

*Glassdoor, Inc. v. Andra Grp., LP*,
575 S.W.3d 523 (Tex. 2019) ....................7

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,
313 F.3d 305 (5th Cir. 2002) ....................5

*Hermann Holdings Ltd. v. Lucent Techs., Inc.*,
302 F.3d 552 (5th Cir. 2002) ....................13

*Hogan v. Zoanni*,
627 S.W.3d 163 (Tex. 2021) ....................16

*James v. Brown*,
637 S.W.2d 914 (Tex. 1982) ....................................................................7

*Jones v. Greninger*,
188 F.3d 322 (5th Cir. 1999) ....................................................................4

*Kelley v. Rinkle*,
532 S.W.2d 947 (Tex. 1976) ....................................................................16

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*,
901 F.2d 404 (5th Cir. 1990) ....................................................................13, 14

*Marshall Field Stores, Inc. v. Gardiner*,
859 S.W.2d 391 (Tex. App.–Houston [1st Dist.] 1993, writ dism'd w.o.j.) ....................................................................12

*Mitchell Energy Corp. v. Bartlett*,
958 S.W.2d 430 (Tex. App.—Fort Worth 1997, pet. denied)............................14

*Neely v. Wilson*,
418 S.W.3d 52 (Tex. 2013)....................................................................11

*Pete v. Walmart Stores Tex., LLC*,
No. 1:25-CV-00104-MJT-CLS, 2025 WL 1379106 (E.D. Tex. Mar. 24, 2025)....................................................................7, 16

*Reagan v. Guardian Life Ins. Co.*,
140 Tex. 105 (1941) ....................................................................17

*Rose v. First Am. Title Ins. Co. of Texas*,
907 S.W.2d 639 (Tex. App. 1995)....................................................................17

*San Antonio Credit Union v. O'Connor*,
115 S.W.3d 82 (Tex. App.—San Antonio 2003, pet. denied)............................16

*Seatrax, Inc. v. Sonbeck Int'l, Inc.*,
200 F.3d 358 (5th Cir. 2000) ....................................................................14

*Stewart v. Cleburne Police Dep't*,
No. 3:08-CV-0230-G, 2008 WL 4454059 (N.D. Tex. Oct. 3, 2008) ....................................................................7

*Sumner v. Land & Leisure, Inc.*,
664 F.2d 965 (5th Cir. 1981) ....................13

*S.V. v. R.V.*,
933 S.W.2d 1 (Tex. 1996) ....................7

*Taylor v. Bailey Tool Mfg. Co.*,
744 F.3d 944 (5th Cir. 2014) ....................7, 9

*Tilton v. Marshall*,
925 S.W.2d 672 (Tex. 1996) ....................18

*Velocity Databank, Inc. v. Shell Offshore, Inc.*,
456 S.W.3d 605 (Tex. App.—Houston [1st Dist.] 2014, pet. denied)....................15, 16

*Vendever LLC v. Intermatic Mfg. Ltd.*,
No. 3:11-CV-201-B, 2011 WL 4346324 (N.D. Tex. Sept. 16, 2011) ....................18

*Warner Bros. Entm't, Inc. v. Jones*,
538 S.W.3d 781 (Tex. App.—Austin 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020)....................18

*Wheeler v. Methodist Hosp.*,
95 S.W.3d 628 (Tex. App. 2002)....................2

*Young v. CompUSA*,
No. 3:03-CV-0268-P, 2004 WL 992577 (N.D. Tex. Apr. 30, 2004) ..........10, 11

**Statutes & Other Authorities**

Tex. Civ. Prac. & Rem. Code § 16.002 ....................7

Federal Rule of Civil Procedure 9(b)....................13, 14

Federal Rule of Civil Procedure 12(b)(6) ....................*passim*

Federal Rule of Civil Procedure 12(c)....................*passim*

Defendants Jennifer M. Collins, Steven C. Currall, Roy P. Anderson, Paul Ward, Julie Patterson Forrester Rogers, and Harold Stanley (collectively, "Defendants") file this Motion for Partial Judgment on the Pleadings and Brief in Support (the "Motion"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Despite amending her pleading twice, and after more than eight years of litigation, Plaintiff Cheryl Butler ("Plaintiff") fails to state claims upon which relief can be granted for defamation (slander and libel) or civil conspiracy to defame. Accordingly, as set forth in detail below, the Court should grant Defendants' Motion and dismiss with prejudice Plaintiff's Counts 1 through 6 of Plaintiff's Second Amended Complaint (Doc. 12, the "Complaint").

