IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. RACHEL TUDOR,<br>Plaintiff,<br>v.<br><br>1. MARIE GALINDO,<br>2. BRITTANY STEWART,<br>3. LAW OFFICE OF JILLIAN WEISS,<br>4. EZRA YOUNG,<br>5. TRANSGENDER LEGAL DEFENSE AND EDUCATION FUND<br>Defendants.<br><br>1. EZRA YOUNG,<br>2. BRITTANY STEWART,<br>Counterclaim Plaintiffs,<br><br>v.<br><br>1. DR. RACHEL TUDOR,<br>2. JILLIAN WEISS,<br>Counterclaim Defendants.<br><br>1. EZRA YOUNG,<br>2. BRITTANY STEWART,<br>Third-Party Plaintiffs,<br>v.<br><br>1. SOUTHEASTERN OKLAHOMA STATE UNIVERSITY,<br>2. REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA,<br>Counterclaim Defendants. | Case No. 5:22-cv-00480-JD |

**NOTICE OF RELATED CASES**

To the Court:

Western District of Oklahoma Local Rule 3.7(a) defines a related or companion case as one which "shall" be noticed where it involves, among other things, common issues of fact or growing out of the same transaction. The connection between this and a trial and appellate case pending out of Circuit requires some explanation.

Pursuant to Local Rule 3.7(a), Mr. Ezra Ishmael Young respectfully notifies this Court that common issues alleged by Dr. Rachel Tudor, Mr. Jerry Colclazier, and Ms. Jillian Weiss in this case as well as Tudor's merits case as pretense for opposing payment of Mr. Young's attorney's fees and costs have been raised *sua sponte* by the Honorable Judge Ada Brown in *Butler v. Collins et al.*, 3:18-cv-37-E (N.D. Tex.). An interlocutory appeal has been brought from the same styled as *In re Ezra Young*, No. 26-10436.

In an April 22, 2026 show cause order, Judge Brown issued a notice to show cause against Mr. Young in the *Butler* matter. A true copy, including several pages from Tudor's merits jury trial transcript, is attached as Exhibit 1.

At the April 24, 2026 public hearing, Judge Brown raised sua sponte Dr. Tudor's false allegations against Young in the merits case, on this docket, and on appeal to the Tenth Circuit. Specifically, Judge Brown alleged that Young sexually assaulted Dr. Tudor. (He did not. New York ethics authorities concluded as much in October 2021.) Judge Brown cited Dr. Tudor's filings as well as made references to filings made by Tudor before New York ethics authorities. Judge Brown accused Young of docketing Dr. Tudor's medical files on the Western District's public docket. Judge Brown also shared other specific details that could not have been gleaned from public dockets.

To Young's recollection, Judge Brown also indicated at the hearing that as a "Black judge" she would punish Young for sexually assaulting Dr. Tudor. Judge Brown claimed she had the power to interfere with this proceeding in the Western District, despite Young pointing out she had no such power and that would be disrespectful to the Honorable Judges Dishman and Cauthron. Judge Brown also repeatedly found as law and fact that Mr. Young is "a mediocre white man," a "Chad," and used other bizarre and offensive language. That barrage of hostilities was, repeatedly at Judge Brown's insistence, based on Dr. Tudor's

filings on this Court's docket, and Dr. Tudor's insistence that some unidentified investigation against Young was ongoing. Judge Brown also insisted, because she is connected to Oklahoma, and has previously sat by designation on Oklahoma federal courts, that she is empowered to reach beyond her district's borders to assist Dr. Tudor in her crusade against Young.

(In full disclosure. Judge Brown also made many other bizarre statements. For instance, she presented Young with a picture of his dog Thurgood, who as a puppy won a costume contest dressed up as Thurgood Marshall after winning *Brown v. Board of Education* (1954), as purported evidence that he "hates Black people." Judge Brown also ordered Young to disclose the race and ethnicity of all of his past and present clients and presiding judges.)

On May 4, 2026, Judge Brown sua sponte designated the transcript of the show cause hearing a threat to national security because it identified an alleged victim of sexual assault. Judge Brown also indicates that she conducted in camera proceedings in which witness statements were taken. Together, those references identify Dr. Tudor. A true copy is attached as Exhibit 2.

Young respects the Court's concern that it should not meddle in another Court's proceedings. And also shares the belief that Dr. Tudor's false allegations against him should have no relevance to the instant case.

However, Dr. Tudor, Mr. Colclazier, and Ms. Weiss have used the Western District's dockets to repeatedly slander Young's name, including falsely accusing him of sexually assaulting Dr. Tudor. This Court has never struck such filings. Nor has this Court instructed Dr. Tudor, Ms. Weiss, and Mr. Colclazier to cease harassing Young. *See, e.g.*, ECF No. 12 ¶7 (referring to Exhibit B's allegations); ECF No. 35 at 19 n.9 (same); ECF No. 39 at 5 n.2 (describing Young's allegation that Tudor, Weiss, and Colclazier falsely accused him of misconduct as "gaslighting"); ECF No. 74-1 (noticing dismissal of ethics grievance); ECF No. 75-5 at 6 ¶ 30 (falsely alleging Young sexually assaulted Dr. Tudor). *But see* F.R.C.P. Rule 11(c)(3)–(4).

/s/ Ezra Young
Ezra Young (NY Bar No. 5283114)
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically serve all counsel of record.

/s/ Ezra Young
Ezra Young (NY Bar No. 5283114)