**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER | § | |
| | § | |
| *Plaintiffs*, | § | Civil Action 3:18-cv-00037-E |
| | § | |
| vs. | § | |
| | § | |
| JENNIFER M. COLLINS, ET AL., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE ADA BROWN:

Plaintiff Cheryl Butler moves the Court to remand the case to state court because only state claims remain; and also because the state claims are novel. "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)).

A district court may decline to exercise supplemental jurisdiction, and therefore remand a cases, for two kinds of claims relevant to this case: 1) claims raising a novel or complex issue of State law; or 2) state claims that remain the only claims after the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C.A. § 1367(c)(1) and (3).

The defamation and fraud claims are novel or complex because they coincide with discrimination and retaliation claims. The Fifth Circuit has relied upon a reference of a question to the Texas Supreme Court, showing that the facts and causes of action wade into uncharted waters.

Separate from and addition to the novelty of the claims, when the federal claims are dismissed before trial and only a state law claim remains, the balance of factors to be considered under the supplemental jurisdiction doctrine weigh heavily in favor of declining jurisdiction. *Marshall v. MarOpCo, Inc.*, 223 F. Supp. 3d 562, 570–71 (N.D. Tex. 2017).

In deciding whether to remand remaining state-law claims based on these factors, the court must consider the "common law factors of judicial economy, convenience, fairness, and comity." *Johnston v. Dexel*, 373 F. Supp. 3d 764, 775 (S.D. Tex. 2019) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009). Judicial economy concerns include whether the district judge "had substantial familiarity with the merits of the case," and whether "further proceedings in the district court would prevent redundancy and conserve scarce judicial resources." *Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008) (quotations omitted). The convenience factor asks if remand to state court would facilitate the litigation, given the location of "the parties, witnesses, and evidence." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 160 (5th Cir. 2011). "The

fairness factor concerns the prejudice to the parties that would arise from dismissal." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588 (5th Cir. 1992).

Comity requires that "'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.' " *Enochs*, 641 F.3d at 160 (quoting *Parsley*, 972 F.2d at 588–89). Dismissal of federal claims with only state claims remaining weighs strongly in favor of remand. *Johnston,* 373 F. Supp. 3d at 776. "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parsley*, 972 F.2d at 585.

This Court is familiar with the case; however, a trial is not scheduled and discovery is stayed pending consideration of a motion to dismiss for failure to state a claim. (Doc. 250). The parties are disputing in choate issues. The state court will be as convenient if not more convenient to the parties. This Court has a voluminous case load. The practical realities of managing a federal docket requires more oversight through mandatory judicial involvement at every stage than a state court—demands that, in an already congested docket, mitigate against retaining jurisdiction over a dispute that a state court can resolve without the time and effort demanded of a federal court. For all of these reasons, the factors of judicial economy, convenience, fairness, and comity weigh heavily toward remanding the case.

WHEREFORE, Plaintiff requests the Court to remand the case to state court.

Respectfully submitted,

*/s/ Brian P. Sanford*

Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com
**THE SANFORD FIRM**
2711 Hibernia Street
Dallas, TX 75204
Ph: (214) 717-6653
Fax: (214) 919-0113

Kenneth Royce Barrett
Tex. Bar. No. 01812200
KennethRoyceBarrettLaw@Yahoo.com
KRB Law
3740 Greenbriar #541873
Houston, TX 77254
281-433-0837
346-980-4615 (fax)

**ATTORNEYS FOR PLAINTIFF CHERYL BUTLER**

## CERTIFICATE OF WORD COUNT

Pursuant to the Court's Procedure for Cases Assigned to District Judge Ada Brown and Standing Order, I hereby certify that this Motion and Brief in Support contains 621 words (excluding items such as case caption, table of contents, table of authorities, signature block, and certificates).

*/s/ Brian P. Sanford*

**CERTIFICATE OF SERVICE**

I hereby certify that the parties conferred by email on April 21, 2026, and Defendant opposes the motion.

*/s/ Brian P. Sanford*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been served via electronic filing on June 8, 2026 to counsel of record.

*/s/ Brian P. Sanford*