**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M COLLINS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**ORDER STAYING DISCOVERY DEADLINES AND**

**GRANTING UNOPPOSED MOTION TO WITHDRAW**

The Court previously issued an Order staying discovery in this case pending the Court's ruling on Defendants' pending Motion for Partial Judgment on the Pleadings (Doc. 250). In light of Mr. Young's Notice of Appeal (Doc. 242) the Court suspends all filing deadlines and discovery deadlines in this case until the interlocutory appeal is resolved (Fifth Circuit Case No. 24-10436). It is ORDERED the parties shall notify the Court within 7 days of an issuance of the Fifth Circuit's ruling.

Additionally, before the Court is John L. Green's Unopposed Motion to Withdraw as Counsel. Having considered the Motion, the Court finds that it should be GRANTED.

It is therefore ORDERED that John L. Green is permitted to withdraw as counsel of record for Plaintiff Cheryl Butler.

It is further ORDERED that the Clerk shall terminate John L. Green from the electronic service list in this matter.

The Court notes that Plaintiff Cheryl Butler remains represented by successor counsel of record, Brian P. Sanford and Elizabeth Jane Sanford, who appeared in this matter by Notices of Attorney Appearance at (Doc. Nos. 227 and 228).

**SO ORDERED.**

23rd day of June, 2026.

ADA BROWN
UNITED STATES DISTRICT JUDGE

# ECF 242

# Mr. Young's Notice of Appeal

# of

# ECF 191

# ECF 195

# ECF 203

# ECF 205

# ECF 217

# ECF 229

# ECF 237

# ECF 239

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHERYL BUTLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:18-CV-00037-E** |
| **v.** | § | |
| | § | |
| **JENNIFER M. COLLINS,** | § | |
| **STEVEN C. CURRAL,** | § | |
| **JULIE FORRESTER ROGERS,** | § | |
| **AND HAROLD STANLEY** | § | |

**MR. EZRA YOUNG'S**
**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that Mr. Ezra Ishmael Young hereby appeals to the United States Court of Appeals for the Fifth Circuit from the following orders: Order to Show Cause (ECF Nos. 191, 195), Order to Show Cause (ECF No. 203), Order Sealing Recusal and Show Cause Briefing (ECF No. 205), Order Vacating Pro Hac Vice Admission (ECF No. 211), Clarification Order (ECF No. 217), Order to Show Cause (ECF No. 229), Index of Admitted Exhibits (ECF No. 237), Order Designating Public Show Cause Hearing as Highly Sensitive Document (ECF No. 239).

Additionally, Mr. Young respectfully requests that if he prevails on appeal and this case is remanded, that it be reassigned to a different judge in the Northern District. For reasons that will be elevated on appeal, docketing a request for recusal of the Honorable Judge Ada Brown prior to the entry of final judgment would have been futile.

Dated: May 6, 2026

Respectfully submitted,

/s/ Ezra Young
Ezra Young (NY Bar No. 5283114)
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

*In His Personal Capacity*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2026, I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically serve all counsel of record.

/s/ Ezra Young
Ezra Young (NY Bar No. 5283114)

# ECF 191

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M. COLLINS,<br>STEVEN C. CURRAL,<br>ROY ANDERSON,<br>JULIE FORRESTER ROGERS,<br>HAROLD STANLEY, and<br>SOUTHERN METHODIST UNIVERSITY | §<br>§<br>§<br>§<br>§<br>§ | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION, ORDER, AND ORDER TO SHOW CAUSE**

On March 25, 2022, Plaintiff filed her Motion to Reopen Discovery Pursuant to Rule 56(d) With Incorporated Brief ("Plaintiff's Motion"). (Doc. 188). On April 11, 2022, the Court issued an Order denying Plaintiff's Motion. (Doc. 189). In that Order, the Court stated "[a]n opinion containing the grounds for the Court's decision is forthcoming." (Doc. 189). The Court explains its reasoning for denying Plaintiff's Motion below. Furthermore, the Court ORDERS both Plaintiff and her counsel, Ezra Young, to appear, in-person, at a show cause hearing on January 19, 2023, at 10:00 a.m. in the United States District Court, 1100 Commerce Street, Courtroom 1310, Dallas, Texas 75242, to determine whether Young should be sanctioned.

## I. PROCEDURAL HISTORY

Because Plaintiff's Motion concerns a request for additional discovery in opposition to Defendant's motion for summary judgment, the Court provides a procedural history of the pertinent motion practice.

### A. Defendants' Motion for Summary Judgment and Granted Extensions for Plaintiff's Response

Plaintiff asserted thirty counts against Defendants based on allegations of defamation; fraud; negligence; breach of contract; and unlawful employment practices. (Doc. 12). The Court previously dismissed eight of Plaintiff's claims with prejudice. (Doc. 47). The Parties conducted discovery on the remaining claims pursuant to an amended scheduling order. (Doc. 113). On September 2, 2021, the Parties filed an agreed motion to extend (i) the discovery deadline to October 29, 2021 and (ii) the dispositive motion deadline to November 30, 2021. (Doc. 116). The Court granted the Parties' extensions, as requested. (Doc. 117).

Defendants timely filed their motion for summary judgment on November 29, 2021. (Doc. 126). Defendants' motion for summary judgment sought dismissal of all of Plaintiff's remaining counts. Plaintiff's response to Defendants' motion for summary judgment ("Response") was due twenty-one days later, on December 20, 2021. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Citing upcoming work demands for both Plaintiff and her attorney Andrew Dunlap, Plaintiff requested an extension for her Response—to January 3, 2022. (Doc. 129). The Court granted this first extension as requested. (Doc. 130). Next—citing the same work demands and how close she was to finishing her Response—Plaintiff asked for a second extension for her Response—to January 7, 2022. (Doc. 131). The Court granted this second extension as requested. (Doc. 134). Thereafter, this case took an unusual turn.

### B. Young's Appearance and Numerous Denied Extensions for Plaintiff's Response

On January 6, 2022, Young motioned the Court to appear *pro hac vice* on behalf of Plaintiff. (Doc. 133). That same day, Young filed Plaintiff's Third Motion for Extension of Time—

requesting a new Response deadline of January 20, 2022. (Doc. 135). On January 7, 2022, Dunlap—still Plaintiff's counsel—motioned to strike Plaintiff's Third Motion for Extension of Time from the record, (Doc. 138). Dunlap then motioned to withdraw as counsel. (Doc. 139). Afterward, Court entered several corresponding orders, which (i) granted Young's application for admission *pro hac vice* (Doc. 136); (ii) denied Plaintiff's Third Motion for Extension of Time (Doc. 141); and (iii) denied Dunlap's motion to withdraw as Plaintiff's counsel. (Doc. 144).

On January 20, 2022, Young filed Plaintiff's fourth extension—now requesting a new Response deadline of either February 18 or 19, 2022; it is unclear from the motion which date Plaintiff desired. (Doc. 152). On February 19, 2022, Plaintiff filed her Response, corresponding brief, and appendix. (Docs. 159, 160, and 161). On February 28, 2022, the Court denied Plaintiff's fourth extension request by Order and Memorandum Opinion—wherein the Court found (i) that Plaintiff failed to show good cause or excusable neglect for failing to timely file her Response and (ii) that Plaintiff had acted in bad faith. (Doc. 166). The Court further struck Plaintiff's untimely-filed Response, corresponding brief, and appendix. (Doc. 166). Afterward, Plaintiff motioned the Court to reconsider this February 28, 2022 Order and Memorandum Opinion. (Doc. 171). On March 8, 2022, the Court held a hearing on, *inter alia*, Plaintiff's first reconsideration motion. (Doc. 186).

On March 9, 2022, the Court issued a second Memorandum Opinion and Order, which denied Plaintiff's first reconsideration motion. (Doc. 181). The Court reaffirmed its finding (i) that Plaintiff failed to show good cause or excusable neglect and (ii) that Plaintiff had acted in bad faith. (Doc. 181). Afterward, Plaintiff motioned the Court, again, to reconsider this March 9, 2022 Memorandum Opinion and Order. (Doc. 183). On March 17, 2022, the Court denied this second motion for reconsideration in a third Memorandum Opinion and Order that reaffirmed the Court's

findings. (Doc. 187). The Court concluded Plaintiff's latest motion to reconsider (Doc. 183) was "overloaded with improper interpretations" of law, the Court's opinions, and the Court's record. (Doc. 187 at 3). Lastly the Court stayed proceedings "pending the Court's ruling on Defendant's [sic] motion for summary judgment." (Doc. 187). In summary, the Court granted two extensions for Plaintiff to file her Response (Docs. 130 and 134) but denied Plaintiff's several requests for extensions and reconsiderations, thereafter—including the issuance of three separate memorandum opinions and orders. (*See* Docs. 141, 166, 174, 181, and 187).

**C. Plaintiff's Motion to Reopen Discovery Pursuant to Rule 56(d)**

Despite the Court's stay, Plaintiff filed a Rule 56(d) motion on March 25, 2022—asking the Court to reopen discovery so that she may obtain discovery of a "tenure box":

> Professor Butler asks that this Court reopen discovery to facilitate the proffer of evidence critical to Defendants' outstanding motion for summary judgment (ECF No. 126). Professor Butler narrowly seeks production of her "tenure box" and one complementary interrogatory asking Defendants to identify the same by batesnumber [sic].

(Doc. 188 at 5).[1] Plaintiff specifically requests the Court to reopen discovery to permit her one request for production and one interrogatory on Defendants—each seeking production and identification of the tenure box, respectively. (Doc. 188 at 3-4). Plaintiff further construes the Court's stay pending adjudication of Defendants' motion for summary judgment as follows:

> As to Defendants' construction of the stay—a "stay" pauses deadlines in a case, *it does not prohibit parties from making motions, let alone bar the filing of motions that must be docketed prior to the event that automatically lifts the stay*, which in this case is a merits opinion on Defendants' summary judgment motion.

(Doc. 188 at 6) (emphasis added).

[1] Plaintiff refers to this document interchangeably as a "tenure dossier" or "tenure binder" (*See* Doc. 188 at 8).

Thus, Plaintiff's Motion and Young's conduct have raised two issues for the Court. The first issue is whether Plaintiff's Motion should be granted. The second issue is whether—considering (i) Federal Rule of Civil Procedure 11; (ii) the standards of attorney conduct adopted in *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284, 285 (N.D. Tex. 1988); and (iii) the Court's previous orders on Plaintiff's Response—Young should be sanctioned. First, the Court has determined that Plaintiff is not entitled to discovery under Rule 56(d) because she failed to diligently pursue the tenure box. Second, the Court has determined that Young must submit to a show cause hearing to determine whether he should be sanctioned.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 56(d)

The Federal Rules of Civil Procedure permit a party to "*move* for summary judgment at any time," and "the court may *grant* summary judgment any time before trial." *See Guillory v. Domtar Indus.*, 95 F.3d 1320, 1328 (5th Cir. 1996) (citation omitted, emphasis added). "Rule 56(d) allows a court to deny a summary judgment motion and extend discovery if the party opposing summary judgment 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Jacked Up, LLC v. Sara Lee Corp.*, 854 F.3d 797, 815–16 (5th Cir. 2017) (quoting Fed. R. Civ. P. 56(d)). Specifically, Rule 56(d) states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[2] Thus, "Rule 56(d) permits 'further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Bailey v. KS Mgmt.*

[2] Most opinions that address Rule 56(d) motions refer to the movant on the Rule 56(d) motion as the "nonmovant" in accordance with Rule 56(d). *See, e.g., Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017).

*Servs.*, L.L.C., 35 F.4th 397, 401 (5th Cir. 2022) (per curiam) (quoting *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013)).

"Although Rule 56(d) motions are broadly favored and liberally granted, a party's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited." *Branch Banking & Tr. Co. v. Lexiam Enterprises, LLC*, No. 3:15-CV-2928-M, 2016 WL 9559894, at *1 (N.D. Tex. Sept. 2, 2016) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). To obtain relief under Rule 56(d), the nonmovant must show: (i) that additional discovery will create a genuine issue of material fact; and (ii) that she diligently pursued discovery. *Bailey*, 35 F.4th at 401 (quoting *Jacked Up*, 854 F.3d at 816). "If the requesting party 'has not diligently pursued discovery, [] she is not entitled to relief' under Rule 56(d)." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)); *see also Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267–68 (5th Cir. 1991).

### B. Sanctions Under the Federal Rule of Civil Procedure 11

Regarding representations to the Court, Federal Rule of Civil Procedure 11 states:

> By presenting to the court a . . . written motion . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 permits the Court to impose a sanction "on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3); *see Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008) (explaining the Court is required to hold a show cause hearing before sanctioning an attorney, law firm, or party under Rule 11(b)). "[A] district court should 'evaluate[ ] an attorney's conduct at the time a pleading, motion, or other paper is signed.'" *Tejero v. Portfolio Recovery Assocs.*, 955 F.3d 453, 458 (5th Cir. 2020) (quoting *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (en banc) (quotation omitted)).

### C. Inherent Power to Sanction and Northern District of Texas Standards for Attorney Conduct

District courts have inherent power to impose sanctions for litigation misconduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991). This inherent power derives from a district court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (internal quotation marks and citation omitted). In *Dondi*, the Northern District of Texas adopted standards for attorney conduct—which include courtesy and cooperation. 121 F.R.D. 284 (N.D.Tex.1988) (en banc); *see Blastmyresume.com LP v. Hoboken Web Servs. LLC*, 214 F. App'x 423, 424 (5th Cir. 2007) (discussing *Dondi*). *Inter alia*, the Northern District of Texas adopted the following:

> (A) In fulfilling his or her primary duty to the client, a lawyer must be ever conscious of the broader duty to the judicial system that serves both attorney and client.
> (B) A lawyer owes, to the judiciary, candor, diligence and utmost respect.
> (C) A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves.
> (D) A lawyer unquestionably owes, to the administration of justice, the fundamental duties of personal dignity and professional integrity.

> . . . .
> (G) In adversary proceedings, clients are litigants and though ill feeling may exist between clients, such ill feeling should not influence a lawyer's conduct, attitude, or demeanor towards opposing lawyers.
> (H) A lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or counsel's client. []

*Dondi*, 121 F.R.D. at 287–88. The *Dondi* court further noted its power to promulgate such rules:

> We are authorized to protect attorneys and litigants from practices that may increase their expenses and burdens (Rules 26(b)(1) and 26(c)) or may cause them annoyance, embarrassment, or oppression (Rule 26(c)), and to impose sanctions upon parties or attorneys who violate the rules and orders of the court (Rules 16(f) and 37). We likewise have the power by statute to tax costs, expenses, and attorney's fees to attorneys who unreasonably and vexatiously multiply the proceedings in any case. 28 U.S.C. § 1927. We are also granted the authority to punish, as contempt of court, the misbehavior of court officers. 18 U.S.C. § 401. In addition to the authority granted us by statute or by rule, we possess the inherent power to regulate the administration of justice. *See Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546, 550 (5th Cir.1986) (federal courts possess inherent power to assess attorney's fees and litigation costs when losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons); *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 875 (5th Cir.1988) (en banc) (district court has inherent power to award attorney's fees when losing party has acted in bad faith in actions that led to the lawsuit or to the conduct of the litigation).