## I. NATURE AND STAGE OF THE PROCEEDING

On August 20, 2017, Plaintiff filed her Original Petition in the 193rd Judicial District Court of Dallas County, asserting various federal and state law claims against Defendants arising from the denial of her tenure application at Southern Methodist University ("SMU"). Following removal of the case to this Court in January 2018, Doc. 1, Plaintiff filed her Complaint on March 19, 2018, Doc. 12, alleging thirty "causes of action" against SMU, and its various officers, law school faculty, and administrative staff. SMU and Defendants filed a Motion to Dismiss the Complaint and accompanying brief in support on April 2, 2018. Docs. 15, 16.

In March 2019, Judge Sam A. Lindsay granted the Motion to Dismiss in part, dismissing Plaintiff's state law tort claims on the grounds that such claims were preempted by Plaintiff's discrimination claims. Doc. 47. Although Defendants asserted several additional arguments regarding why the Court should dismiss Plaintiff's state law tort claims (including on statutes of limitations grounds), Judge Lindsay disposed of the state law tort claims on preemption grounds only and did not address the remaining arguments in his opinion. *Id.* On September 18, 2019, this action was transferred to Judge Brown. Doc. 60.

After the parties conducted significant discovery on Plaintiff's discrimination claims, the Court granted SMU and Defendants' Motion for Summary Judgment, dismissing all of Plaintiff's discrimination claims with prejudice. Doc. 193. On January 19, 2023, Plaintiff timely filed her notice of appeal of both Judge Lindsay's and Judge Brown's decisions. Doc. 197. On June 5, 2025, the Fifth Circuit affirmed in part, reversed in part, and remanded for further proceedings. Docs. 201, 202. Specifically, the Fifth Circuit upheld dismissal of all discrimination claims against SMU, and held that Plaintiff may pursue only her defamation, fraud, and conspiracy

to defame claims against the remaining individual Defendants (the "Remaining Tort Claims").[1] *Id.*

On March 4, 2026, the Parties filed a Joint Status Report on Plaintiff's Remaining Tort Claims (Doc. 224), and on March 19, 2026, the Court entered its Scheduling Order. Doc. 226.

## II. STATEMENT OF ISSUES

The issue before the Court is whether the Court should grant partial judgment on the pleadings for Defendants and dismiss with prejudice Plaintiff's Defamation Claims (Counts 1–5) and Conspiracy Claim (Count 6).

## III. STANDARD OF REVIEW

The Fifth Circuit reviews *de novo* a district court's decision to grant judgment on the pleadings and dismiss a complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(c). *See Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 873 (5th Cir. 2021) ("We review a district court's dismissal under Federal Rule of Civil

[1] Plaintiff's Remaining Tort Claims include: Count 1 – Defamation *Per Se*, Count 2 – Defamation (Libel), Count 3 – Defamation (Slander), Count 4 – Slander *Per Se*, Count 5 – Libel *Per Se*, Count 6 – Conspiracy to Defame, and Count 7 – Fraud. Counts 1 through 5 are collectively referred to herein as Plaintiff's "Defamation Claims," and Count 6 is referred to herein as Plaintiff's "Conspiracy Claim." Defendants are not moving for judgment on the pleadings in this Motion on Plaintiff's remaining fraud claim (Count 7), but reserve the right to do so pursuant to the Federal Rules of Civil Procedure.