*Dondi*, 121 F.R.D. at 287. "Malfeasant counsel can expect instead that their conduct will prompt an appropriate response from the court." *Dondi*, 121 F.R.D. at 288.

## III. Analysis

### A. Plaintiff Fails to Show She Diligently Pursued the Discovery She Now Seeks Under Federal Rule of Civil Procedure 56(d)

The Court first addresses whether Plaintiff diligently pursued discovery of the tenure box under Rule 56(d). The Fifth Circuit has recently addressed Rule 56(d) in *Bailey*, wherein the district court issued an order "which *prohibited* any 'interrogatories, requests for admissions, or depositions . . . without court approval.'" 35 F.4th at 401 (emphasis added). Thereafter, the defendant moved for summary judgment. The plaintiff timely sought extension of her deadline to respond to the summary judgment—further requesting permission to conduct further discovery,

but the district court "denied that motion without explanation." *Bailey*, 35 F.4th at 404. The plaintiff then filed a Rule 56(d) motion to defer the district court's consideration on the pending summary judgment motion until the plaintiff had the opportunity to obtain the discovery she had repeatedly requested, but again, the district court denied her requests "quickly and without explanation." *Bailey*, 35 F.4th at 401, 404. Ultimately, the district court granted the defendant's summary judgment. *Bailey*, 35 F.4th at 401. The Fifth Circuit reversed the district court's denial of the plaintiff's Rule 56(d) motion and noted:

> "there was no discovery period at all—Bailey had no opportunity to conduct discovery absent court approval. She promptly and repeatedly sought such approval. *That her requests were repeatedly denied does not reveal a lack of diligence on her part.*"

*Bailey*, 35 F.4th at 404 (emphasis added). The Fifth Circuit has further discussed diligence in pursuing discovery sufficient for relief under Rule 56(d). *Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006) (reversing district court's denial of a Rule 56(d) motion where "plaintiffs filed their document requests more than two months before the end of the discovery period and roughly six weeks in advance of the deadline to oppose summary judgment motions."); *Int'l Shortstop*, 939 F.2d at 1267–68 (5th Cir. 1991) (concluding "the district court should have allowed [the plaintiffs] to complete discovery before ruling on [the defendant's summary judgment motion]," after the plaintiffs made several attempts to obtain the pertinent discovery).[3] Thus,

[3] In *International Shortstop*, the Fifth Circuit explained:

> [W]e are satisfied that by its multiple filings *prior to* the court's ruling on the motion for summary judgment, Shortstop adequately invoked [Rule 56(d)]. In its initial response to the motion for summary judgment, Shortstop noted that several depositions were still outstanding. Later, but *prior to* the court's ruling on the motion for summary judgment, Shortstop thrice sought a continuance of discovery and promptly alerted the district court to the discovery proceedings before the magistrate judge, requesting leave to file a supplemental memorandum in opposition to the motion for summary judgment.")

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (emphasis in original).

"[w]here the [nonmovant] informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Int'l Shortstop*, 939 F.2d at 1267 (internal quotation omitted); *see Bailey*, 35 F.4th at 404; *Culwell*, 468 F.3d at 872.

Nevertheless, the Fifth Circuit has likewise recognized parties' failures in diligently pursuing discovery—thereby determining that *denial* of relief under Rule 56(d) was proper. *See, e.g.*, *Jacked Up*, 854 F.3d at 816. In *Jacked Up*, the Fifth Circuit explained that the nonmovant:

> "[did] not show that it diligently pursued discovery. Jacked Up did not move to compel production of these documents during the discovery period—the first time it sought judicial assistance in obtaining these documents was in response to Smucker's summary judgment motion."

*Jacked Up*, 854 F.3d at 816. The Fifth Circuit has further discussed similar failures to diligently pursue discovery. *Lilli v. Office of Fin. Insts. LA*, 997 F.3d 577, 587 (5th Cir. 2021) (affirming denial of a Rule 56(d) motion when the plaintiff first sought judicial assistance in obtaining discovery in response to the defendant's motion for summary judgment—after having "dawdled for years, the plaintiffs had no right to a judicial rescue."); *Beattie*, 254 F.3d at 606 (affirming denial of Rule 56(d) motion where nonmovant had several months to depose witnesses but waited until sixteen days before the close of discovery to try to schedule witness depositions, at which point the parties could not agree on a schedule.). Thus, "[i]f . . . the nonmoving party has not diligently pursued discovery of that evidence, the court need not accommodate that party's belated request." *Int'l Shortstop*, 939 F.2d at 1267 (citation omitted). Moreover, when the Court determines a nonmovant failed to pursue discovery diligently, the Court is not required to address whether the discovery will create a genuine issue of material fact. *Beattie*, 254 F.3d at 606 ("We need not address whether [the nonmovant] has shown why she needs additional discovery to create a genuine issue of material fact, because she was not diligent.").

Plaintiff's Motion (i) accuses Defendants of not producing the tenure box; (ii) accuses Defendants of malfeasance in connection to the tenure box's whereabouts; and (iii) generally stresses the importance of the tenure box to deciding the merits of Plaintiff's case. (Doc. 188). However, none of these assertions sufficiently show how or whether Plaintiff was diligent in her pursuit of tenure box evidence. (*See* Doc. 188). Instead, Plaintiff's Motion describes piecemeal, informal attempts to obtain the tenure box. Neither Plaintiff's Motion nor her supporting declaration show *any* attempts to obtain the tenure box from the Defendants under the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 26-37 (enumerating disclosure and discovery).

Plaintiff's first attempt to obtain the tenure box involves a January 26, 2016 email to Defendant Collins, asking for the "tenure report" in an effort to appeal the tenure committee's decision. (Doc. 188, Ex. 6). The record shows Plaintiff sent this email a year and a half *before* she initiated this litigation in August 2017. (Doc. 188, Ex. 6).[4] This correspondence fails show Plaintiff's diligence in obtaining the tenure box once she commenced this lawsuit. Furthermore, there is no evidence in the record that Plaintiff pursued this January 2016 request as a request for the tenure box after discovery began in this case. For those reasons, the Court must conclude that the January 26, 2016 email exchange does not demonstrate Plaintiff's diligence.

Plaintiff's next attempt to obtain the tenure box is a March 9, 2022 email exchange between Young and Defendants' Counsel. (Doc. 188 at 10, Ex. 4). This email exchange consists of (i) Young asking Defendant to identify the tenure box by bates number; (ii) Defendants' counsel declining to provide such identification but confirming the tenure box was produced; and

[4] The "tenure report" appears to have been produced in discovery as a Bates-numbered document entitled "CONFIDENTIAL TENURE AND PROMOTION REPORT — CHERYL NELSON BUTLER" is attached to Defendants' summary judgment appendix. (Doc. 128 at 55-75).

(iii) Young's allegation and theory regarding the tenure box. (Doc. 188, Ex. 4). Despite her various characterizations, Plaintiff fails to explain how this request in an email—dated several years after discovery began and several months after the agreed discovery deadline elapsed—satisfies the "diligence" requirement for relief under Rule 56(d). Plaintiff fails to provide the Court with any supporting cases showing such correspondence at this late stage of the litigation would qualify as a diligent pursuit of evidence. The Court has found no such supporting authority.[5] Therefore, the Court must conclude the March 9, 2022 email exchange does not demonstrate diligence.

Neither Plaintiff's Motion nor her attached exhibits direct the Court to any formal request for discovery—neither a disclosure, request for production, interrogatory, admission, nor deposition—that shows she requested discovery of the tenure box from Defendants at any time prior to March 25, 2022. As in *Jacked Up*, Plaintiff did not move to compel production of the tenure box during the discovery period. 854 F.3d at 816.[6] Beyond the relief requested and denied in *Jacked Up*, 854 F.3d at 816; *Lilli*, 997 F.3d at 587; and *Beattie*, 254 F.3d at 606—Plaintiff has first asked for this tenure box discovery after both the discovery and summary judgment response deadlines have elapsed.

Furthermore, the exhibits attached to Plaintiff's Motion suggest that she is unsure whether the tenure box had been already produced—as Defendants assert. Plaintiff's correspondence to Young states:

> After this hearing, Defendants still did not appear to cure by producing the dossier. *If they did so produce them in the 17,000 pages of documents Dunlap referenced, Mr. Dunlap could not find them*. Therefore, thank you for asking her for the bates numbers.

(Doc. 188, Exhibit 7 at 2) (emphasis added). Plaintiff's declaration states:

---

[5] Plaintiff fails to direct the Court to any authority that requires an opposing party to comply with such an email request at this late stage of the litigation, and the Court has found no such supporting authority.

[6] The Court notes, however, that Defendants moved to compel tenure documents from Plaintiff. (Doc. 56).

> I recall speaking with Mr. Dunlap on several occasions inquiring as to whether Defendants produced my tenure box. *Mr. Dunlap repeatedly told me that he had no idea whether Defendants produced my tenure box. On a few occasions, Mr. Dunlap told me tens of thousands of pages of discovery were produced but nonetheless maintained that he did not know if the tenure box was produced.* On a number of occasions Mr. Dunlap told me that he directly asked Ms. Askew about the tenure box but *the only answer he got was that it had been previously produced and that no identifying batesnumbers were shared.*

(Doc 188, Exhibit 14 at 2-3) (emphasis added).[7]

The above notwithstanding, Plaintiff nevertheless states the following to describe that she cannot present facts essential to justify her opposition to Defendant's motion for summary judgment:

> I do not believe that I can fairly demonstrate my qualifications for tenure without my tenure box since it contains all of the evidence of my qualifications in teaching, scholarship, and service.

(Doc. 188, Exhibit 14 at 3); *see* Fed. R. Civ. P. 56(d). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts . . . particularly where, as here, ample time and opportunities for discovery have already lapsed." *Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980). Here, Plaintiff's vague assertion fails to show specified reasons that she cannot present facts essential to justify her opposition to Defendants' motion for summary judgment. *See* Fed R. Civ. P. 56(d). Furthermore, Plaintiff's exhibits suggest she has not reviewed the discovery to determine whether the tenure box has already been produced, which would obviate her requested relief under Rule 56(d).

Plaintiff fails to explain how the ordinary exercise of due diligence would not have alerted her counsel to the necessity of discovering the tenure box. Nor does Plaintiff explain why she did

[7] Dunlap remains as the lead attorney for Plaintiff.

not serve a relevant discovery request—or seek an extension of the discovery deadline—during the discovery period to obtain the tenure box. No order from the Court has prohibited such discovery during the discovery period. Indeed, the Court's filings indicate that in the final request for an extension to the discovery deadline (Doc. 116), Plaintiff asserted "[s]ignificantly, the *only* discovery Ms. Butler will conduct during the extended discovery period is the completion of . . . depositions." (Doc. 116 at 3) (emphasis added). This suggests that Plaintiff made a conscious choice to forgo discovery of the tenure box during the discovery period. As in *Spence & Green Chem. Co.*, it is undisputed that Plaintiff has had ample time and opportunities to conduct this discovery. 612 F.2d at 901.

For the reasons above, the Court must conclude Plaintiff failed to diligently pursue the discovery she now seeks in Plaintiff's Motion related to the tenure box. Thus, the Plaintiff's Motion (Doc. 188) is DENIED. The Court otherwise pretermits any further discussion of whether Plaintiff has shown why she needs additional discovery to create a genuine issue of material fact. *See Beattie*, 254 F.3d at 606; *see, e.g.*, *Harry v. Dallas Hous. Auth.*, No. 3:14-CV-0482-M, 2016 WL 67769, at *3-4 (N.D. Tex. Jan. 5, 2016), aff'd, 662 F. App'x 263 (5th Cir. 2016) (denying the plaintiff relief under 56(d) because "[the plaintiff] has not diligently pursued the discovery he now claims is essential").

**B. Plaintiff and Young Shall Appear for Show Cause Hearing**

Plaintiff has presented her motion as a "Motion to Reopen Discovery Pursuant to Rule 56(d)." (Doc. 188). However—considering (i) the Court's record of Plaintiff's motions and (ii) the timing, content, and requested relief of Plaintiff's Motion—the Court takes Plaintiff's Motion as

another motion for the Court to reconsider its decisions on Plaintiff's untimely Response based on a new reason: discovery regarding the tenure box, which she has not previously asserted.

In evaluating Plaintiff's Motion as of the time of it's filing on March 25, 2022, the Court recognizes this request for additional discovery occurs: (i) months after the close of discovery, (ii) after two elapsed extensions to file her Response, (iii) after failing to timely file her Response, (iv) after numerous requests for and denials of additional extensions and reconsiderations, (v) after Plaintiff's Response, corresponding brief, and appendix have been stricken, (vi) after multiple findings of Plaintiff's bad faith conduct, and (vii) during a stay of the Court's proceedings.[8] Plaintiff expressly requests to reopen discovery "to facilitate the proffer of evidence critical to Defendants' outstanding motion for summary judgment (ECF No. 126)." (Doc. 188 at 5). As concluded above, the Court declines to permit such discovery.

Assuming *arguendo* that the Court were to permit such additional discovery, such evidence would not consequently become a part of either the summary judgment evidence or Plaintiff's Response because those deadlines have elapsed. (*See* Docs. 141, 166, 174, 181, and 187); N.D. Tex. Civ. R. 7.1(e, i) (describing the 21-day reply deadline and appendix requirements); *see generally* N.D. Tex. Civ. R. 56.7 (limiting filing of supplemental evidence). For such evidence to be considered at this stage—after all dispositive motion deadlines, response deadlines, and extensions have elapsed—the Court would first have to grant an extension to Plaintiff for her Response. Fed. R. Civ. P. 6(b)(1)(B) (permitting extension of time for filings "for good cause . . .

[8] A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L. Ed. 153 (1936); *Petrus v. Bowen*, 833 F.2d 581 (5th Cir.1987). This power is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55, 57 S.Ct. 163.

on motion made after the time has expired if the party failed to act because of excusable neglect.").[9] But, the Court has repeatedly denied such relief because Plaintiff failed to show good cause or excusable neglect. (*See* Docs. 141, 166, 174, 181, and 187); *see* Fed. R. Civ. P. 6(b)(1)(B); N.D. Tex. Civ. R. 7.1(e, i). Moreover, the Court has specifically stricken Plaintiff's Response, corresponding brief, and appendix because Plaintiff filed them after the deadlines elapsed. (Doc. 166).

In effect, Plaintiff's Motion requests relief the Court has repeatedly denied with thorough orders and opinions. (*See* Docs. 141, 166, 174, 181, and 187). The Court is concerned by Plaintiff's Motion; her counsel's pattern of conduct in this litigation; and Plaintiff and Young's seeming lack of regard for this Court's ability to effectively manage its own docket. *See Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) (recognizing that district courts have broad discretion to manage their dockets). The Court is further concerned by Young's filings in the context of the attorney standards of *Dondi*.[10] The Court declines to permit such behavior to proceed without scrutiny. The Court concludes it must assess—after hearing—whether Young should be sanctioned "to protect the sanctity of its decrees and the legal process" generally and to resolve this case specifically. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (discussing attorney discipline in the form of contempt); *see Dondi*, 121 F.R.D. at 287; Fed R. Civ. P. 11, 16; *see generally* 18 U.S.C. § 401.