Procedure 12(c), applying the same de novo standard as to a Rule 12(b)(6) motion to dismiss.").[2]

## IV. SUMMARY OF ARGUMENT

The Court should grant judgment on the pleadings and dismiss with prejudice Plaintiff's Defamation Claims because: (1) the Defamation Claims are barred by the applicable one-year statute of limitations; (2) the Complaint does not raise any plausible basis for applying a theory of equitable tolling to Plaintiff's untimely claims; and (3) Plaintiff's Defamation Claims are based on privileged statements to the EEOC. Regarding any equitable tolling, Plaintiff's theories of alleged re-publication or fraudulent concealment fail to save her untimely claims. Nor does the discovery rule apply in this case for the reasons set forth below. Finally, because Plaintiff's Defamation Claims fail as a matter of law, the Court must also dismiss with prejudice Plaintiff's Conspiracy Claim, which is merely derivative of her untimely Defamation Claims.

[2] Defendants bring this Motion under Rule 12(c) of the Federal Rules of Civil Procedure rather than Rule 12(b)(6). Although "a rule 12(b) motion must be filed before responsive pleadings, . . . Rule 12(c) motions, however, may be filed after the pleadings are closed." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). The difference between Rule 12(c) and Rule 12(b)(6) motions is timing, but as set forth below, courts apply the same standards to both types of motions. *See* Section V.A. *infra*. Additionally, because Defendants bring this Motion under Rule 12(c) instead of Rule 12(b)(6), the conference requirements of Section II(C) of the Procedures for Cases Assigned to District Judge Ada Brown and Standing Order do not appear to apply.

## V. ARGUMENT

### A. Legal Standard

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citations and quotations marks omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (internal citations and quotation marks omitted).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (internal citations omitted). To survive a Rule 12(b)(6) or 12(c) motion and dismissal, Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's Defamation Claims have facial plausibility only if she pleads factual content that allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Id.* at 555–56. Factual allegations must be enough to raise a right

to relief above the speculative level. *Id.* "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and court." *Id*. at 558 (internal citations omitted).

In determining whether Plaintiff's Complaint states a plausible claim for relief, the Court need not credit bare legal conclusions unsupported by any actual facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*; *Twombly*, 550 U.S. at 555 (stating that courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal citations and quotations omitted).

### B. Plaintiff's Defamation Claims Are Barred by the Applicable Statute of Limitations.

The Court should grant judgment on the pleadings and dismiss with prejudice Plaintiff's Defamation Claims because: (1) the Defamation Claims are barred by the applicable statute of limitations; (2) the Complaint does not raise a plausible basis to apply any theory of equitable tolling to save Plaintiff's untimely Defamation Claims; and (3) Plaintiff's Defamation Claims are based on privileged statements to the EEOC.

***1. Plaintiff Brought Her Defamation Claims More Than One Year After Learning About Alleged Defamation.***

The Court should dismiss with prejudice Plaintiff's Defamation Claims because the claims are time-barred. "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (internal citation omitted). The statute of limitations for defamation actions – i.e., a suit for libel or slander – under Texas law is one year. *See* Tex. Civ. Prac. & Rem. Code § 16.002; *Pete v. Walmart Stores Tex., LLC*, No. 1:25-CV-00104-MJT-CLS, 2025 WL 1379106, at *3 (E.D. Tex. Mar. 24, 2025), *report and recommendation adopted*, No. 1:25-CV-00104-MJT, 2025 WL 1065750 (E.D. Tex. Apr. 9, 2025) (internal citations omitted). "[C]laims for defamation . . . generally accrue when the allegedly defamatory matter is published or circulated." *Pete*, 2025 WL 1379106, at *3 (quoting *DeWispelare v. DeWispelare*, No. 05-24-00176-CV, 2024 WL 4262403, at *5 (Tex. App.—Dallas Sept. 23, 2024, pet. filed) (mem. op.) (quoting *Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 528 (Tex. 2019)); *see also Stewart v. Cleburne Police Dep't*, No. 3:08-CV-0230-G, 2008 WL 4454059, at *4 (N.D. Tex. Oct. 3, 2008) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)) ("In Texas, a cause of action accrues 'when a wrongful act causes some legal injury, even if the fact of

injury is not discovered until later, and even if all resulting damages have not yet occurred.'")).