[9] Local Rules 56.7 prohibits the filing of such supplemental evidence without "permission of the presiding judge." N.D. Tex. Civ. R. 56.7.

[10] Young indicated in his application for pro hac vice that he has read "and will comply with the standards of practice adopted in *Dondi* and with the local civil rules." (Doc. 133 at 3).

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Reopen Discovery Pursuant to Rule 56(d). (Doc. 188). Furthermore, the Court **ORDERS** Plaintiff and her counsel, Ezra Young, to appear in-person for a hearing on January 19, 2023, at 10:00 a.m. in the United States District Court, 1100 Commerce Street, Courtroom 1310, Dallas, Texas 75242, to show cause as to (i) whether Young violated Federal Rule of Civil Procedure 11; (ii) whether Young violated the standards for attorney conduct adopted in *Dondi*; and (iii) whether Young should sanctioned.[11]

The Court requests the clerk of the court to direct this Order to Plaintiff Cheryl Butler and her counsel Ezra Young by both mail and email.

**SO ORDERED.**

2nd day of December, 2022.

ADA BROWN
UNITED STATES DISTRICT JUDGE

[11] The Court does not intend to sanction Plaintiff individually, at this time.

# ECF 195

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M. COLLINS, STEVEN C. CURRALL, JULIE FORRESTER ROGERS, HAROLD STANLEY, AND SOUTHERN METHODIST UNIVERSITY, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On January 19, 2023, the Court held the show cause hearing for Ezra Young on as to cause as to (i) whether Young violated Federal Rule of Civil Procedure 11; (ii) whether Young violated the standards for attorney conduct adopted in *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284, 285 (N.D. Tex. 1988); and (iii) whether Young should sanctioned. (Doc. 191, 194). Having considered Young's response, (Doc. 192), and the testimony and discussions before the Court at the hearing, the Court finds and concludes Young's actions and conduct before the Court as sanctionable. However, at this stage of the proceedings, the Court declines to sanction Young.

The Court previously addressed the background of this case in its December 2, 2022 Memorandum Opinion, Order, and Order to Show Cause ("Prior Opinion"). (Doc. 191). In the Prior Opinion, the Court addressed the standards regarding sanctions under Federal Rule of Civil Procedure 11 and the standards for attorney conduct adopted in *Dondi*. (Doc. 191). For those

reasons, the Court declines to repeat the background and corresponding standards addressed in the Prior Opinion in this Opinion.

## I. Young's Actions are Sanctionable

By the Court's Prior Opinion, Young was informed of the bases of the Court's concerns relative to his violations of Federal Rule of Civil Procedure 11 and the attorney standards in *Dondi*. On January 19, 2023—the day of Young's show cause hearing—Young filed his Response of Mr. Ezra Young to Order To Show Cause ("Young's Response"). (Doc. 192). Young's Response attached no evidence or declaration. Notwithstanding, Young's response fails to provide any persuasive explanation for his inappropriate conduct in his representation of Butler. Rather, Young's Response emphasize his lack of candor, his lack of remorse for his inappropriate conduct, and his unwillingness to recognize the impropriety of his conduct, and his inability to conduct litigation properly and ethically or to have an understanding of how it should be conducted. *Inter alia*, Young's Response appears to directly disparage the integrity and competency of the Court:

> In the mix, this Court was distracted from it's obligation to decide this case on the merits.

(Doc. 192 at 7).

> [T]he Court's annoyance with Young's filings appear to evidence the Court's displeasure with having to make merits decisions on those motions. But the Court's displeasure alone is not enough to establish bad faith.

(Doc. 192 at 27). Young's Response repeatedly mischaracterizes both the record before the Court and this Court's own previous opinions. During the hearing, Young proceeded to disrespect the Court. Young interrupted the Court on several occasions; spoke with a condescending demeanor toward the Court; and appeared to attempt relitigation of issues that have already been addressed in several opinions.

The Court finds from the evidence before the Court, the hearing before the Court, and Young's conduct since his appearance in this case that Young has repeatedly engaged in conduct unbecoming a member of the Bar of this court for each of the reasons stated in this order and in each of the previously issued orders mentioned above; that he lacks the ability to conduct litigation properly, for each of those reasons; and, that he has engaged in unethical conduct for each of those reasons. The Court must find and conclude that Young's conduct in this proceeding have been sanctionable. The Court finds and concludes that Young's conduct violated both Federal Rule of Civil Procedure 11 and the attorney standards for attorney conduct adopted in *Dondi*. *See* Fed. R. Civ. P. 11; *see generally Dondi*, 121 F.R.D. 286-92. Based on the present record, the Court finds and concludes Young's conduct regarding discovery—months after the expiration of the discovery period and without corresponding diligence—as presented for an improper purpose: to harass, cause unnecessary delay, and needlessly increase the cost of litigation. Fed. R. Civ. P. 11. (*See* Doc. 191). The Court finds and concludes Young is not conscious of his broader duty to the judicial system and that his conduct does not square with the practices we expect for counsel practicing in this district. *See Dondi*, 121 F.R.D. 286-92.

## II. THE COURT DECLINES TO SANCTION YOUNG

Although the Court finds and concludes Young's conduct was sanctionable, the Court declines to sanction Young. Demonstrably, all of Plaintiff's remaining claims have been dismissed with prejudice. (*See* Doc. 193). The Court declines to impose any sanction on Young. However, the Court cautions Young and any counsel practicing within the Northern District—moving forward—to reflect the attorney standards promulgated in *Dondi*. *See* Fed. R. Civ. P. 11; *Dondi*, 121 F.R.D. 286-92.

## III. CONCLUSION

The Court imposes no sanction on Ezra Young.

**SO ORDERED.**

19th day of January, 2023.

ADA BROWN
UNITED STATES DISTRICT JUDGE

# ECF 203

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| JENNIFER M COLLINS et al., | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the United States Court of Appeals for the Fifth Circuit's Judgment and Mandate, which instructs the "cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court." (ECF No. 202 at 1). In accordance with this Judgment and Mandate, the Court herein orders a Joint Status Report on Plaintiff Butler's remaining claims—consisting of Butler's state-law tort claims against Individual Defendants Jennifer P. Collins, Steven C. Currall, Roy R. Anderson, Julie Forrester Rogers, Harold Stanley, Paul J. Ward. Hereunder, the Court (i) reviews the procedural history of the case; (ii) enters its Joint Status Report Order; (iii) instructs further briefing as to recusal concerns; and (iv) enters orders concerning sanctions.

## I. PROCEDURAL HISTORY

### A. Trial Court Opinions

This Court has entered two dispositive opinions as to Butler's claims. On March 31, 2019, Honorable United States District Judge Sam A. Lindsay partially granted Defendants' Motion to Dismiss Second Amended Complaint, (ECF No. 15), as follows:

> *For the reasons stated, Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15) is granted with respect to Plaintiff's negligent supervision claim against SMU and Plaintiff's claims against the Individual Defendants for fraud, defamation, conspiracy to defame, and these claims are dismissed with prejudice.* Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15) is denied with respect to Plaintiff's FMLA claim and claims brought pursuant to section 1981 against the Individual Defendants.

(ECF No. 47 at 8) (emphasis added). On January 19, 2023, Honorable United States District Judge Ada E. Brown granted Defendants' Motion for Summary Judgment, (ECF No. 126), as follows:

> Although Defendant's summary judgment evidence supports a few elements of Plaintiff's various prima facie burdens, the record before the Court is not sufficient to carry Plaintiff's burdens on any of her claims. Plaintiff does not otherwise raise a genuine issue of material fact on her claims. The Court is therefore persuaded that summary judgment in favor of Defendants is appropriate. *See, e.g.*, *Sterling v. United States*, No. 3:18-CV-0526-D, 2020 WL 1529184, at *2 (N.D. Tex. Mar. 31, 2020) (dismissing claims on summary judgment due to absence of evidence in support of claims); *Associates Health & Welfare Plan v. Mack*, 3:98-CV-1725-G, 1999 WL 102813, at *1 (N.D. Tex. Feb. 19, 1999) (dismissing claims on summary judgment due to absence of evidence in support of claims). For the above reasons, Defendants' Motion for Summary Judgment (Doc. 126) is GRANTED. All of Plaintiff's remaining counts (Counts 9 to 30) are hereby dismissed with prejudice.

(ECF No. 193 at 50-51). Thereafter, the Court entered its Judgment. (ECF No. 196). Butler timely appealed the Court's determinations to the Fifth Circuit. (ECF No. 197).

**B. Appellate Opinions**

Two opinions relate to Butler's appeal. First, the Fifth Circuit certified the following question to the Texas Supreme Court:

> Does [Chapter 21] preempt a plaintiff-employee's common-law defamation and/or fraud claims against another employee to the extent that the claims are based on the same course of conduct as discrimination and/or retaliation claims asserted against the plaintiff's employer?

*Butler v. Collins*, No. 23-10072, 2024 WL 3633698, at *6 (5th Cir. Aug. 2, 2024). The Texas Supreme Court accepted the question and answered as follows:

> The availability of a Chapter 21 claim against an employer forecloses other entwined claims from being asserted against the same defendant, but it does not

> immunize other defendants, who are not subject to liability under Chapter 21, from liability under recognized common law causes of action for their own tortious conduct. Because no "clear repugnance" exists between common law defamation and fraud claims against an employee and Chapter 21 claims against an employer, even when they are "based on the same course of conduct," we hold that Chapter 21 does not abrogate such claims.
>
> We answer the Fifth Circuit's certified question "no."

*Butler v. Collins*, 714 S.W.3d 562, 572 (Tex. 2025). Consequently, the Fifth Circuit reversed the Court's March 31, 2019 dismissal of Butler's state-law tort claims against Individual Defendants Collins, Currall, Anderson, Forrester Rogers, Stanley, and Ward:

> Considering the answer to our certified question, *we reverse the district court's dismissal of Butler's state-law tort claims against the Individual Defendants as preempted by the TCHRA, and remand for further proceedings regarding those claims.*

*Butler v. Collins*, No. 23-10072, 2025 WL 1753612, at *2 (5th Cir. June 25, 2025) (emphasis added). The Fifth Circuit otherwise affirmed the Court's determinations dismissing all of Butler's other claims—Butler's claims not based in state-law tort.

> Finally, Butler has not identified any reversible error in the district court's analysis of governing law and its application here. The district court's summary judgment ruling is affirmed.

*Butler*, 2025 WL 1753612, at *3. On July 29, 2025, the Fifth Circuit remanded the case back to this Court, and the time to further petition the Fifth Circuit for rehearing, petition for rehearing en banc, or motion for stay of the mandate has expired. (ECF No. 202).

(*This space left blank intentionally*).

## II. JOINT STATUS REPORT ORDER

On remand, Butler's claims against Individual Defendants Collins, Currall, Anderson, Forrester Rogers, Stanley, and Ward of Counts (i) Defamation; (ii) Libel; (iii) Slander; (iv) Slander Per Se; (v) Libel Per Se; (vi) Conspiracy to Defame; and (vii) Fraud remain. (ECF No. 12 at 98-106); *compare* (ECF No. 47 at 8) (dismissing Butler's state-law tort claims against Defendants Collins, Currall, Anderson, Forrester Rogers, Stanley, and Ward), *with Butler v. Collins*, No. 23-10072, 2025 WL 1753612, at *2 (reversing dismissal of the same). As to these remaining claims, the Court orders the Parties to meet and confer as to the following, in accordance with Federal Rule of Civil Procedure 26(f). **This Joint Status Report is due from the Parties on or before December 12, 2025.**

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.
2. List the cases related to this one that are pending in any state or federal court—including the case number and court—and state how the cases are related.
3. Briefly describe what this case is about—including a statement of the claims and defenses.
4. Identify a proposed time limit to file motions for leave to join other parties.
5. Identify a proposed time limit to amend the pleadings.
6. Identify proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers the deadline to occur 120 days before trial);
7. Specify the allegation of federal jurisdiction.
8. Identify the parties who disagree and the reasons.
9. Identify any issues as to service of process, personal jurisdiction, or venue.
10. List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.
11. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

12. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

13. Describe the proposed discovery plan,[1] including:

A. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.

B. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

C. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

D. When and to whom the defendant anticipates it may send interrogatories and requests for production.

E. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

F. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

G. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

H. Any experts needed on issues other than attorneys' fees.

I. If medical experts are needed, whether they are only treating physicians or also designated on other issues.

J. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

K. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. *See* Fed. R. Civ. P. 26(a)(2)(B) (enumerating rules on disclosure of expert testimony and the corresponding written

[1] The Court acknowledges that the Parties may have completed some or all discovery as to these state-law tort claims against the Individual Defendants in the past. The Parties should not view these joint status report orders as an order requiring full discovery on these state-law tort claims against the Individual Defendants.

report(s)).

L. List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. *See* Fed. R. Civ. P. 26(a)(2)(B) (expert report).

M. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

N. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

O. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

P. The depositions that need to be taken, and in what sequence;

Q. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

16. State the date the planned discovery can reasonably be completed.

17. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

18. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case. Include (i) whether the parties are considering mediation or arbitration to resolve this litigation; (ii) a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.); and (iii) if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

19. State whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge;

20. State whether a jury demand has been made and if it was made on time.

21. State a proposed trial date, estimated number of days required for trial and whether jury has been demanded—specify the number of hours it will likely take to present the evidence.

22. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other

proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

23. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

24. List other pending motions.

25. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

26. List any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

27. List whether a conference with the Court is desired; and

28. List any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c) or 26(c).

(*This space left blank intentionally*).

**For convenience, the Court provides the following Critical Deadlines Chart for the Parties to revise, make additions, and complete, as agreed:**

| | |
|---|---|
| Deadline for Joint Report naming mediator | |
| Deadline for Completion of Mediation | |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings | |
| Plaintiff's Expert Designation & Report | |
| Defendant's Expert Designation & Report | |
| Rebuttal Expert Designation | |
| Deadline for Completion of Discovery | |
| Deadline for Expert Objections | |
| Deadline for Dispositive Motions | |
| Deadline for Pretrial Disclosures and Objections | |
| Deadline for Pretrial Materials (pretrial order etc.) | |
| Settlement Conference | *Ten days prior to the pretrial conference* |
| Exchange of Exhibits | *Two business days prior to the pretrial conference* |
| Pretrial Conference | *Friday before trial—at 10:00 a.m.* |
| Trial Date | |

(*This space left blank intentionally*).