Plaintiff originally filed this lawsuit on August 20, 2017. *See* Doc. 1, Ex. A-2. Therefore, any claim based on alleged defamation (i.e., libel or slander) occurring before **August 20, 2016**, is barred by the applicable statute of limitations. Despite Plaintiff's multiple prior amendments to the Complaint, the pleading is nevertheless riddled with alleged defamatory conduct occurring well before August 20, 2016. Indeed, taking Plaintiff's own allegations in the Complaint as true, she knew of the alleged defamatory statements by January 2016, within days of the tenure meeting in which SMU faculty voted to recommend denial of Plaintiff's tenure application. *See* Doc. 12 at ¶¶ 462–463. Plaintiff claims the defamatory statements were contained in a written tenure report and that, in January 2016, faculty members told her of statements that Plaintiff believed to be defamatory. *Id.* at ¶ 457. Plaintiff further alleges that Professor Jessica Dixon Weaver told her the tenure report accused her of dishonesty. *Id.* at ¶ 463. In January 2016, SMU faculty allegedly told Plaintiff the "**exact words** used to defame her." *Id.* at ¶ 462 (emphasis added). During the tenure process (which occurred before or during January 2016), one faculty member allegedly said Plaintiff was a "pathological liar." *Id.* ¶ 460. Plaintiff further pleads that she surreptitiously taped some of the calls containing alleged

defamatory statements, and that those conversations began occurring in January 2016. *See, e.g.*, Doc. 12 at ¶ 512.

Thus, the Complaint is replete with allegations showing that Plaintiff had knowledge of the statements forming the basis of her Defamation Claims in January 2016. *Id.* at ¶¶ 457, 458, 462, 512. Despite having knowledge of the alleged "exact" details of her Defamation Claims in January 2016, Plaintiff did not file suit until August 20, 2017. *Id.* at ¶ 462.

At the very latest, Plaintiff knew about the statements that form the basis of her defamation claims by the end of July 2016, when Professor Weaver allegedly shared with Plaintiff additional details regarding her tenure application, other faculty's comments about Plaintiff, and the alleged defamatory statements. *See* Doc. 12 at ¶ 527. Yet, Plaintiff inexplicably waited until August 20, 2017 to file her suit. Because the Defamation Claims in Counts 1–5 of the Complaint are time-barred, the Court should grant judgment on the pleadings and dismiss the Defamation Claims with prejudice.

#### ***2. Plaintiff's Complaint Does Not Raise A Plausible Basis for Tolling Her Untimely Defamation Claims.***

Dismissal pursuant to Rule 12(b)(6) and, therefore, judgment on the pleadings pursuant to Rule 12(c), is appropriate when "the pleadings fail to raise some basis for tolling." *Taylor*, 744 F.3d at 946 (internal citation omitted). Despite Plaintiff repeatedly mentioning "fraudulent concealment" and instances of alleged

republication of defamatory statements, the Complaint fails to plausibly raise some basis for equitable tolling that would otherwise save Plaintiff's time-barred Defamation Claims. As explained below, republication, fraudulent concealment, and the discovery rule do not extend the statute of limitations, and the Court should dismiss with prejudice the Defamation Claims.

a. <u>Alleged Republication Does Not Extend the Statute of Limitations.</u>

In her Complaint, Plaintiff repeatedly references republication of allegedly defamatory statements, but none of these allegations suggest that the audience of the alleged republication was any different from the original audience. To the contrary, all of Plaintiff's allegations about defamation center on the tenure process, and all statements were allegedly published either in the tenure report itself or in the context of tenure or promotion discussions within the tenure committee or faculty meetings. *See*, *e.g.*, Doc. 12 at ¶ 460 (alleging professors attending faculty meeting recommended denying tenure because Plaintiff lied in her discrimination complaint); ¶¶ 463–464 (alleging the tenure report contained defamatory statements). In order for republication to extend the statute of limitations on her Defamation Claims, Plaintiff must demonstrate the defamatory statement(s) were published to a <u>**new**</u> audience. *Young v. CompUSA*, No. 3:03-CV-0268-P, 2004 WL 992577, at *5 (N.D. Tex. Apr. 30, 2004) (granting summary judgment on time-barred defamation claim); *see* Doc. 12, Ex. E, p. 19 of 39. "In the absence of any evidence of transmission of confidential

or restricted information to a new audience, republication of the defamatory material will not operate to extend the statute of limitations." *Young*, 2004 WL 992577, at *5. Here, the Complaint does not contain sufficient allegations that any alleged defamatory statements were published to a **new** audience.