## III. RECUSAL CONCERNS

On appeal to the Fifth Circuit, Butler raised concerns of recusal on remand; the Fifth Circuit explained:

> Butler finally asks that, in the event we remand this matter to the district court for additional proceedings, we also order that it be assigned to a different district judge. In support of the request for reassignment, Butler maintains that "[t]here is considerable evidence that Judge Brown acted inappropriately and was otherwise incapable of acting neutrally in these proceedings. It is not reasonable to expect that she could set aside her preconceptions of Butler and [Attorney Young] let alone cast aside prejudicial favoritism of SMU Law." Butler also asserts that "Judge Brown did not conduct herself or these proceedings in a manner expected of federal judges in any matter, let alone a civil rights case."
>
> Disagreeing, the defendants contend that "the district court has diligently applied this court's precedent," and that none of the statements that Butler references constitutes a personal attack on Butler or her attorneys.
>
> Our power to reassign "is an extraordinary one and is rarely invoked." *Miller v. Sam Houston State Univ.*, 986 F.3d 88, 892 (5th Cir. 2021) (cleaned up). We see insufficient reason and decline to do so here, but leave to the district court, on remand, to consider whether recusal may be warranted.

*Butler v. Collins*, 2025 WL 1753612, at *3–4. To date, Butler has filed no standalone motion to recuse the Court—Honorable United States District Judge Ada E. Brown. The Court construes Butler's filings before the Fifth Circuit as some desire to seek recusal and that Defendants oppose such recusal. Consequently, the Court enters the following orders.

**IT IS ORDERED THAT:**

1. Should Butler seek recusal of Honorable United States District Judge Ada E. Brown, Butler shall file a Motion to Recuse on or before November 26, 2025.
2. Defendants shall respond in accordance with Northern District of Texas Local Civil Rule 7.1(e). N.D. Tex. Loc. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

3. Butler may reply in accordance with Northern District of Texas Local Civil Rule 7.1(f). N.D. Tex. Loc. Civ. R. 7.1(f) ("[A] party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed.").
4. The Court shall not grant any extensions of any kind to any Party as to this anticipated recusal-related briefing.

(*This space left blank intentionally*).

## IV. SANCTIONS ON BUTLER AND YOUNG – SHOW CAUSE ORDER

28 U.S.C. § 1654 expressly delegates to each court the power to determine its own rules for appearance of counsel. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also* 28 U.S.C. § 2071 (local rules generally); Fed. R. Civ. P. 83 (same). "'A federal court may wield its inherent powers over the lawyers who practice before it. This control derives from a lawyer's role as an officer of the court.'" *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009) (quoting *Theard v. United States*, 354 U.S. 278, 277 (1957)); *see, e.g.*, *BMO Harris Bank N.A. v. Vanover*, No. 3:18-CV-3028-K, 2019 WL 3324269, at *6 (N.D. Tex. June 10, 2019), *report and recommendation adopted*, No. 3:18-CV-3028-K, 2019 WL 3322089 (N.D. Tex. July 24, 2019) (discussing the same).

Accordingly, this district has adopted local rules, most recently amended September 2, 2015. Local Rule 83.9(a) states that a licensed attorney who is not admitted to practice before the Court "may represent a party in proceedings in this [C]ourt only by permission of the presiding judge." N.D. Tex. Loc. Civ. R. 83.9(a). This Court has defined "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *See AFD Fund v. Sill,* 2003 WL 22466202, at *5 n. 3 (N.D. Tex. 2003) (Ramirez, Mag. J.), *adopted by* 2004 WL 51327 (N.D. Tex. 2004) (Sanders, J.). Another District Court in the Northern District of Texas has explained the policy arguments for admission to practice pro hac vice:

> **First** and most practically, without officially appearing in the case as counsel of record, the attorney cannot assure the opposing party that the client has authorized the attorney to speak and/or enter into agreements on the client's behalf. **Second**, the Court and participating parties may not know how to send notice to the

> attorney. *See AFD Fund,* 2003 WL 22466202, at *5 (unadmitted attorney did not receive notice of hearing because he did not formally provide the Court with an address for service by appearing). **Third, the policy underlying Local Rule 83.9 (pro hac vice) and Local Rule 83.7 (admission of attorneys) is that attorneys practicing in this district become aware of and comply with the rules and practices of this Court as they are articulated in the Local Rules and *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n,* 121 F.R.D. 284 (N.D.Tex.1988) (en banc). *See* Northern District of Texas Application for Admission Pro Hac Vice Form, U.S. District Court for the Northern District of Texas, *available at* http://www.txnd.uscourts.gov/pdf/atty_handbook/PROHACVC. pdf (last visited May 2, 2012); N.D. Tex.R. Civ. P. 83.9, 83.7.** This is to ensure competency of counsel and accountability to the Court and parties to the suit. **Fourth,** if courts in this district were to allow attorneys to act as counsel of record without officially appearing as such, the Court's ability to police attorneys' conduct would be extremely curtailed. **Fifth,** the requirement of admission and appearance prior to undertaking acts as a party's counsel is compatible with the requirement in Local Rule 83.12 that an attorney needs the court's permission to withdraw. N.D. Tex.R. Civ. P. 83.12. If the Court were to allow an attorney to act as a party's counsel without officially appearing, there would be no repercussion if the attorney were to abandon his/her purported client at the attorney's whim. Somewhat like marriage, representing a client before a tribunal is easier to get into than get out of.

*Hall v. Sw. Airlines Co.*, 282 F.R.D. 419, 420 (N.D. Tex. 2012) (discussing pro hac vice requirement for representation during deposition) (emphasis added in bold).

Currently, two attorneys represent Butler: (i) Andrew A. Dunlap, who is local counsel, and (ii) Ezra Ishmael Young. Counsel Dunlap appeared in this case on November 21, 2019. (ECF No. 89). Counsel Young filed his application for admission pro hac vice on January 6, 2022. (ECF No. 133).[2] On January 7, 2022, the Court admitted Counsel Young to practice pro hac vice. (ECF No. 134). On January 7, 2022, Counsel Dunlap moved to withdraw his representation of Butler, (ECF No. 139), which the Court subsequently denied. (ECF No. 144). On January 7, 2022, Counsel Young moved to substitute in as counsel in place of Counsel Dunlap, (ECF No. 14), which the Court subsequently denied. (ECF No. 145). After Butler's motion for reconsideration as to her

---

[2] It is undisputed that Counsel Young does not reside or maintain his principal office within the Northern District of Texas. *See* N.D. Tex. Loc. Civ. R. 83.10 (local counsel requirement). Counsel Young's application for admission pro hac vice shows his principal address is located in Ithaca, New York. (ECF No. 133 at 1).

representation,[3] (ECF Nos. 147; 150; 151), the Court held a status conference on March 8, 2022, where it denied reconsideration. The ultimate effect of this motion practice was that Counsel Dunlap remains local counsel and Counsel Young practice in this Court only by pro hac vice.

The Court declines to repeat its concerns regarding Butler and her Counsel Ezra Ishmael Young. (*See* ECF Nos. 166; 187; 191; 195) (entering several determinations of bad faith conduct and reminding the Parties of their obligations under *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284, 285 (N.D. Tex. 1988)). On January 19, 2023, the Court determined Counsel Young's conduct was sanctionable. (ECF No. 195 at 2-3). However, as the Court had—at that time—dismissed all of Butler's claims, the Court entered no sanction. (ECF No. 195 at 3-4). As remanded, live claims are before the Court. The Court now considers whether a sanction vacating Counsel Ezra Young's pro hac vice is appropriate. Therefore, the Court enters the following briefing schedule as to this sanction:

**IT IS ORDERED THAT:**

1. Plaintiff Butler and Counsel Young shall show cause as to (i) whether the Court should vacate its order permitting Counsel Young to practice before the Court, pro hac vice. Plaintiff Butler and Counsel Young shall file their response to this show cause order on or before November 19, 2025.
2. Defendants may respond to this order to show cause on or before November 26, 2025.
3. Should Defendants respond, Plaintiff Butler and Counsel Young may reply on or before December 1, 2025.

---

[3] The Court notes that most filings made after Counsel Young's admission to practice pro hac vice were signed solely by Counsel Young. Counsel Dunlap is not included on any signature block or signature as to these filings—despite Counsel Dunlap remaining in this case as lead counsel. (*See e.g.*, ECF No. 171).

4. The Court intends no show cause order or sanction on Counsel Dunlap. However, Counsel Dunlap may respond on or before December 1, 2025. Should Counsel Dunlap seek to withdraw from representation of Butler, Counsel Dunlap may file a new motion to withdraw on or before December 1, 2025. However, any such filing shall comport with all of the requirements of Northern District of Texas Local Rule 83.12(a, d):

> a. Except as provided in subsection (b), (c), or (d) of this rule, an attorney desiring to withdraw in any case must file a motion to withdraw. This motion must, in addition to the matters required by LR 7.1, specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.
>
> [. . . .]
>
> d. When an attorney desiring to withdraw is to be replaced simultaneously, the succeeding attorney must file a motion to substitute counsel. If the presiding judge grants the motion, the order effects both the substitution of the succeeding attorney and the withdrawal of the attorney being replaced. This subsection (d) does not supersede subsection (b) or (c) of this rule.

N.D. Tex. Loc. Civ. R. 83.12 (a, d).

5. The Court shall not grant any extensions of any kind to any Party as to this representation-related briefing.

* * *

**SO ORDERED.**

5th day of November, 2025.

ADA BROWN
UNITED STATES DISTRICT JUDGE

# ECF 205

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M COLLINS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**ORDER**

Before the Court is Plaintiff Cheryl Butler's motion to withdraw, which seeks withdrawal of local counsel Andrew A. Dunlap. The Court GRANTS withdrawal of Andrew A. Dunlap. (ECF No. 204). However, Butler no longer has local counsel. The Court ORDERS Butler to obtain local counsel on or before December 5, 2025. *See* N. D. Tex. Loc. Civ. R. 83.10.

The Court previously ordered briefing relating to recusal and sanctions. (ECF No. 203). The Court herein ORDERS all briefing relating to recusal and sanctions to be filed under seal. For clarification, the Court is not considering any sanction on Plaintiff Cheryl Butler, individually. The only sanction the Court is considering, at this time, is whether to revoke Counsel Ezra Young's pro hac vice.

**SO ORDERED.**

17th day of November, 2025.

ADA BROWN
UNITED STATES DISTRICT JUDGE

# ECF 217

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M COLLINS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## NOTICE ON REVOCATION OF PRO HAC VICE

The Court has been provided with a copy of Plaintiff Butler's mandamus petition as to the revocation of Counsel Ezra Young's pro hac vice admission. After reviewing, the Court believes the following clarification is needed to further explain Young's conduct that is referred in the petition and corresponding order(s).

On November 5, 2025, the Court ordered Butler and Young to show cause as to whether the Court should vacate its order permitting Counsel Young to practice before the Court, pro hac vice. (ECF No. 203 at 11-14). On November 19, 2025, Young responded to the order to show cause. (ECF No. 207). On November 26, 2025, Defendants responded to the order to show cause. (ECF No. 208). On November 26, 2025, the Court entered the following electronic order, which solely revoked Ezra Young's admittance to practice pro hac vice in this case:

> ELECTRONIC ORDER: The Court hereby VACATES the Order granting Pro Hac Vice Status status for Ezra Ishmael Young (Doc. NO. 136). Ezra Ishmael Young's Pro Hac Vice status is REVOKED. John Green remains as Counsel for Plaintiff Butler. (Ordered by Judge Ada Brown on 11/26/2025) (chmb) (Entered: 11/26/2025)

(ECF No. 211).

* * *

28 U.S.C. § 1654 expressly delegates to each court the power to determine its own rules for appearance of counsel. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also* 28 U.S.C. § 2071 (local rules generally); Fed. R. Civ. P. 83 (same). "'A federal court may wield its inherent powers over the lawyers who practice before it. This control derives from a lawyer's role as an officer of the court.'" *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009) (quoting *Theard v. United States*, 354 U.S. 278, 277 (1957)); *see, e.g.*, *BMO Harris Bank N.A. v. Vanover*, No. 3:18-CV-3028-K, 2019 WL 3324269, at *6 (N.D. Tex. June 10, 2019), *report and recommendation adopted*, No. 3:18-CV-3028-K, 2019 WL 3322089 (N.D. Tex. July 24, 2019) (discussing the same). The Fifth Circuit has explained:

> *Courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do. Our inquiry, then, must focus on whether the trial court's revocation of Green's* pro hac vice *admission constituted an abuse of discretion.*[] In making that inquiry, we review the district court's findings of fact for clear error and its application of the relevant rules of attorney conduct de novo.[]

*United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006) (internal footnotes omitted) (emphasis added).

This district has adopted local rules, most recently amended September 2, 2015. Local Rule 83.9(a) states that a licensed attorney who is not admitted to practice before the Court "may represent a party in proceedings in this [C]ourt only by permission of the presiding judge." N.D. Tex. Loc. Civ. R. 83.9(a). This Court has defined "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *See AFD Fund v. Sill,* 2003 WL 22466202, at *5 n. 3 (N.D. Tex. 2003)

(Ramirez, Mag. J.), *adopted by* 2004 WL 51327 (N.D. Tex. 2004) (Sanders, J.). Another District Court in the Northern District of Texas has explained the policy arguments for admission to practice pro hac vice:

> **First** and most practically, without officially appearing in the case as counsel of record, the attorney cannot assure the opposing party that the client has authorized the attorney to speak and/or enter into agreements on the client's behalf. **Second**, the Court and participating parties may not know how to send notice to the attorney. *See AFD Fund,* 2003 WL 22466202, at *5 (unadmitted attorney did not receive notice of hearing because he did not formally provide the Court with an address for service by appearing). **Third, the policy underlying Local Rule 83.9 (pro hac vice) and Local Rule 83.7 (admission of attorneys) is that attorneys practicing in this district become aware of and comply with the rules and practices of this Court as they are articulated in the Local Rules and *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n,* 121 F.R.D. 284 (N.D.Tex.1988) (en banc). *See* Northern District of Texas Application for Admission Pro Hac Vice Form, U.S. District Court for the Northern District of Texas, *available at* http://www.txnd.uscourts.gov/pdf/atty_handbook/PROHACVC. pdf (last visited May 2, 2012); N.D. Tex. R. Civ. P. 83.9, 83.7.** This is to ensure competency of counsel and accountability to the Court and parties to the suit. **Fourth**, if courts in this district were to allow attorneys to act as counsel of record without officially appearing as such, the Court's ability to police attorneys' conduct would be extremely curtailed. **Fifth**, the requirement of admission and appearance prior to undertaking acts as a party's counsel is compatible with the requirement in Local Rule 83.12 that an attorney needs the court's permission to withdraw. N.D. Tex. R. Civ. P. 83.12. If the Court were to allow an attorney to act as a party's counsel without officially appearing, there would be no repercussion if the attorney were to abandon his/her purported client at the attorney's whim. Somewhat like marriage, representing a client before a tribunal is easier to get into than get out of.

*Hall v. Sw. Airlines Co.*, 282 F.R.D. 419, 420 (N.D. Tex. 2012) (discussing pro hac vice requirement for representation during deposition) (emphasis added in bold).