Plaintiff attempts to salvage her Defamation Claims by alleging two instances of republication: First, Plaintiff alleges that the tenure report was published to the entire faculty in January 2016, which she learned about in a conversation with Professor Weaver in July 2016. *See* Doc. 12 at ¶ 527; Ex. E to Doc. 12, p. 25 of 39. To the extent Plaintiff is relying on republication to support her Defamation Claims, the proper defendant(s) would not be the original authors, but whoever allegedly republished the statement. *See, e.g.*, *Neely v. Wilson*, 418 S.W.3d 52, 61 (Tex. 2013) ("[I]t is a well-settled legal principle that one is liable for republishing the defamatory statement of another.") (superseded by statute on other grounds, internal citations omitted). Accordingly, Plaintiff has not properly pleaded republication because she fails to assert claims against the party allegedly liable for the republication. In any event, even if the Court deems this to be a proper republication, such republication in July 2016 is *still* outside of the statute of limitations and her Defamation Claims must still be dismissed accordingly.

Second, Plaintiff alleges that Professor Weaver, who Plaintiff dropped from her Complaint as a defendant in this lawsuit, allegedly published defamatory

statements to Plaintiff's husband and children. *See, e.g.*, Exhibit E to Doc. 12, p. 19 of 39. Although Plaintiff seemingly seeks to avoid the statute of limitations by vaguely claiming this republication occurred in "Fall 2016," Plaintiff is no longer asserting claims against Professor Weaver, the alleged republisher. And even if this alleged republication occurred within the statute of limitations (which is unclear from the face of the Complaint), these allegations of republication are nevertheless insufficient to extend the statute of limitations.

Defendants anticipate Plaintiff will attempt to argue that Defendants are nevertheless liable for the alleged defamatory statements republished by others. However, as Plaintiff previously acknowledged in her response to the Motion to Dismiss, Doc. 21, Texas law is clear on this point: "A party is generally not liable for a republication of a defamatory statement by another [unless] a reasonable person would recognize that an act creates an unreasonable risk that the defamatory matter will be communicated to a third party." *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 639–40 (Tex. App. 2002) (citing *Marshall Field Stores, Inc. v. Gardiner*, 859 S.W.2d 391, 396 (Tex. App.–Houston [1st Dist.] 1993, writ dism'd w.o.j.)). Here, the Complaint contains no allegations that the individual Defendants should have recognized that there was an unreasonable risk their alleged statements would be communicated to a third party, much less a risk of republication to the Plaintiff's

husband and children, and Plaintiff's republication theory is, thus, insufficient to save the untimely Defamation Claims.

b. <u>Fraudulent Concealment Does Not Extend the Statute of Limitations.</u>

Importantly, claims alleging fraudulent concealment are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Sumner v. Land & Leisure, Inc.*, 664 F.2d 965, 970–71 (5th Cir. 1981) (requiring allegations of fraudulent concealment to be pled with particularity); *Fernandez v. Allstate Texas Lloyds*, No. 4:17-CV-729-A, 2017 WL 6514684, at *2 (N.D. Tex. Dec. 19, 2017) (same). Thus, a plaintiff alleging fraudulent concealment must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Fernandez*, 2017 WL 6514684, at *2 (citing *Hermann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002)). Plaintiff's repeated use of the term "fraudulent concealment," without specific, supporting facts, is insufficient to meet the requirements of Rule 9(b).