* * *

Before the Court's Final Judgment (ECF No. 196), the Court repeatedly asserted its concerns and findings of bad faith on the part of Butler and Ezra Young. On February 28, 2022, the Court determined that Young's filing that requested a third extension of a summary judgment deadline was without merit, in part, because the motion showed no evidence of excusable neglect or evidentiary basis to determine good cause. (ECF No. 166) (additionally determining Plaintiff acted in bad faith). The Court further struck Butler's summary judgment response and appendix because (i) those filings were made without leave; (ii) the Court previously denied extension to make such filings; and (iii) despite express order denying extension, Butler—though Young—filed her summary judgment response. (ECF Nos. 141; 159; 160; 161; 166).

On March 9, 2022, the Court denied reconsideration of this same extension request for the same reasons. (ECF No. 181). On March 3, 2022, the Court held a status conference in which the Court expressed its concerns regarding (i) Butler and Young's conduct and (ii) repeated, foreclosed arguments. (ECF No. 186). In particular, the transcript shows the several instances of Young interrupting the Court in its discussion. (*See e.g.*, ECF No. 186 at 52-53). On March 17, 2022, the Court determined that Butler—through Young—(i) mischaracterized precedent and the Court's prior opinions and (ii) the record before the Court. (ECF No. 187 at 3-20). The Court reaffirmed that Butler had acted in bad faith. (ECF No. 187 at 4, 9-13).

On December 2, 2022, the Court (i) reviewed its prior concerns regarding Butler and Young's litigation conduct; (ii) denied a motion to reopen discovery filed months after close of discovery—during a stay without leave; and (iii) ordered:

> Plaintiff and her counsel, Ezra Young, to appear in-person for a hearing on January 19, 2023, at 10:00 a.m. in the United States District Court, 1100 Commerce Street, Courtroom 1310, Dallas, Texas 75242, to show cause as to (i) whether Young violated Federal Rule of Civil Procedure 11; (ii) whether Young violated the standards for attorney conduct adopted in Dondi; and (iii) whether Young should sanctioned.[]

(ECF No. 191 at 17) (footnote omitted). On January 19, 2023, Young responded to this show cause order—inter alia, Young asserts the Court's prior orders were "inexplicabl[e];" entered without legal support; and that the Court was annoyed or displeased with "having to make merits decisions on [] motions." (ECF No. 192 at 26-28). Young further asserted that the Court's concerns and bad faith determinations were "nonsensical." (ECF No. 192 at 28-31).

> On January 19, 2023, the Court held its show cause hearing on Young. (ECF No. 198). Again, similar to the Court's prior hearing, Young repeatedly interrupted the Court's discussion and made disparaging remarks to the Court. (*See e.g.*, ECF No. 198 at 102-03). On January 19, 2023, the Court entered its sanctions order, which determined Young's conduct was sanctionable, but declined to enter any sanction as—at that time—the Court had dismissed all of Butler's claims.
>
> Although the Court finds and concludes Young's conduct was sanctionable, the Court declines to sanction Young. Demonstrably, all of Plaintiff's remaining claims have been dismissed with prejudice. (See Doc. 193). The Court declines to impose any sanction on Young. However, the Court cautions Young and any counsel practicing within the Northern District—moving forward—to reflect the attorney standards promulgated in *Dondi*. *See* Fed. R. Civ. P. 11; *Dondi*, 121 F.R.D. 286-92.
>
> [. . . .]
>
> The Court imposes no sanction on Ezra Young.

(ECF No. 195 at 3-4).

* * *

After appeal, the Fifth Circuit (i) affirmed this Court's summary judgment decisions but (ii) remanded claims that the previous presiding judge had previously dismissed at the motion to dismiss stage. (ECF No. 203 at 1-3); *see Butler v. Collins*, No. 23-10072, 2024 WL 3633698, at *6 (5th Cir. Aug. 2, 2024), *certified question accepted* (Aug. 9, 2024), *certified question answered*, 714 S.W.3d 562 (Tex. 2025); *Butler v. Collins*, 714 S.W.3d 562, 572 (Tex. 2025); *Butler v. Collins*, No. 23-10072, 2025 WL 1753612, at *2-3 (5th Cir. June 25, 2025). Although Butler's appellate briefing appeared to have raised concerns regarding sanctions and recusal, neither of the Fifth Circuit's opinions (i) discussed any sanction, as the Court had entered none, or (ii) recused the

Court. *See generally Butler*, No. 2024 WL 3633698, at *1; *Butler*, 2025 WL 1753612, at *4 ("Our power to reassign "is an extraordinary one and is rarely invoked." [. . . .] We see insufficient reason and decline to do so here, but leave to the district court, on remand, to consider whether recusal may be warranted.) (internal quotation omitted).[1]

Given that the Fifth Circuit pretermitted all discussion of sanction and revived several tort claims, the Court was again concerned with Young's litigation conduct; consequently, the Court entered its orders regarding potential revocation of Young's pro hac vice status. (ECF No. 203). From his response, Young again mischaracterized the Court's orders and record. (ECF No. 207). For example, Young avers that the Court granted Butler's motion to proceed without local counsel—referring to a stray remark made during discussion of summary judgment evidence. (ECF No. 207 at 11). (*See* ECF No. 186 at 62). However, at no time has the Court granted any of Butler's requests to proceed without local counsel. To the contrary, the Court's electronic order only granted admission for Ezra Young to proceed pro hac vice. (ECF No. 136). As of January 6, 2022, Butler had local counsel through Andrew Dunlap, so entering an order for Butler to proceed without local counsel would be unnecessary at that time. (ECF No. 89) (Andrew Dunlap appearing for Butler). The Court further denied Dunlap's January 7, 2022 motion to withdraw (ECF Nos. 139; 144) and Young's related motion to substitute (ECF Nos. 140; 145).[2] Young's response otherwise discusses (i) circumstances not relevant to his conduct and (ii) arguments that this Court has repeatedly rejected and deemed bad faith. (*See* ECF No. 207).

* * *

[1] *Compare Tollett v. City of Kemah*, 285 F.3d 357, 360 (5th Cir. 2002) (discussing trial court's entry of post-remand sanctions after prior Fifth Circuit opinion addressed previously entered sanctions).

[2] Notwithstanding, the Court's prior orders declined to consider Butler and Young's motion to proceed without local counsel—which was embedded only as an attachment to his application for his admission pro hac vice. (*See* ECF No. 133; 133-1); (*see also* ECF No. 187 at 2) (discussing the grant of pro hac vice, only).

For those reasons and the Court's myriad prior concerns, the Court revoked its prior order admitting Ezra Young to serve as Butler's counsel in this case. (ECF No. 211).

**SO ENTERED THIS 6th DAY OF DECEMBER, 2025.**

ADA BROWN
UNITED STATES DISTRICT JUDGE

# ECF 229

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| JENNIFER M COLLINS et al., | § | |
| Defendants. | § | |

**ORDER TO SHOW CAUSE**

In an Order dated Nov. 17, 2025, in ECF No. 205, this Court ordered all briefing relating to recusal and sanctions to be filed under seal. It appears former counsel for Plaintiff, Mr. Ezra Young, may be in violation of this Order, as of today's date, by publicly posting sealed documents including but not limited to at a website located at www.ezrayoung.com.. This website contains documents that are accessible to the general public, potentially in violation of this Court's Nov. 17, 2025 Order. See Exhibits 1-3 filed as attachments to this Order.

The Court hereby ORDERS Plaintiff, Mr. Young, to appear in to appear in-person for a hearing on April 24, 2026, at 3:00 p.m. in the United States District Court, 1100 Commerce Street, Courtroom 1310, Dallas, Texas 75242, to show cause (i) whether Mr. Young violated the Court's Order at ECF No. 205 regarding filing sealed documents; (ii) whether Mr. Young violated Federal Rule of Civil Procedure 11; (iii) whether Mr. Young violated the standards for attorney conduct adopted in Dondi; and (iii) whether Mr. Young should held in contempt or otherwise sanctioned. The purpose of this hearing is to give Mr. Young an opportunity to show cause why he should not be held in contempt of court or sanctioned. The only individual or party facing potential contempt

or sanctions is Mr. Young. Mr. Young may file any response to this Order by 5pm CST April 23, 2026. Any such filing should be filed under seal.

The Court requests the clerk of the court to direct this Order to Mr. Ezra Young by email at ezra@ezrayoung.com.

**SO ORDERED.**

22nd day of April, 2026.

ADA BROWN
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER M COLLINS et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:18-CV-00037-E |

**ORDER**

Before the Court is Plaintiff Cheryl Butler's motion to withdraw, which seeks withdrawal of local counsel Andrew A. Dunlap. The Court GRANTS withdrawal of Andrew A. Dunlap. (ECF No. 204). However, Butler no longer has local counsel. The Court ORDERS Butler to obtain local counsel on or before December 5, 2025. *See* N. D. Tex. Loc. Civ. R. 83.10.

The Court previously ordered briefing relating to recusal and sanctions. (ECF No. 203). The Court herein ORDERS all briefing relating to recusal and sanctions to be filed under seal. For clarification, the Court is not considering any sanction on Plaintiff Cheryl Butler, individually. The only sanction the Court is considering, at this time, is whether to revoke Counsel Ezra Young's pro hac vice.

**SO ORDERED.**

17th day of November, 2025.

ADA BROWN
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

Ezra has served as lead merits and amici counsel for individuals, nonprofits, and for-profit corporations in cases heard by appellate courts around the nation, including the United States Supreme Court, Texas Supreme Court, Delaware Supreme Court, the U.S. Courts of Appeals for the Second, Fifth, Eighth, Tenth, and Eleventh Circuits, New York Appellate Division—Fourth Department, and the Kansas Court of Appeals.

Ezra also has substantial trial court experience. Among others, Ezra has litigated cases before the U.S. District Courts for the District of Columbia, Middle District of Florida, District of Minnesota, Western District of

Oklahoma, Northern District of Texas, and Southern District of Texas. He has also tried cases in Comanche County District Court (Kan.), Delaware Chancery, Illinois Chancery, and Shenandoah County (Va.) Circuit Court.

Ezra has also handled several federal and state administrative cases heard by agencies including the U.S. Department of Education, U.S. Equal Employment Opportunity Commission, U.S. Department of Health and Human Services (both the Office for Civil Rights and Medicare Appeals Council), Illinois Human Rights Commission, New York Department of Financial Services, New York State Division of Human Rights, City of Chicago Commission on Human Relations, and Tacoma Human Rights Commission.

**EQUAL**

# PROTECTION

### *Griffith v. El Paso County, Colorado et al.* (10th Cir.)

- Amici Curiae Brief of Legal Scholars of Sex and Gender (Aug. 2023) [pdf]
- Merits Opinion (Feb. 2025) [pdf]
- Order Denying En Banc Review (June 2025) [pdf]

# ELECTION LAW

### *Yang et al. v. New York Board of Elections et al.* (2d Cir.)

- Amici Curiae Brief of New York State Voters (May 2020) [pdf]
- Summary Decision Affirming

District Court (May 2020) [pdf]

# Writ of Mandamus

### *In re Cheryl Butler and Ezra Ishmael Young* (5th Cir.)

- Petition for Writ of Mandamus (Dec. 2025) [pdf]
- Appendix Vol. 1 (Dec. 2025) [pdf]
- Appendix Vol. 2 (Dec. 2025) [pdf]
- Appendix Vol. 3 (Dec. 2025) [pdf]
- Opposition to Petition for Writ of Mandamus (Dec. 2025) [pdf]
- Appendix Vol. 4 (Dec. 2025) [pdf]
- Petitioners' Rule 28(j) Letter (Dec.

2025) [pdf]

- Petitioners' Request to file Rule 28(j) Reply (Jan. 2026) [pdf]
- Order granting Rule 28(j) Reply (Jan. 2026) [pdf]

# TENURE DISCRIMINATIO N

### *Cheryl Butler v. Southern Methodist Univ. et al.* (Tex.)

- Acceptance of Certified Question (Aug. 2024) [pdf]
- Case Reset for Argument (Aug. 2024) [pdf]

- Justice Steven W. Smith's (ret.) Amicus Brief (Sept. 2024) [pdf]
- Butler Opening Merits Brief (Sept. 2024) [pdf]
- Butler Appendix (Sept. 2024) [pdf]
- Justice Steven W. Smith's (ret.) Reply Amicus Brief (Oct. 2024) [pdf]
- Butler Reply Brief (Oct. 2024) [pdf]
- Butler Reply Appendix (Oct. 2024) [pdf]
- Opinion (May 2025) [pdf]

**Cheryl Butler v. Southern Methodist Univ. *et al.* (5th Cir.)**

- Butler Opening Brief (May

2023) [pdf]

- Butler Record Excerpts (May 2023) [pdf]
- SMU Response Brief (June 2023) [pdf]
- Butler Reply Brief (July 2023) [pdf]
- Oral Argument (Feb. 2024) [YouTube]
- Order Certifying Question to the Texas Supreme Court (Aug. 2024) [pdf]
- Merits Decision (June 2025) [pdf]
- Butler Petition for Panel Rehearing (July 2025) [pdf]

***Cheryl Butler v. Southern Methodist Univ. et al.* (N.D. Tex.)**

- Second Amended Complaint (Mar. 2018) [pdf]
- SMU Mot. for Summary Judgment (Nov. 2021) [pdf]
- SMU Brief in Supp. of Summary Judgment (Nov. 2021) [pdf]
- SMU Appendix in Opposition to Summary Judgment (Nov. 2021) [pdf]
- Butler Mot. Opposing Summary Judgment (Feb. 2022) [pdf]
- Butler Brief in Opposition to Summary Judgment (Feb. 2022) [pdf]
- Butler Appendix in Opposition to Summary Judgment (Feb. 2022) [pdf]
- Pretrial Disclosures (Mar. 2022) [pdf]

- Mot. to Recuse Hon. Ada Brown (Nov. 2025)

**_Rachel Tudor et al. v. Southeastern Okla. State Univ. et al. (10th Cir.)_**

- Tudor Notice of Appeal (June 2018) [pdf]
- Preliminary Record [pdf]
- Order Scheduling Abatement (July 2018) [pdf]
- Tudor Motion to Vacate Scheduling Abatement (July 2018) [pdf]
- Defendants' Opposition to Vacate Abatement (July 2018) [pdf]
- Order Denying Motion to Vacate (Aug. 2018) [pdf]

# EXHIBIT 3

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DR. RACHEL TUDOR,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHEASTERN OKLAHOMA STATE UNIVERSITY and THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-15-324-C |

VOLUME 1

TRANSCRIPT OF JURY TRIAL

BEFORE THE HONORABLE ROBIN J. CAUTHRON

MONDAY, NOVEMBER 13, 2017; 9:00 a.m.

OKLAHOMA CITY, OKLAHOMA

Proceedings recorded by mechanical stenography, transcript produced by computer.