Even assuming Plaintiff's fraudulent concealment allegations satisfy the heightened pleading standard of Rule 9(b), which they clearly do not, she is not entitled to any equitable tolling based on fraudulent concealment. To invoke equitable tolling based upon fraudulent concealment, "[a] plaintiff must show that the defendants concealed the conduct complained of, and that [plaintiff] failed,

despite the exercise of due diligence on [her] part, to discover the facts that form the basis of [her] claim." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 413, n. 21 (5th Cir. 1990) (internal quotation marks and citations omitted). Moreover, "[t]o invoke [the fraudulent concealment] doctrine, the plaintiff bears the burden of showing that the defendant was under a duty to disclose the allegedly concealed information." *Clouse v. S. Methodist Univ.*, No. 24-10461, 2025 WL 2427755, at *5 (5th Cir. Aug. 22, 2025) (citing *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 366 (5th Cir. 2000)). "Mere concealment is insufficient to establish fraudulent concealment." *Seatrax*, 200 F.3d at 366 (internal citation omitted). "The gist of fraudulent concealment is the defendant's active suppression of the truth or failure to disclose when the defendant is under a duty to disclose." *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. App.—Fort Worth 1997, pet. denied).

In her Complaint, Plaintiff conclusively alleges that "Dean Collins and the faculty at SMU had a duty to disclose the contents of the tenure report to Plaintiff." Doc. 12 at ¶ 672. In support, Plaintiff simply alleges that professors "have a right to their personnel files," but she does not explain how personnel files are the same as, or include, confidential tenure documents. Plaintiff simply stating that a duty exists, without providing any factual allegations supporting her allegation, is insufficient to support a fraudulent concealment claim, particularly under the heightened pleading standards of Rule 9(b).

The Complaint contains no further allegations demonstrating that Defendants were under a duty to disclose anything to Plaintiff regarding the tenure decision, let alone that Defendants actively suppressed an alleged defamatory statement from Plaintiff. To the contrary, Plaintiff's allegations make clear that she was well aware of the alleged defamatory statements by January 2016 (and yet she failed to file suit until August 2017). Put differently, nobody, and certainly none of the Defendants, concealed any statements from Plaintiff, because Plaintiff alleges she learned in January 2016 the "exact words" allegedly used to defame her. Accordingly, fraudulent concealment does not save Plaintiff's time-barred Defamation Claims and they should be dismissed.

c. The Discovery Rule Does Not Extend the Statute of Limitations.

Finally, Defendants anticipate that Plaintiff may argue that the discovery rule saves her untimely Defamation Claims. "Generally, a defamation claim accrues when the matter is published or circulated." *Velocity Databank, Inc. v. Shell Offshore, Inc.*, 456 S.W.3d 605, 609 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (internal citations omitted). "However, the discovery rule applies to an action for defamation when a defamatory statement is inherently undiscoverable or not a matter of public knowledge." *Id.* (internal citations omitted). "To be inherently undiscoverable, an injury need not be impossible to discover, but it must be, by nature, unlikely to be discovered within the prescribed limitations period despite due

diligence." *Id.* (internal quotation marks and citations omitted). "In such cases, the limitations period begins to run when the plaintiff learns, or should have learned, of the existence of the defamatory statement." *Id.* (internal citations omitted). Here, Plaintiff's alleged injury from the defamation was not "inherently undiscoverable," and the discovery rule is inapplicable.

"[A]ccepting and viewing h[er] well-pleaded facts as true and favorable leaves no doubt that [Plaintiff] learned of [her] claimed injury the moment it occurred." *Pete*, 2025 WL 1379106, at *5. Because Plaintiff pleads that she learned about the alleged defamatory statements in January 2016 (and, at the latest, in July 2016), "[t]his case simply does not present the rare circumstances where the nature of the injury incurred is inherently undiscoverable." *Id.* (internal citations and quotation marks omitted). Accordingly, the discovery rule does not save Plaintiff's untimely Defamation Claims. *See also Hogan v. Zoanni*, 627 S.W.3d 163, 172 (Tex. 2021) (explaining that Texas Supreme Court has "never held that the discovery rule applies to defamation claims except in the narrow circumstance involving a person's discovery of allegedly libelous information filed with a credit agency" and further "suggest[ing] that the discovery rule would rarely extend to other contexts.") (citing *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976)); *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 98 (Tex. App.—San Antonio 2003, pet. denied) ("The

discovery rule has limited application to defamation claims.") (internal citation omitted).