A P P E A R A N C E S

For the Plaintiff:

Ezra I. Young
Law Office of Ezra Young
30 Devoe 1A
Brooklyn, New York 11211
ezraiyoung@gmail.com

Brittany M. Novotny
401 North Hudson Avenue
Oklahoma City, Oklahoma 73102
brittany.novotny@gmail.com

Marie E. Galindo
1500 Broadway
Suite 1120
Wellsfargo Building
Lubbock, Texas 79401
megalindo@thegalindolawfirm.com

For the Defendants:

Dixie L. Coffey
Jeb E. Joseph
Attorney General's Office
313 NE 21st Street
Oklahoma City, Oklahoma 73105
dixie.coffey@oag.ok.gov
jeb.joseph@oag.ok.gov

Timothy M. Bunson
1215 Classen Drive
Oklahoma City, OK 73103
tim.bunson@oag.ok.gov

Certain things are not evidence and must not be considered. First, statements, arguments, and questions by lawyers are not evidence. Second, objections to questions are not evidence, and you shouldn't be influenced by any lawyer's objections or by my rulings on them.

If I sustain an objection, ignore the question. If I overrule the objection, treat the answer as you would any other.

Any testimony that I may exclude or tell you to disregard is not evidence. Finally, anything you see or hear outside the courtroom is not evidence and shouldn't be considered in deciding this case.

There are two kinds of evidence, direct and circumstantial. Direct evidence is direct proof of a fact, like the testimony of an eyewitness. Circumstantial evidence is proof of a chain of facts or circumstances from which you can infer that facts exist.

The classic law school example of this is, if you see someone walking on the beach, that's direct evidence. If you see footprints in the sand, that's circumstantial evidence that someone has been walking there.

Keep in mind that you can consider both kinds of testimony or evidence equally and also that it will be entirely up to you to decide how much of any witness's testimony to accept or reject.

This is a civil case, and the plaintiff has the burden of proving her case by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence which, considered in light of all the facts, leads you to believe that what she claims is more likely true than not true.

To put it differently, if you were to put the plaintiff's evidence and the defendants' evidence on opposite sides of the scale, the plaintiff has to make that scale tip somewhat in her favor. If she does not, your verdict must be for the defendants.

Those of you who have sat on criminal cases or watched TV will know -- will have heard of "proof beyond a reasonable doubt." That is not the standard in this case, and you should put it out of your mind.

As to your conduct as jurors, as I have explained to you, you must decide this case based solely on the evidence presented right here in this courtroom. This means you can't conduct any independent research, you shouldn't consult dictionaries or reference materials, you shouldn't search the internet or websites.

Until you retire to deliberate, you may not discuss the case with anyone, not among yourselves or with anyone else, and you should expose yourself to absolutely no media accounts of this trial.

I don't think I told you last week, when I gave you most of this instruction, that you also shouldn't blog or use social media about your experience as jurors. That can possibly compromise any verdict that is reached by this jury.

We want to keep you in a little bubble, and we can't do that, but we're going to get as close to that as we can. It requires your cooperation.

This case is what happens inside this courtroom, and we don't want you reaching out to anybody else to talk about the case or anyone else to talk to you.

If you want to take notes during the trial, you may. There are implements and instruments under your chairs or maybe at the end --

THE CLERK: They're under there.

THE COURT: Under your chairs. Okay.

Taking notes is a very personal issue. It helps some people pay attention; other people, it's a total distraction.

So if you take notes, please remember these things:

Don't pay so much attention to your notes that you forget to listen to the witness. When you get to the jury deliberation room, don't pay too much attention to any one juror's notes. You should consult your collective memory, and the fact that somebody has it in their notes doesn't necessarily make it so.

If you take notes, always leave the pads under your chair

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DR. RACHEL TUDOR,<br>Plaintiff,<br>vs.<br>SOUTHEASTERN OKLAHOMA STATE UNIVERSITY and THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA,<br>Defendants. | ) | Case No. CIV-15-324-C |

VOLUME 4

TRANSCRIPT OF JURY TRIAL

BEFORE THE HONORABLE ROBIN J. CAUTHRON

THURSDAY, NOVEMBER 16, 2017; 9:15 a.m.

OKLAHOMA CITY, OKLAHOMA

Proceedings recorded by mechanical stenography, transcript produced by computer.

# A P P E A R A N C E S

For the Plaintiff:

Ezra I. Young
Law Office of Ezra Young
30 Devoe 1A
Brooklyn, New York 11211
ezraiyoung@gmail.com

Brittany M. Novotny
401 North Hudson Avenue
Oklahoma City, Oklahoma 73102
brittany.novotny@gmail.com

Marie E. Galindo
1500 Broadway
Suite 1120
Wellsfargo Building
Lubbock, Texas 79401
megalindo@thegalindolawfirm.com

For the Defendants:

Dixie L. Coffey
Jeb E. Joseph
Timothy M. Bunson
Attorney General's Office
313 NE 21st Street
Oklahoma City, Oklahoma 73105
dixie.coffey@oag.ok.gov
jeb.joseph@oag.ok.gov
tim.bunson@oag.ok.gov

(Proceedings held on November 16, 2017.)

(The following proceedings were held outside of the presence of the jury with all parties present.)

THE COURT: Be seated.

Before the jury is brought in, I want to make a record on a couple of things.

First of all, Sherri became aware last night and made me aware that transcripts were being posted online as soon as they're being provided to Mr. Young.

I don't even know the name of the website. What is it, Mr. Young?

MR. YOUNG: Your Honor, I dealt with it. There was a miscommunication.

THE COURT: I understand that; I'm just making a record.

MR. YOUNG: Oh. It's a nonprofit called Equality Case Files. My understanding is that all the transcripts have been removed at this time.

I still have the transcripts, obviously, but --

THE COURT: Of course.

MR. YOUNG: Yeah.

THE COURT: Well, to their credit, they were excluding everything that was done outside the presence of the jury, so there were no bench conferences or other meetings like this that were included in that transcript, only the

testimony.

I've never had this come up before, and I don't know what the rules are or if there are any rules. It makes me very uncomfortable.

Even though I have told this jury not to look online and even though there are no bench conferences, I would very much prefer that we try to keep this as sanitized, if that's the proper word, as we can.

So I know that you have since had those removed, and my request to you is that they not be posted or otherwise available publicly where the jury could see them until this trial is over.

MR. YOUNG: Yes, Your Honor.

THE COURT: Secondly, I heard counsel very, very briefly on the motions for judgment as a matter of law in chambers yesterday as we started our instruction conference.

I indicated to counsel I -- my inclination is simply to deny motions at this time, but I'm not going to do that since you haven't had an opportunity to make a record. But I am going to hold them in abeyance, and we'll go forward with the defendants' evidence and argue them at a time -- or allow you to make your record at a time that is more convenient for the jury.

Finally, Ms. Conway, we had decided yesterday -- or maybe I had decided unilaterally -- that we would take her first

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DR. RACHEL TUDOR,<br>Plaintiff,<br>vs.<br>SOUTHEASTERN OKLAHOMA STATE UNIVERSITY and THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA,<br>Defendants. | ) | Case No. CIV-15-324-C |

VOLUME 6

TRANSCRIPT OF JURY TRIAL

BEFORE THE HONORABLE ROBIN J. CAUTHRON

MONDAY, NOVEMBER 20, 2017; 12:10 p.m.

OKLAHOMA CITY, OKLAHOMA

Proceedings recorded by mechanical stenography, transcript produced by computer.

A P P E A R A N C E S

For the Plaintiff:

Ezra I. Young
Law Office of Ezra Young
30 Devoe 1A
Brooklyn, New York 11211
ezraiyoung@gmail.com

Brittany M. Novotny
401 North Hudson Avenue
Oklahoma City, Oklahoma 73102
brittany.novotny@gmail.com

Marie E. Galindo
1500 Broadway
Suite 1120
Wellsfargo Building
Lubbock, Texas 79401
megalindo@thegalindolawfirm.com

For the Defendants:

Dixie L. Coffey
Jeb E. Joseph
Timothy M. Bunson
Attorney General's Office
313 NE 21st Street
Oklahoma City, Oklahoma 73105
dixie.coffey@oag.ok.gov
jeb.joseph@oag.ok.gov
tim.bunson@oag.ok.gov

(Proceedings held on November 20, 2017.)

(The following proceedings were had outside the presence of the jury with all counsel present.)

THE COURT: We are on the record and outside the presence of the jury.

I have received a note indicating the jury has reached a verdict with the same initials. I don't know who that is.

I want to make a record on the two instructions I have given to the jury. One was regarding going home on Friday, and the second was this morning in response to their question regarding pay.

I just want the record to reflect that both of these responses were by agreement of counsel.

Do you confirm that, Mr. Young?

MR. YOUNG: Yes, Your Honor.

MS. COFFEY: Yes, Your Honor.

THE COURT: And Ms. Coffey? All right.

I indicated, during the trial, that the daily copy transcript should not be posted online at least until the end of the trial.

I've done some work on trying to resolve that in my own mind. There are instructions on the public website for our court which indicate that they are not avail- -- they should not be available to download for 90 days -- I suppose after the verdict?

Would you think after the verdict or after judgment? Ninety days maybe after they're prepared and handed to you. I'm not sure.

THE REPORTER: I think after they're filed.

THE COURT: After they're filed. That would make sense.

Until that time, they can be reviewed but not copied in the clerk's office. After that time, they're available to anyone who has a PACER account.

So I would instruct you, Mr. Young, to make sure those are not posted online until 90 days after they're filed, when they would be available anyway.

MR. YOUNG: Yes, Your Honor.

THE COURT: Is there anything else from counsel before I have the jury brought in?

MR. YOUNG: Nothing from plaintiff, Your Honor.

MS. COFFEY: No, Your Honor.

THE COURT: You know that your exhibits will be returned to you. You are in charge of preserving them for any appeal.

Please have the jury brought in.

(Jury enters courtroom.)

MR. BUNSON: We're missing one.

THE COURT: I know.

JUROR TAYLOR: You're still missing one.

# ECF 237

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M COLLINS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**INDEX OF ADMITTED EXHIBITS**

Exhibit 1 Sealed documents available at www.ezrayoung.com in Appendix One pdf. as of 4/21/2026

Includes:

ECF Doc 207 (sealed in 3:18-cv-00037)
"Response of Mr. Ezra Young to Order to Show Cause" (ECF 203)

ECF Doc 208 (sealed in 3:18-cv-00037-E)
"Defendant's Response to Ezra Young's Response to Order to Show Cause"

ECF Doc. 212 (sealed in 3:17-cv-00037-E)
"Motion for Recusal of Honorable Ada Brown"

Alterations: Redacted sealed content from ECF 208.

Exhibit 2 ECF 208 (sealed in 3:18-cv-00037-E)
"Defendant's Response to Ezra Young's Response to Order to Show Cause"

Alterations: Redacted sealed content from ECF 208.

Exhibit 3 Sealed documents at www.ezrayoung.www in Appendix Three pdf as of 4/24/2026

Includes:

ECF Doc 207 (sealed in 3:18-cv-00037)

"Response of Mr. Ezra Young to Order to Show Cause" (ECF 203)

ECF 208 (sealed in 3:18-cv-00037-E)
"Defendant's Response to Ezra Young's Response to Order to Show Cause"

ECF Doc. 212 (sealed in 3:17-cv-00037-E)
"Motion for Recusal of Honorable Ada Brown"

ECF 214 (sealed in 3:17-cv-00037-E)
"Appendix to Motion for the Recusal of the Honorable Ada Brown"

Alterations: Redacted sealed content from ECF 208.

Exhibit 4 Sealed documents available at www.ezrayoung.com in Appendix Four pdf as of 4/24/2026

Includes

ECF 220 "Defendants Response to Plaintiff's Motion for Recusal"

Alterations: No redactions.

Exhibit 5 Screenshot of Mr. Ezra Young's social media post dated 3/18/2023 that fairly and accurately depicts Mr. Young providing a link to case material via a Dropbox link.

Alterations: Court email addresses redacted.

Exhibit 6 Screenshots of Mr. Ezra Young's social media post dated 12/8/2025 providing link to mandamus petition appendices 1-4 at link to case management via a link.

Alterations: Court email addresses redacted.

Exhibit 7 Screenshots of Mr. Ezra Young's social media post

Alterations: Court email addresses redacted.

Exhibit 8 Screenshots of Mr. Ezra Young's social media post

Alterations: Courts email addresses redacted.

Exhibit 9 Sealed documents available at www.ezrayoung.com in Appendix Two pdf as of 4/25/2026

Included

ECF 214 Appendix to the Motion for the Recusal of The Honorable Ada Brown (under seal in 3:18-cv-00037-E)

Alterations: No redactions.

Exhibit 10 Screenshot of Mr. Ezra Young's social media post dated 9/2/2025 Beverly Daniel Tatum former President of Spelman College

Alterations: Court email addresses redacted.

Exhibit 11 Screenshot of Mr. Ezra Young's social media post dated 11/21/2025 stating "Ezra Young is with Beverly Guy Sheftall," founder of Spelman College Women's Research and Resource Center and longtime faculty member of Spelman College.

Alterations: Court remail addresses redacted.

Exhibit 12 Screenshot of Mr. Ezra Young's social media post dated 2/21 commentary on referencing Nex Benedict's death and reference to Choctaw Nation Chief Gary Batton.

Alterations: Court email addresses redacted.

Exhibit 13 Screenshot of Mr. Ezra Young's social media post dated 8/28/2025 showing "The pencil drawing of a girl by Choctaw Ross Ridge symbolizes missing and murdered Indigenous people to which Mr. Ezra Young comments: "Powerful."

Alterations: Court email addresses redacted.

Exhibit 14 Press Release from United States Attorney's Office dated 5/6/2024 announcing "[Tanner Dean] Washington sentenced to life for murder.

Alterations: None.

Exhibit 15 Photocopy of pages 40 & 41 of the National Association of Colored People's Eleventh Annual Report "Lynching Record for 1920" section.

Alterations: The Court circled the December 5 Holdenville, Oklahoma entry which identifies:

"An unidentified Negro, charged with an attack on a white woman 67 years old; was taken from the Hughes County jail at Holdenville by a mob of about 50 men and hanged to a telephone pole. His body was riddled with bullets."

Exhibit 16 Screenshot of New York Times headline from its 12/6/1920 article titled "OKLAHOMA NEGRO LYNCHED; Taken From Jail After Alleged Attack on Aged White Woman."

Alterations: Court email addresses redacted.

Exhibit 17 Screenshot of Mr. Ezra Young's social media post dated 7/23/2025 adding three celebration emojis in response to Choctaw activist Diana Williston's hands to heaven emoji celebrating "yes!!" "The Supreme Court of The Muscogee Creek Nation has ruled that Freedmen are tribal citizens!"

Alterations: Court email addresses redacted.

Exhibit 18 Screenshot of Mr. Ezra Young's reposting Native American activist Rebecca Nagle's post stating "Two weeks ago today, the Supreme Court of Muscogee Nation affirmed the citizenship rights of freedmen descendants. After decades of disenfranchisement, freedmen descendants are now eligible for tribal citizenship. How did we get here? Here's a little history lesson & [spool icon]:

Alterations: None.