### C. Plaintiff's Defamation Claims Fail Because They Are Based On Privileged Statements to the EEOC.

Even if they were not time-barred, Plaintiff's Defamation Claims fail for the additional reason that they are based on privileged statements contained in an EEOC Position Statement. *See Azadpour v. Blue Sky Sports Center of Keller*, No. 3:17-CV-1335-N-BK, 2018 WL 4189709, at *3 (N.D. Tex. Aug. 14, 2018) (dismissing defamation claims and explaining all statements to EEOC are "entitled to absolute privilege"); *see also Rose v. First Am. Title Ins. Co. of Texas*, 907 S.W.2d 639, 641 (Tex. App. 1995) (citing *James v. Brown*, 637 S.W.2d 914, 916–17 (Tex. 1982); *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105 (1941)); *see also Gallegos v. Escalon*, 993 S.W.2d 422, 425 (Tex. App. 1999) ("Judicial immunity extends to statements made in quasi-judicial proceedings before governmental executive officers, boards, and commissions which exercise quasi-judicial powers.") (internal citations omitted). The Complaint lists eight "Counts" of statements that allegedly constitute defamation. *See* Doc. 12 at ¶¶ 564–606. "Counts" 9–16 are quotations from SMU's EEOC position statement. *Id.* Accordingly, these privileged statements cannot support Plaintiff's Defamation Claims, which fail for this additional reason.

### D. Plaintiff's Conspiracy Claim (Count 6) Fails Because It Is Derivative of the Defamation Claims.

Finally, because Plaintiff's claim that Defendants engaged in a civil conspiracy to defame her (Count 6) is based on the underlying, untimely Defamation Claims, the Conspiracy Claim necessarily fails as a matter of law. Indeed, Texas law is well settled on this point: civil conspiracy is a "'derivative tort' because 'a defendant's liability for conspiracy depends on participation in some underlying tort.'" *Vendever LLC v. Intermatic Mfg. Ltd.*, No. 3:11-CV-201-B, 2011 WL 4346324, at *7 (N.D. Tex. Sept. 16, 2011) (granting motion to dismiss defamation and civil conspiracy claims) (quoting *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Accordingly, dismissal of the untimely Defamation Claims automatically necessitates dismissal of Plaintiff's Conspiracy Claim. *See Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 814, n.10 (Tex. App.—Austin 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020) ("Because we determined that the trial court erred by refusing to dismiss Jones's defamation claim against the domain name TMZ.com, the trial court likewise erred by refusing to dismiss Jones's conspiracy claim against the domain name TMZ.com, which was dependent on the defamation claim.").

## VI. CONCLUSION

For the reasons set forth above, Plaintiff's Defamation Claims (Counts 1 – 5) and Conspiracy Claim (Count 6) of her Complaint fail as a matter of law. Accordingly, Defendants are entitled to judgment on the pleadings, and the Court should dismiss Counts 1 through 6 with prejudice.

Dated: May 8, 2026

Respectfully submitted,

*/s/ Robin G. Shaughnessy*
Robin G. Shaughnessy
Texas Bar No. 24012713
robin.shaughnessy@troutman.com
Aaron S. Nava
Texas Bar No. 24134375
aaron.nava@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

*Counsel for Defendants*

## CERTIFICATE OF WORD COUNT

Pursuant to the Court's Procedure for Cases Assigned to District Judge Ada Brown and Standing Order, I hereby certify that this Motion and Brief in Support contains 4,190 words (excluding the case caption, table of contents, table of authorities, signature block, and certificates).

*/s/ Robin G. Shaughnessy*
Robin G. Shaughnessy

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May 2026, a true and correct copy of the foregoing was served via the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Robin G. Shaughnessy*
Robin G. Shaughnessy