Exhibit 19 Photo of judges enrolled at Duke University's Master of Judicial Studies class of 2025, available at https://law.duke.edu.

Alterations: None.

Exhibit 20 Screenshot of Mr. Ezra Young celebrating with three emojis a photo dated 5/10/2025 showing Duke University School of Law's class of 2025 graduation ceremony program and a photo of Duke University School of Law's class of 2025's diploma. Also a screenshot of Mr. Ezra Young's social media dated 5/30/2024 showing the apartment and garden where Judge Ada Brown resided during summer studies in Durham during the LLM program.

Mr. Ezra Young responds to a fellow student's post "Sirius in Durham." Mr. Young replies to this post adding "looks like he might benefit from some Duke swag;" followed by a hyperlink to Duke School of Law's online store.

Exhibit 21 Screenshot of Mr. Ezra Young's various social media posts showing Mr. Young's dog Thurgood dressed in a Halloween costume.

Alterations: Court email addressed redacted.

Exhibit 22 Screenshots of Mr. Ezra Young's social media post dated 7/7/2025 showing a conversation with "pseudo-nigga."

Alterations: Court email addresses redacted.

Exhibit 23 Screenshot of Judge Ada Brown's telephone showing live links at www.ezrayoung.com as of 4/24/2026.

Alterations: None.

**SO ORDERED.**

27th day of April, 2026.

ADA BROWN
UNITED STATES DISTRICT JUDGE

(1) ECF 207
Young's resp to
show cause

(2) ECF 208
SMU resp to
show cause

(3) SQ ECF 212
Young's mtr

# APPENDIX 1

COURT'S
EXHIBIT
Ex # 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:18-CV-00037-E |
| v. | § | |
| | § | |
| JENNIFER M. COLLINS, | § | |
| STEVEN C. CURRAL, | § | |
| JULIE FORRESTER ROGERS, | § | |
| HAROLD STANLEY, AND | § | |
| SOUTHERN METHODIST | § | |
| UNIVERSITY | § | |
| | § | |
| Defendants. | § | |

# RESPONSE OF MR. EZRA YOUNG TO ORDER TO SHOW CAUSE (ECF No. 203)

Ezra Young
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

ATTORNEY FOR PLAINTIFF
PROFESSOR CHERYL BUTLER

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER M. COLLINS, STEVEN C. CURRALL, ROY P. ANDERSON, PAUL WARD, JULIE FORRESTER ROGERS, AND HAROLD STANLEY<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:18-cv-00037-E |

**DEFENDANTS' RESPONSE TO EZRA YOUNG'S**
**<u>RESPONSE TO ORDER TO SHOW CAUSE</u>**

[redacted]



1626669769.1

Case 3:18-cv-00037-E Document 212 Filed 11/26/25 Page 1 of 34 PageID 4600

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:18-CV-00037-E |
| v. | § | |
| | § | |
| JENNIFER M. COLLINS, STEVEN C. CURRAL, JULIE FORRESTER ROGERS, HAROLD STANLEY, AND SOUTHERN METHODIST UNIVERSITY | §<br>§<br>§<br>§<br>§<br>§ | |
| | § | |
| Defendants. | § | |

# MOTION FOR THE RECUSAL OF THE HONORABLE ADA BROWN

Ezra Young
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

ATTORNEY FOR PLAINTIFF
PROFESSOR CHERYL BUTLER

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

COURT'S EXHIBIT
Ex # 21

| | | |
|---|---|---|
| **CHERYL BUTLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-cv-00037-E** |
| | § | |
| **JENNIFER M. COLLINS, STEVEN C. CURRALL, ROY P. ANDERSON, PAUL WARD, JULIE FORRESTER ROGERS, AND HAROLD STANLEY** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' RESPONSE TO EZRA YOUNG'S**
**RESPONSE TO ORDER TO SHOW CAUSE**

[redacted]



1626669769.1

Ecf 207
Ecf 208
Ecf 212
Ecf 214

# APPENDIX 3

COURT'S EXHIBIT
Ex # 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHERYL BUTLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:18-CV-00037-E** |
| **v.** | § | |
| | § | |
| **JENNIFER M. COLLINS,** | § | |
| **STEVEN C. CURRAL,** | § | |
| **JULIE FORRESTER ROGERS,** | § | |
| **HAROLD STANLEY, AND** | § | |
| **SOUTHERN METHODIST** | § | |
| **UNIVERSITY** | § | |
| | § | |
| **Defendants.** | § | |

# RESPONSE OF MR. EZRA YOUNG TO ORDER TO SHOW CAUSE (ECF No. 203)

Ezra Young
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

ATTORNEY FOR PLAINTIFF
PROFESSOR CHERYL BUTLER

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHERYL BUTLER,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **JENNIFER M. COLLINS, STEVEN C. CURRALL, ROY P. ANDERSON, PAUL WARD, JULIE FORRESTER ROGERS, AND HAROLD STANLEY** <br><br> **Defendants.** | § § § § § § § § § § § § § § | **CIVIL ACTION NO. 3:18-cv-00037-E** |

**DEFENDANTS' RESPONSE TO EZRA YOUNG'S**
**RESPONSE TO ORDER TO SHOW CAUSE**

[redacted]



1626669769.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:18-CV-00037-E |
| v. | § | |
| | § | |
| JENNIFER M. COLLINS, | § | |
| STEVEN C. CURRAL, | § | |
| JULIE FORRESTER ROGERS, | § | |
| HAROLD STANLEY, AND | § | |
| SOUTHERN METHODIST | § | |
| UNIVERSITY | § | |
| | § | |
| Defendants. | § | |

# MOTION FOR THE RECUSAL OF THE HONORABLE ADA BROWN

Ezra Young
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

ATTORNEY FOR PLAINTIFF
PROFESSOR CHERYL BUTLER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:18-CV-00037-E |
| v. | § | |
| | § | |
| JENNIFER M. COLLINS, | § | |
| STEVEN C. CURRAL, | § | |
| JULIE FORRESTER ROGERS, | § | |
| HAROLD STANLEY, AND | § | |
| SOUTHERN METHODIST | § | |
| UNIVERSITY | § | |
| | § | |
| Defendants. | § | |

**APPENDIX TO MOTION FOR THE RECUSAL OF**

**THE HONORABLE ADA BROWN**

Ezra Young
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

ATTORNEY FOR PLAINTIFF
PROFESSOR CHERYL BUTLER

ECF 220

SMU's recusal resp.

COURT'S EXHIBIT

Ex # 4

# APPENDIX 4

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHERYL BUTLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-cv-00037-E** |
| | § | |
| **JENNIFER M. COLLINS, STEVEN C. CURRALL, ROY P. ANDERSON, JULIE FORRESTER ROGERS, HAROLD STANLEY, AND PAUL WARD,** | § § § § § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL**

[redacted]

8:39 AM Sat Apr 11

November 27, 20...
4:10 PM

29%



4:16

Hey #appellatetwitter and law profs: I have a law prof's tenure denial case up at the 5th Cir (Black woman with disabilities). What sources would you uplift it this were your case? For folks who've experienced/witnessed discrim in tenure, what should judges know?

This Post is from a suspended account. Learn more

Scott Greenfield @Sco... · 3/18/23
casetext.com/case/butler-v-...

Ezra Ishmael Young @e... · 3/18/23
There are many, many opinions in the case. Happy to link them all if folks desire. Grateful appellate courts exist.

Ezra Ishmael Young
@ezraiyoung
X.com

To give you a flavor for how wacky this was below: dropbox.com/s/8enrke6yt9tf...

11:44 AM · 3/18/23 · 40 Views

Post your reply

[redacted]

COURT'S EXHIBIT
Ex # 5

**From:** [redacted]
**To:**
**Subject:** Fwd: View recent photos
**Date:** Friday, April 24, 2026 12:46:01 PM
**Attachments:** View recent photos.png

---

Sent from my iPhone

Begin forwarded message:

[redacted]




COURT'S EXHIBIT

Ex # 6




Ms. Kirsten Marisol Castaneda
Alexander Dubose & Jefferson, L.L.P.
8144 Walnut Hill Lane
Suite 510
Dallas, TX 75231-4388

Mr. Aaron S. Nava
Troutman Pepper Locke, L.L.P.
2200 Ross Avenue
Suite 2800
Dallas, TX 75201

No. 25-11324 In re: Cheryl Butler
USDC No. 3:18-CV-37

Dear Counsel:

This letter will serve to confirm our telephone conversation this date advising the parties that the court has requested a response to the Petitioners' Petition for writ of mandamus to be

Sincerely,

cc: Mr. Ezra Ishmael

Sent from my iPhone

**From:** [redacted]
**To:**
**Subject:** Fwd: Fired
**Date:** Friday, April 24, 2026 12:54:34 PM
**Attachments:** [illegible]

---

Sent from my iPhone

Begin forwarded message:

[redacted]

6:45 90

Ezra's post

Author
**Ezra Young**
Sara Schnorr Judge Ada Brown. Troutman took over as SMU fired DLA Piper, who in turn fired their former lead counsel Kim Askew.

10h Like Reply

COURT'S EXHIBIT
Ex # 7

**Benjamin Turner**
Sara Schnorr. Very Christian. Good Christians have a long, ugly history of retaliation. Read up on the counter Reformation.

9h Like Reply

Write a comm...

Sent from my iPhone

From: [redacted]
To: 
Subject: Fwd: Photo
Date: Friday, April 24, 2026 2:37:33 PM
Attachments: [illegible]

Sent from my iPhone

Begin forwarded message:

[redacted]

Sent from my iPhone

Begin forwarded message:

[redacted]
Subject: Photo




*Respondents.* §

RULE 28(j) LETTER BY
PETITIONERS CHERYL BUTLER AND EZRA ISHMAEL YOUNG

Petitioners submit that filings made by Respondents since December 4, 2025, and not disclosed to this Circuit, should be considered in this mandamus proceeding.

In this Circuit, Respondents filed a brief opposing all relief sought by Petitioners at 6:57pm central on December 17, 2025. A true copy of notice of Respondents' brief with timestamp is appended as Exhibit 1. Respondents' brief fails to disclose that at 5:41pm central that same day they filed a Response Opposing Recusal in the Northern District of Texas

COURT'S EXHIBIT
Ex # 8

isy India Thusi and 11 others

12 3

**Dane Lane**
I have some comments about all this after reading it. Sounds like courts in Texas are very bias too

1mo

**Ezra Young**
**Dane Lane** I've only had respectful experiences in Texas courts prior to this one. Hoping the appellate court fixes this mess.

1mo 1

## Recent Posts

**Ezra Young** •••

Sent from my iPhone

8 of 214

Butler appendix in support of mtr

# APPENDIX 2

COURT'S EXHIBIT
Ex # 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHERYL BUTLER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION NO. 3:18-CV-00037-E** |
| v. | § | |
| | § | |
| **JENNIFER M. COLLINS, STEVEN C. CURRAL, JULIE FORRESTER ROGERS, HAROLD STANLEY, AND SOUTHERN METHODIST UNIVERSITY** | § | |
| | § | |
| Defendants. | § | |

**APPENDIX TO MOTION FOR THE RECUSAL OF**
**<u>THE HONORABLE ADA BROWN</u>**

Ezra Young
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

ATTORNEY FOR PLAINTIFF
PROFESSOR CHERYL BUTLER

From: [redacted]
To:
Subject: Photo
Date: Friday, April 24, 2026 1:45:45 PM
Attachments: [illegible]

---

4:49 57

**Ezra Ishmael Young**
28.2K posts

Follow

Posts Replies Highlights Videos Photos

1 84

**Beverly Daniel Tatum** @BDTS... · 9/2/25 ···
It's Publication Day! Excited to find Peril and Promise in the "New and Noteworthy" section of my local Barnes & Noble!




COURT'S
EXHIBIT
Ex # 10



5 35 152 5.2K

**Ezra Ishmael Young** @ezrai... · 9/2/25

🥳🥳🥳

32

**Terry Allen, J.D., Ph.D.** @Terry... · 9/2/25

20+

Sent from my iPhone

COURT'S EXHIBIT
Ex # 11

From: [redacted]
To:
Subject: Spelman photos
Date: Friday, April 24, 2026 2:45:53 PM
Attachments: [illegible]
[illegible]

11:19 97

Ezra Young

Ezra Young is with Beverly Guy Sheftall.
Nov 21 ·

H/t Beverly



i About this website

politico.com
**Two decades later, Cornel West's critique of Larry Sum...**

From: [redacted]
To:
Subject: Fwd: Chief misspelled
Date: Friday, April 24, 2026 12:51:57 PM

---

Sent from my iPhone

Begin forwarded message:

[redacted]
**Subject: Chief misspelled**

COURT'S EXHIBIT
Ex # 12

**Ezra Young**
Feb 21 ·

Support from Choctaw Nation of Oklahoma Chief Garry Baton as the Nation mourns Nex Benedict.



indianz.com
**'Nex's death weighs heavily on the hearts of the Choctaw people': Choctaw Nation mourns loss of yo...**

2 1 share

Like Copy Share

**Ezra Young**
Feb 21 ·

Heartbreaking situation. Vigil for folks in OKC.

From: [redacted]
To:
Subject: Fwd: red hand
Date: Friday, April 24, 2026 12:51:44 PM

Sent from my iPhone

Begin forwarded message:

> [redacted]
> Subject: red hand

9:10 98

Friday
5:07 PM

Posts Replies Highlights Videos Photos

2 305

**Ezra Ishmael Young** @ezra... · 8/28/25

Powerful

> **Diana Williston** @girlna... · 8/28/25
>
> The pencil drawing of a girl by Choctaw artist Ross Ridge symbolizes missing and murdered Indigenous people.
>
> Read the article here: kten.com/community/choc...



COURT'S EXHIBIT
Ex # 13



1 3 255

Sent from my iPhone

COURT'S EXHIBIT
Ex # 14

**PRESS RELEASE**

# Washington Sentenced To Life For Murder

Monday, May 6, 2024

**For Immediate Release**

U.S. Attorney's Office, Eastern District of Oklahoma

**MUSKOGEE, OKLAHOMA** – The United States Attorney's Office for the Eastern District of Oklahoma announced that Tanner Dean Washington, age 29, of Ada, Oklahoma, was sentenced to life in prison for the 2019 murder of his girlfriend, Faith Lindsey.

The charges arose from investigations by the Oklahoma State Bureau of Investigation, the Federal Bureau of Investigation, the District 22 District Attorney Drug and Violent Crime Taskforce, the Seminole County Sheriff's Office, the Pontotoc County Sheriff's Office, the Pauls Valley Police Department, the Chickasaw Nation Lighthorse Police Department, and the Chickasaw Nation Emergency Management.

On August 31, 2022, Washington pleaded guilty to one count of Murder in Indian Country — Second Degree. As part of the plea, Washington admitted to murdering 17-year-old Faith Lindsey on October 27, 2019. According to investigators, on October 29, 2019, Lindsey's family called the Seminole County Sheriff's Office to report Lindsey as a missing person. During the investigation, law enforcement officers uncovered evidence of blood in two of Washington's automobiles as well as on a pair of sunglasses found in one of the vehicles. Law enforcement interviewed witnesses who reported that on the night Lindsey went missing, Washington admitted Lindsey "was dead" and "it was his fault." The crime occurred in Pontotoc County, within the boundaries of the Chickasaw Nation Reservation, in the

Assistant United States Attorney Ryan Conway represented the United States.

*Updated May 6, 2024*

**Topics**

**INDIAN COUNTRY LAW AND JUSTICE** | **VIOLENT CRIME**

**Components**

Federal Bureau of Investigation (FBI) | USAO - Oklahoma, Eastern

## Related Content

**PRESS RELEASE**

### Carter County Resident Pleads Guilty To Assault By Strangling

**MUSKOGEE, OKLAHOMA** – The United States Attorney's Office for the Eastern District of Oklahoma announced that Tyler Layne Gillispie, age 32, of Dickson, Oklahoma, entered a guilty plea to one...

April 21, 2026

Case 3:18-cv-00037-E Document 237 Filed 04/27/26 Page 36 of 53 PageID 5152



hanged to a tree and his body riddled with bullets. The Negro is believed to have been shot by one of the posses in search of his brother. Adams was killed in a quarrel with the three McKelvey brothers over the use of a road across the Adams plantation.

Nov. 29—*Princeton, Fla.:*
J. B. Harris, a nineteen-year-old Negro, was lynched by a mob near Princeton, following an alleged attack upon a white woman. He was identified by his victim and led into a nearby forest where, it was reported, the body was left hanging to a tree.

30—*Thomasville, Ga.:*
Unknown Negro accused of attacking a young white woman, lynched.

Dec. 5—*Holdenville, Okla.:*
An unidentified Negro, charged with an attack on a white woman 67 years old, was taken from the Hughes County jail at Holdenville by a mob of about 50 men and hanged to a telephone pole. His body was riddled with bullets.

8—*Ballinger, Texas:*
E. F. Lampson (white), was burned to death in his cabin after a posse had set fire to it following an all-night rifle and revolver battle and numerous attempts to dynamite the house. An attempt was being made to arrest Lampson for suspected insanity

—*Docrum, Ga.:*
Unknown Negro lynched as result of labor troubles.

10—*Santa Rosa, Cal.:*
George Boyd, Terence Fitts and Charles Valento (white), accused of having murdered Sheriff James A. Petray of Sonoma County and Detective Miles Jackson and Lester M. Dorman on December 5, were taken from the county jail and hanged, by a mob of about 100 men.

23—*Fort Worth, Texas:*
Thomas W. Vickery, white, held on a charge of murder in connection with the killing of Policeman Jeff C. Cook, on December 20, was taken from the county jail and hanged by a mob. Shots were fired into the victim's body.

23—*Purvis, Miss.:*
Following the finding of the body of Coleman Brown, an aged Negro preacher, hanging from a tree and riddled with bullets, soon after his release on bond in connection with the murder of a 14-year-old Negro girl, Sheriff Williamson announced that it is believed that Negroes are responsible for the lynching.

26—*Jonesboro, Ark.:*
Wade Thomas, shot and killed a policeman in a raid on a dice game December 25. He was taken from jail by a mob of 400 and after being paraded through the business streets of the town, was hanged to a telegraph pole near the scene of the crime.



SUMMARY

*By States*

| | |
|---|---|
| Alabama | 6 (1 white) |
| Arkansas | 1 |
| California | 3 (white) |
| Florida | 13 |
| Georgia | 8 |
| Kansas | 1 |
| Kentucky | 1 |
| Minnesota | 3 |
| Mississippi | 7 |
| Missouri | 1 |
| Montana | 1 (white) |
| North Carolina | 2 |
| Ohio | 1* |
| Oklahoma | 3 (1 white) |
| South Carolina | 1 |
| Tennessee | 1 |
| Texas | 10 (1 white) |
| Virginia | 1 |
| West Virginia | 1 (white) |
| Total | 65 |

*Manner of Lynching*

| | |
|---|---|
| Hanged | 31 |
| Shot | 15 |
| Burned | 8 |
| Drowned | 2 |
| Flogged to Death | 1 |
| Manner unknown | 8 |
| Total | 65 |

*Alleged Offenses*

| | |
|---|---|
| Murder | 24 |
| Assault on white woman (murderous) | 2 |
| Attack on white woman | 15 |
| Insulting white woman | 3 |
| Attempted attack on white woman | 1 |
| Attack on white boy | 1 |
| Stabbing white man | 2 |
| Assaulting white man | 3 |

* On steamer plying between Duluth, Minn., and Toledo, Ohio.

COURT'S EXHIBIT
Ex # 15

**From:** [redacted]
**To:** [redacted]
**Subject:** Photos
**Date:** Friday, April 24, 2026 2:44:25 PM

---

The New York Times

Read in the app

1

***OKLAHOMA NEGRO LYNCHED.; Taken From Jail After Alleged Attack on Aged White Woman.***

Sent from my iPhone

COURT'S EXHIBIT
Ex # 16

From: [redacted]
To:
Subject: Fwd: Freedman
Date: Friday, April 24, 2026 12:49:37 PM

Sent from my iPhone

Begin forwarded message:

[redacted]
Subject: Freedman




COURT'S EXHIBIT
Ex # 12

3:29 69

**Ezra Ishmael Young**
28.2K posts

Posts | Replies | Highlights | Videos | Photos

Ezra Ishmael Young reposted



**Rebecca Nagle** @rebeccan... · 8/6/25

Two weeks ago today, the Supreme Court of Muscogee Nation affirmed the citizenship rights of freedmen descendants. After decades of disenfranchisement, freedmen descendants are now eligible for tribal citizenship. How did we get here? Here's a little history lesson 🧵:

2 102 354 13K

Sent from my iPhone

COURT'S EXHIBIT
Ex # 18




Sent from my iPhone

COURT'S EXHIBIT

Ex # 19

**From:** [redacted]
**To:**
**Subject:** Please print
**Date:** Monday, April 27, 2020 1:00:44 PM
**Attachments:** [illegible]

---

[redacted]

5:32 5G E 45

← **Ezra Ishmael Young** **Follow**
25.7K posts

**Posts** **Replies** **Highlights** **Videos** **Photos**



♡ 3 104

**Judge Stephen Dillard** @J... · 5/10/25 ···
It's official! Thank you for everything @DukeLaw and @BolchJudicial.




COURT'S EXHIBIT
Ex # 20



15 4 129 5.5K

**Ezra Ishmael Young** @ezrai... · 5/11/25
🥳🥳🥳

1 55

[redacted]

4:05 81

**Judge Stephen Dillard** · 5/30/24
Sirius in Durham.



[redacted] [redacted]
To:
Subject: Photo to print
Date: Monday, April 27, 2026 12:06:48 PM
Attachments: [illegible]
[illegible]



Looks like he might benefit from some @DukeU swag. shop.duke.edu/Duke-Dog-Mesh-...

Post your reply

4:05

81



**Judge Stephen Dillard** · 5/30/24

Sirius in Durham.



Case 3:18-cv-00037-E Document 237 Filed 04/27/26 Page 45 of 53 PageID 5171



2 1 32 1.3K

**Ezra Ishmael Young**
@ezraiyoung

Looks like he might benefit from some @DukeU swag. shop.duke.edu/Duke-Dog-Mesh-...

Post your reply

20+

Sent from my iPhone

**From:** [redacted]
**To:**
**Subject:** Fwd: Thurgood and brown
**Date:** Friday, April 24, 2026 12:47:01 PM
**Attachments:** [illegible]

---

Sent from my iPhone

Begin forwarded message:

[redacted]

**Subject: Thurgood and brown**

12:25 94

1 1 20

**Ezra Ishmael Young**
@ezraiyoung

X.com

Found this old but great photo. Might I introduce you to Thurgood as Thurgood Marshall, fresh off his win in Brown v Board. Best Halloween costume ever. (Yes, he won the contest at the dog play place.)

COURT'S EXHIBIT
Ex # 21






Post your reply

20+

Sent from my iPhone

From: [redacted]
To:
Subject: Please print
Date: Monday, April 27, 2026 12:10:47 PM
Attachments: [illegible]

---

3:51 77

Ezra Ishmael Young
28.2K posts

Follow

Posts Replies Highlights Videos Photos

**Ezra Ishmael Young** @ezrai... · 11/1/25

Thurgood archives. Halloween 2018.






1 54

3:51

Ezra Young

**Happy Dogs at McCarren Park** is at **Happy Dogs at McCarren Park.**
Oct 31, 2018 ·

Justice Thurgood Marshall hot off the heels of his Brown v. Board of Education win, keeping the Peace, Championing Education and lookin pawsitively scholarly 🤓





Follow Message

Home Reels Friends Marketplace Notifications Menu

12:25

1 1 20



**Ezra Ishmael Young**
@ezraiyoung

X.com

Found this old but great photo. Might I introduce you to Thurgood as Thurgood Marshall, fresh off his win in Brown v Board.

Best Halloween costume ever. (Yes, he won the contest at the dog play place.)




Post your reply

20+

From: [redacted]
To:
Subject: [illegible]
Date: [illegible]
Attachments: [illegible]

---

Sent from my iPhone

Begin forwarded message:

[redacted]
Subject: [illegible]

COURT'S EXHIBIT
Ex # 22

5:46

August 27
5:04 PM

Posts | Replies | Highlights | Videos | Photos

**pseudo-nigga** @faggyforthee · 7/7/25
he's 15, queer and his dad put him out of the house :( like idk what to do but i want to help

> **pseudo-nigga** @faggyforth... · 7/7/25
> boy outside of taco bell looked sad and he asked me for a meal i wanted to cry 😭 like ofc! you can get the whole menu :((

61 · 2.2K · 80K · 1.9M

Show this thread

**pseudo-nigga** @faggyforthee · 7/7/25
i should've got his number. i drove back around to try to find him but he was gone. i'm for sure gonna be keeping an eye out for him

1 · 21 · 2.4K

**Ezra Ishmael Young** @ezraiy... · 7/9/25
Good on you. Thanks for trying to help the kid.

48

# Writ of Mandamus

## *In re Cheryl Butler and Ezra Ishmael Young (5th Cir.)*

- Petition for Writ of Mandamus (Dec. 2025) [pdf]
- Appendix Vol. 1 (Dec. 2025) [pdf]
- Appendix Vol. 2 (Dec. 2025) [pdf]
- Appendix Vol. 3 (Dec. 2025) [pdf]
- Opposition to Petition for Writ of Mandamus (Dec. 2025) [pdf]
- Appendix Vol. 4 (Dec. 2025) [pdf]
- Petitioners' Rule 28(j) Letter (Dec. 2025) [pdf]
- Petitioners' Request to file Rule 28(j) Reply (Jan. 2026) [pdf]
- Order granting Rule 28(j) Reply (Jan. 2026) [pdf]

COURT'S EXHIBIT
Ex # 23

Sent from my iPhone

# ECF 239

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHERYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00037-E |
| | § | |
| JENNIFER M COLLINS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**ORDER**

## I. Authority and Findings

This Order is entered pursuant to Federal Rules of Civil Procedure 26(c)(1) and 5.2(d)–(e), Federal Rule of Evidence 412, Northern District of Texas Local Civil Rules 79.3 and 79.4, Northern District of Texas Miscellaneous Order 61-1, and the Court's inherent authority.

On April 24, 2026, the Court held a Show Cause Hearing addressing attorney Mr. Ezra Young's compliance with prior orders of this Court, including, but not limited to Mr. Young's failure to comply with this Court's orders governing sealed materials. *See* Court's Nov. 17, 2025, Order to Seal [ECF No. 205] and the Court's April 22, 2026, Order to Show Cause [ECF No. 229]. The April 24, 2026, hearing included testimony and evidence concerning a non-party, including allegations of sexual assault. The transcript contains highly sensitive, personally identifying, and non-public information.

Public disclosure would create a substantial risk of harm to the non-party, including invasion of privacy and potential harassment. Protecting individuals from disclosure of sensitive sexual misconduct allegations constitutes a compelling interest. *See Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 607–08, 102 S. Ct 2613, 73 L.Ed.2d 248 (1982); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

This Court recognizes the public's right of access to judicial records. In 1978, the Supreme Court said it was "clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). That right is not absolute and must be balanced against competing interests.

> [E]ven under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But "[m]ost litigants have no incentive to protect the public's right of access." That's why "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing."

*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir 2021)(internal citations omitted).

Balancing those interests, the Court finds that sealing the April 24, 2026, hearing transcript is necessary to serve compelling interests, including protection of a non-party and prevention of misuse of sensitive information. The Court further finds that the relief ordered is narrowly tailored and that less restrictive alternatives, including redaction, are not adequate at this stage. *See June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 519–21 (5th Cir. 2022).

The Court has considered less restrictive alternatives to sealing, including redaction. The non-party witness's declarations submitted in camera have been partially redacted. However, the Court finds that even in redacted form, those materials contain sensitive information that could permit identification of the non-party or disclose intimate details of the allegations. The transcript at issue presents an even greater risk of disclosure. Unlike the written declarations, it reflects live testimony and contextual information that cannot be effectively anonymized without compromising the integrity of the record. The Court therefore concludes that redaction alone is not sufficient at this stage and that continued sealing is necessary to protect the interests identified.

The Court also finds that the transcript qualifies as a **highly sensitive document** under Northern District of Texas Miscellaneous Order 61-1 and warrants handling outside standard electronic access procedures.

## II. Order

It is **ORDERED**:

The transcript of the April 24, 2026, Show Cause Hearing is **FILED UNDER SEAL**. The Clerk is DIRECTED to docket the transcript using the appropriate sealed/restricted CM/ECF event so that: 1) the existence of the transcript appears on the docket; 2) the document itself is not accessible to the public; and 3) access is limited to authorized users only. Additionally, the transcript shall be treated as a highly sensitive document.

The Clerk is DIRECTED to maintain the transcript in a manner that prevents public electronic access and limits dissemination, consistent with Miscellaneous Order 61-1. Additionally, access to the transcript is limited to parties and individuals authorized by the Court. Review may occur

**only at the Clerk's Office**, upon reasonable advance notice, and in the presence of Court personnel. No copies, photographs, scans, or electronic reproductions may be made. No electronic devices may be used to record or transmit the contents of the transcript during review. This Order also applies to the non-party witness declarations filed in camera. Within 90 days, the non-party may move for redaction or to proceed under a pseudonym. Any party may propose limited redactions. The Court will determine whether continued sealing or partial unsealing is appropriate. The transcript shall remain sealed until further order of the Court. Violations of this Order may result in sanctions, including contempt.

## III. Conclusion

The Court finds that sealing and restricted access are necessary to serve compelling interests and that these actions are narrowly tailored to those interests.

**SO ORDERED.**

4th day of May, 2026.

ADA BROWN
UNITED STATES DISTRICT JUDGE